IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Each individually and on Behalf of ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>1:19-CV-4466-LMM |

**EMERGENCY MOTION TO STRIKE, DENY WITHOUT PREJUDICE, OR STAY**

Defendant Publix Supermarkets, Inc. moves to strike or deny without prejudice Plaintiffs' Motion for Conditional Certification in this Fair Labor Standards Act case. (Doc. No. 9). In the alternative, Publix requests a stay of its deadline to respond to Plaintiffs' certification motion until 14 days after this Court rules on Publix's motion to strike or deny.

## Introduction

Plaintiffs, current and former deli and bakery department managers for Publix, claim that Publix misclassified their jobs under the Fair Labor Standards Act and failed to pay them overtime wages. Just six days after filing suit, and only one day

after Publix waived service, Plaintiffs moved to conditionally certify a proposed collective of allegedly similarly situated managers. In this case's short life, Plaintiffs have already proposed three different definitions for their collective—one in the original complaint, one in the amended complaint, and yet another in their motion for conditional certification.

Because of the quirky interaction of two procedural rules, neither of which anticipated the current situation, Publix must respond to Plaintiffs' certification motion before it answers or responds to the amended complaint. That cart-before-the-horse situation risks this Court and the parties wasting resources on a motion that may well be mooted depending on Publix's response to the Amended Complaint, and denies Publix its right to answer or move to dismiss the claims against it before moving forward with this litigation.

This Court thus should deny Plaintiffs' motion for conditional certification without prejudice to refile it within 14 days after Publix answers or otherwise responds. Alternatively, this Court should allow Publix to file its opposition to conditional certification within 30 days after the Court rules on this motion to deny or strike. Because this motion involves Publix's pressing deadline to respond to Plaintiffs' motion to certify a nationwide collective, Publix asks the Court to treat this motion as an emergency under Local Rule 7.2(B).

**Background**

Plaintiffs filed suit on October 3, 2019. (Doc. 1). Publix waived service, which triggered an answer deadline of December 2, 2019. (Doc. 6). Six days later, Plaintiffs used their one free do-over and filed an amended complaint. (Doc. 4). That pleading expanded the scope of the proposed collective from salaried department managers and assistant managers at Publix's Georgia stores, to those managers nationwide. (*Compare* Doc. 1 at 8, *with* Doc. 4 at 8. Publix again waived service, triggering a new answer deadline of December 8, 2019. (Doc. 7).

One day after amending their complaint, Plaintiffs moved to conditionally certify a collective. (Doc. 9). But the definition of the collective in the motion does not match the definition in the Amended Complaint. In the latter, Plaintiffs define the proposed collective as all salaried Publix department managers and assistant managers across the country (Doc. 4 at 8), while in their motion Plaintiffs seek certification "of a class consisting of all salaried bakery or deli department managers nation-wide." (Doc. 9 at 3).

Publix's deadline to respond to Plaintiffs' motion to certify is October 24, 2019. But it's deadline to answer or respond to the Amended Complaint itself—the pleading that underlies Plaintiffs' claims and relief sought—is not until December 8, 2019.

## Argument

Plaintiffs' ever-shifting proposed collective definition, paired with the swirl of deadlines occasioned by moving for conditional certification before Publix answers or moves to dismiss, counsels denying without prejudice Plaintiffs' certification motion.

Local Rule 7.1(B) requires responses to motions no later than 14 days after their filing.  And Federal Rule of Civil Procedure 4(d)(3) affords defendants who waive service 60 days to answer or respond after so waiving.  Together, those rules mandate a response to Plaintiffs' motion for conditional certification by October 24, 2019, but no answer or motion to dismiss the Amended Complaint until December 8, 2019.

The wasteful consequences of litigating the motion before answering or moving to dismiss are readily apparent.  Imagine what will happen if the deadlines remain as is, and Publix responds to the motion, Plaintiffs reply, and the Court rules on the motion, all before Publix responds to the Amended Complaint.  If Publix then moves to dismiss the amended complaint and its proposed collective of all salaried department managers, and the Court agrees with Publix, the conditionally certified collective—and all of Publix's and the Court's resources spent address the certification motion—will be mooted by the death of the complaint.  *White v. Baptist*

*Mem'l Health Care Corp.*, 699 F.3d 869, 877–78 (6th Cir. 2012) (decertifying FLSA collective action because plaintiff's FLSA claims were dismissed); *Whaley v. Henry Ford Health Sys.*, 172 F. Supp. 3d 994, 1006 (E.D. Mich. 2016) (denying as moot plaintiff's motion for conditional certification because motion to dismiss defeated both of plaintiff's FLSA claims).  Even if the Court does not rule on the motion for certification before Publix responds to the complaint, a ripe motion will (absent extensions of time) exist by the time Publix's December deadline arrives.  Here again, if Publix moves to dismiss and succeeds, the resources spent litigating the certification motion will have been wasted.  Denying Plaintiffs' motion, without prejudice to refiling at a more appropriate time, avoids that risk and causes Plaintiffs no prejudice.

Even if Publix answers instead of moving to dismiss, the differing collective definitions in the Amended Complaint and certification motion create a chaos that fully litigating the motion prior to an answer only amplifies.  Should the Court conditionally certify the collective requested, this case could well contain an operative pleading that defines the collective one way, yet notice will go out to a different set of people, many of whom will not, per the Amended Complaint, possess claims against Publix.  That scenario alone creates enough due process issues to give even Plaintiffs pause.

This Court has long recognized that class certification should not precede a defendant's answer. Indeed, Local Rule 23.1 requires plaintiffs seeking certification of class actions to file their certification motions 30 days "after all defendants have filed an answer to the complaint" when "one or more defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12 in lieu of an answer." For the precise reasons Publix advocates here, this Court has relied on L.R. 23.1 to justify the precise relief that Publix seeks. In *Powell v. Barrett*, for instance, the plaintiffs moved for Rule 23 class certification after moving to amend and add new classes to a previously amended complaint that defendants had moved to dismiss. No. 1:04-CV-1100-RWS, 2005 WL 8163273, at *4 (N.D. Ga. Jan. 13, 2005) (Story, J.). Like here, the certification motion landed before the Court ruled on the motions to dismiss. *Id.* Given the new classes unaddressed by the certification motion and defendants' outstanding motions to dismiss, this Court found "that its resources, and those of the parties, would be efficiently and best conserved if the Plaintiffs were to" resubmit the motion for class certification after the defendants responded to the latest amended complaint. *Id.* To achieve that efficiency and conservation, this Court denied Plaintiffs' certification motion with the right to refile thirty days after all defendants answered. *Id.*

The FLSA's collective action mechanism and Rule 23 are not the same for many reasons. *See Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1342 (N.D. Ga. 2007) (Pannell, J.) ("Rule 23 provisions do not apply to Section 16(b) collective actions."). But as this Court recognized in *Maddox*, the concerns underlying Rule 23 often exist in the FLSA collective action context and can thus motivate consonant court action. *See id.* (restricting FLSA plaintiffs' pre-certification communications with putative collective members because the risks of misrepresentation animating Local Rule 23.1(C)(3)(b) applied equally in collective action context). After all, whenever a plaintiff, whether in a class action under Rule 23 or a collective under § 216(b), moves for certification prior to the defendant's response to a pleading, a very real risk exists that the court and parties will spend precious resources litigating issues that subsequent events will render moot. Even if the Court declines to apply Local Rule 23.1 to this FLSA matter, it should recognize that the principles animating that rule exist here and grant Publix's motion to strike or deny.

## **Conclusion**

For these reasons, Plaintiffs' certification motion should be denied without prejudice to refiling thirty days after Publix answers or responds to the Amended Complaint. In the alternative, Publix asks that it be allowed to respond to Plaintiffs'

motion for certification 14 days after entry of an order on this motion to strike or deny.

| | |
|---|---|
| Date: October 14, 2019 | Respectfully submitted,<br><br>SEYFARTH SHAW LLP<br><br>By <u>s/ Brett C. Bartlett</u><br>    Brett C. Bartlett<br>    Georgia Bar No. 040510<br>    Lennon B. Haas<br>    Georgia Bar No. 158533<br>    SEYFARTH SHAW LLP<br>    1075 Peachtree St. NE, Suite 2500<br>    Atlanta, Georgia 30309-3958<br>    Telephone: (404) 885-1500<br>    bbartlett@seyfarth.com<br>    lhaas@seyfarth.com<br><br>COUNSEL FOR DEFENDANT PUBLIX SUPERMARKETS, INC. |

# IN THE UNITED STATES DISTRICT COURT
# FOR NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Each individually and on Behalf of ALL OTHERS SIMILARLY SITUATED,<br><br>   Plaintiffs,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC,<br><br>   Defendant. | CIVIL ACTION FILE NO. 1:19-CV-4466-LMM |

## **CERTIFICATE OF SERVICE**

I certify that on October 14, 2019, I electronically filed DEFENDANT'S EMERGENCY MOTION TO STRIKE, DENY WITHOUT PREJUDICE, OR STAY with the Clerk of Court using the CM/ECF system, which will automatically send email notification of this filing to all counsel of record.

                                            s/ Brett C. Bartlett
                                            Counsel for Defendant