IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Each individually and on Behalf of ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC.<br>    Defendant. | Civil Action No.: 1:19-cv-4466 LMM |

# **MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO TOLL LIMITATIONS PERIOD FOR PUTATIVE COLLECTIVE MEMBERS**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. LEGAL STANDARD ........................................................................................ 3

III. ARGUMENT ................................................................................................... 4

    A. Plaintiffs have been Diligent in Pursuing the Rights of Putative Collective Members .................................................................................................... 4

    B. Extraordinary Circumstances Support Equitable Tolling ............................ 5

IV. CONCLUSION ................................................................................................ 7

## TABLE OF AUTHORITIES

Page

**CASES**

*Antonio-Morales v. Bimbo's Best Produce, Inc.*,
  No. CIV.A.8:5105, 2009 WL 1591172 (E.D. La. Apr. 20, 2009) ........................3

*Byrd v. Dist. of Columbia*,
  807 F. Supp. 2d 37 (D.D.C. 2011) .....................................................................3

*Dyson v. Dist. of Columbia*,
  710 F.3d 415 (D.C. Cir. 2013) ...........................................................................4

*Grayson v. K Mart Corp.*,
  79 F.3d 1086 (11th Cir. 1996) ...........................................................................3

*\*Hoffman-La Roche Inc. v. Sperling*,
  493 U.S. 165 (1989) .......................................................................................3, 5

*\*Holland v. Florida*,
  560 U.S. 631 (2010) ...........................................................................................4

*Iavorski v. U.S. Immigration & Naturalization Serv.*,
  232 F.3d 124 (2d Cir. 2000)...............................................................................3

*Irwin v. Dep't of Veterans Affairs*,
  498 U.S. 89 (1990) ............................................................................................4

*\*Kellgren v. Petco Animal Supplies, Inc.*,
  No. 13cv644-L (KSC), 2014 WL 2558688 (S.D. Cal. June 6, 2014) .................5

*Kiwanuka v. Bakilana*,
  844 F. Supp. 2d 107 (D.D.C. 2012) ...................................................................3

## TABLE OF AUTHORITIES

*Lee v. ABC Carpet & Home*,                                                                                   Page
   236 F.R.D. 193 (S.D.N.Y. 2006) ...............................................................................6

*Menominee Indian Tribe of Wis. v. United States*,
   --- U.S. ---, 136 S. Ct. 750 (2016) ...........................................................................4

*Norman v. United States*,
   377 F. Supp. 2d 96 (D.D.C. 2005) ..........................................................................4

*Ruffin v. Entm't of the E. Panhandle*,
   No. 3:11-CV-19, 2012 WL 28192 (N.D. W. Va. Jan. 5, 2012) ............................5

*United States v. BCCI Holding (Luxembourg), S.A.*,
   916 F. Supp. 1276 (D.D.C. 1996) ...........................................................................4

*Vetri v. Bldg. Serv. 32B-J Pension Fund*,
   393 F.3d 318 (2d Cir. 2004) ....................................................................................3

*Weaver v. Bratt*,
   421 F. Supp. 2d 25 (D.D.C. 2006) ..........................................................................6

*Webb v. United States*,
   66 F.3d 691 (4th Cir. 1995) .....................................................................................6

*Yahraes v. Rest. Assocs. Events Corp.*,
   No. 10-CV-935 (SLT), 2011 WL 844963 (E.D.N.Y. Mar. 8, 2011) ...............5, 6

*Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982) .........................................6

## STATUTES

29 U.S.C. § 216(b) .......................................................................................................2

29 U.S.C. § 256(b) ...................................................................................................2, 3

Fair Labor Standards Act (FLSA), 29 U.S.C.§ 201 et seq. ............................1, 2, 5, 7

IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Each individually and on Behalf of ALL OTHERS SIMILARLY SITUATED<br><br>    Plaintiff,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC.<br>    Defendant. | Civil Action No.: 1:19-cv-4466 LMM |

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO TOLL LIMITATIONS PERIOD FOR PUTATIVE COLLECTIVE MEMBERS

**To United States District Judge Leigh Martin May:**

### I. INTRODUCTION

Plaintiffs Takia Walton, Danyell McHardy, George De La Paz Jr., Kevin Jacobs, Feona Dupree and Opt-in Plaintiffs Michael Adesiyan, Charles Bryant and Kristie McNair (collectively, Plaintiffs) have sought an order conditionally certifying a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C.§ 201 *et seq.*, and providing notice to the following collective:

> All individuals employed by Publix as salary-paid Bakery Department Managers (BMs), salary-paid (DMs) Deli Managers and equivalent salary-paid positions (EPs) at its store locations

1

> nation-wide between October 3, 2016, and continuing through the date of judgment. The lawsuit alleges that all of these BMs, DMs and EPs are owed overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., for all hours they worked over forty (40) hours per week.

Dkt. 14; 29 U.S.C. § 216(b).[1] Prior to the filing of the Motion for Conditional Class certification, the undersigned counsel and defendant's counsel attempted to negotiate a tolling agreement that would protect the putative class against further claim erosion. The Motion for Conditional Class Certification was filed on October 3, 2019 and will be ruled on at an undetermined date. On October 15, 2019, Defendant filed a Motion to Strike or Deny Without Prejudice or Stay, which essentially aims to delay a full briefing on Plaintiff's Motion for Conditional Class Certification to allow for further claim erosion. The time spent unsuccessfully negotiating a tolling agreement and the time anticipated to lapse before a ruling on the pending Motion for Conditional Class Certification and Defendant's Motion to Strike has and will continue to diminish the value of potential claims by hundreds of thousands of dollars in unpaid overtime wages.

This Court has within its discretionary authority the ability to protect the putative class against further claim erosion by immediately adjudicating Plaintiff's Motion for Conditional Certification, and tolling the running of the limitations period for all individuals who may become part of Plaintiffs' requested collective. Tolling is critical in FLSA collective actions because the limitations period for each putative collective member continues to run—and their claim continues to diminish or even become obsolete—until they file a Consent Form opting in

---

[1] For additional facts and information about their conditional certification request, Plaintiffs incorporate by reference their Motion for Conditional Certification, Dkt. 9.

to the lawsuit. *See* 29 U.S.C. § 256(b). Therefore, putative collective members face a situation in which they would be prejudiced even though they had acted with all available diligence. Plaintiffs therefore request that the Court toll the limitations period for each putative collective member from the date this Motion is filed until 90 days after Notice has issued.

## II. LEGAL STANDARD

Equitable tolling applies to claims brought under the FLSA, a remedial statute. *See Kiwanuka v. Bakilana*, 844 F. Supp. 2d 107, 118 (D.D.C. 2012); *cf. Byrd v. Dist. of Columbia*, 807 F. Supp. 2d 37, 59 (D.D.C. 2011) (explaining that, in a Title VII case, the remedial purpose of the statute permitted equitable tolling). The remedial benefits inherent in the FLSA cannot be realized if the employees who suffered unlawful activity do not receive timely notice of the collective action and of their opportunity to opt-in. *See Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Courts therefore apply the doctrine of equitable tolling "as necessary to avoid inequitable circumstances" and "to prevent unfairness to a plaintiff who is not at fault for her lateness in filing"; this is particularly true in cases where absent collective members may face injustice before they have an opportunity to join the case, such as where their claim expires or substantially diminishes before the collective has been conditionally certified. *See, e.g.*, *Iavorski v. U.S. Immigration & Naturalization Serv.*, 232 F.3d 124, 129 (2d Cir. 2000); *Vetri v. Bldg. Serv. 32B-J Pension Fund*, 393 F.3d 318, 322 (2d Cir. 2004); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996); 29 U.S.C. § 256(b). Equitable tolling should be granted "to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions." *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. CIV.A.8:5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (collecting cases).

To access this doctrine, Plaintiffs must show that they "diligently" pursued their rights and that "extraordinary circumstances" exist to support the request for tolling. *See Dyson v. Dist. of Columbia*, 710 F.3d 415, 421-22 (D.C. Cir. 2013).

### III. ARGUMENT

**A. Plaintiffs have been Diligent in Pursuing the Rights of Putative Collective Members**

"The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence." *Holland v. Florida*, 560 U.S. 631, 653 (2010) (internal citations and quotation marks omitted). "[T]he diligence prong . . . covers those affairs within the litigant's control." *See Menominee Indian Tribe of Wis. v. United States*, --- U.S. ---, 136 S. Ct. 750, 756 (2016). It is a fact-specific inquiry. *United States v. BCCI Holding (Luxembourg), S.A.*, 916 F. Supp. 1276, 1284-85 (D.D.C. 1996) (noting that "extremely cautious measures" such as "fil[ing] protective claims as a precautionary measure" are not necessary to demonstrate diligence). Tolling has been denied where, for example, a plaintiff fails to investigate the facts or statute of limitations applicable to his claim or otherwise commits excusable neglect. *See, e.g.*, *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (denying tolling for "garden variety claim of excusable neglect"); *Norman v. United States*, 377 F. Supp. 2d 96, 101 (D.D.C. 2005) (denying tolling for failure to investigate).

Plaintiffs—some of whom are current employees of Publix subject to the illegal practices at issue in this lawsuit—have acted with reasonable diligence in filing their lawsuit and seeking conditional certification of the collective action claims within 90 days of filing the complaint.

*See* Dkt. 1 & 9. Plaintiffs filed the present motion within one month of their unsuccessful attempt to negotiate an equitable tolling agreement and resolution with Defendant. This Motion for equitable tolling is intended to protect the rights of the putative collective members, who are without ability to protect their own rights within this litigation until a collective has been conditionally certified. Plaintiffs have acted with diligence in their attempts to preserve the claims of putative class members. Therefore, the Court should grant Plaintiffs' modest request for equitable tolling of the collective action claims under the FLSA.

### B. Extraordinary Circumstances Support Equitable Tolling

Courts routinely find that delays occurring through no fault of the party present a sufficient basis for equitable tolling, particularly where such tolling will avoid extinguishing class members' claims before they receive the "accurate and timely notice" required by the Supreme Court. *See Hoffmann-La Roche Inc.*, 493 U.S. at 170. This is especially true in the context of delays associated with motion practice: "[t]he delay caused by the time required for a court to rule on a motion . . . may be deemed an extraordinary circumstance justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Assocs. Events Corp.*, No. 10-CV-935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. Mar. 8, 2011) (collecting cases); *see also Kellgren v. Petco Animal Supplies, Inc.*, No. 13cv644-L (KSC), 2014 WL 2558688, at *4-5 (S.D. Cal. June 6, 2014) (equitably tolling statute of limitations where delay caused by early motion practice would unfairly prejudice potential collective members); *Ruffin v. Entm't of the E. Panhandle*, No. 3:11-CV-19, 2012 WL 28192, at *2-3 (N.D. W. Va. Jan. 5, 2012) (equitably

tolling in light of delays due to motion practice).[2]

In *Lee v. ABC Carpet & Home*, the court specifically explained that motion practice can serve as "exceptional circumstances" supporting equitable tolling and that tolling is in the "interest of fairness" to potential collective members who had not yet been afforded an opportunity to opt into the action. 236 F.R.D. 193, 200 (S.D.N.Y. 2006) (tolling granted where court had ordered parties to put their collective action motion "on hold" pending resolution of summary judgment motion, which thus delayed ruling on notice for several years). Similarly, in *Yahraes*, the court determined that tolling would be fair to absent collective members and not prejudicial to defendants, who were put on notice in the initial complaint of the potential collective action claims and their limitations periods. *See* 2011 WL 844963, at *2-3.

Delays engendered by the adjudication of the pending Motion for Conditional Class Certification and Defendant's Motion to Strike indefinitely stall class certification and thereby erode the claims of putative class members (through no fault of their own). In the interests of fairness, this Court should toll the limitations period to protect these individuals and to provide the Court sufficient time to rule on the pending motions. These fairness concerns carry extra weight here, because the doctrine of equitable tolling honors "the remedial purpose of the legislation as a whole." *Webb v. United States*, 66 F.3d 691, 696 (4th Cir. 1995) (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 398 (1982)).

Tolling will not unduly prejudice Publix. Publix has been aware of the collective action

---

[2] Courts also grant equitable tolling for other situations involving similar administrative delay. See, e.g., Weaver v. Bratt, 421 F. Supp. 2d 25, 38 (D.D.C. 2006) (noting that the D.C. Circuit allows tolling for "delay caused by a court's administrative procedures").

allegations—and their limitations periods—since Plaintiffs began discussing tolling, settlement and pay data on July 24, 2019.  Tolling the statute of limitations will not alter Publix's exposure or unfairly surprise it with new claims; instead, it will only preserve the existing claims while allowing Publix to adequately protect its own interests and contest the sufficiency of Plaintiffs' current claims against it. Tolling is therefore the fairest outcome for both parties.  Permitting the limitations period for putative collective members to continue running because of the pending Motion for Conditional Class Certification would allow defendant to have improper control over the viability of putative collective members' claims.  Defendant could diminish these collective claims—and their own liability—by engaging in further motion practice, whether proper or improper. Equitable tolling will ensure protection of the putative class members' significant interest in preserving their claims and will impose no surprise or undue prejudice on Publix.

The only prejudice here would be suffered by the putative collective members, who may not be aware of their opportunity to participate in this case until they receive a future notice. These workers' claims are diminishing with every passing day as the statute of limitations continues to run, and their claims may soon be lost altogether due to factors out of their control. For these reasons, the putative collective members' FLSA claims should be tolled from the filing of this Motion until such time as the Court issues an opinion on Plaintiffs' Motion for Conditional Certification.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Toll the Limitations Period for Putative Collective Members should be granted, and the limitations period should be tolled from the date

this Motion is filed until 90 days after Notice has issued.

Dated: October 17, 2019                    Respectfully submitted,

                                                                  By:  /s/Arnold Lizana
                                                                  Arnold Lizana
                                                                  GA Bar No.: 698758
                                                                 Law Offices of Arnold J. Lizana III P.C.
                                                                 1175 Peachtree Street NE, 10th Floor
                                                                 Atlanta, GA 30361
                                                                T: 877-443-0999
                                                                F: 877-443-0999
                                                                alizana@attorneylizana.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 17th day of October 2019, I filed this document Plaintiffs' Motion to Toll the Limitations Period for Putative Collective Members with the Clerk of the Court using the ECF, and served a copy by email to the following:

Brett C. Bartlett
SEYFARTH SHAW LLP.
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
bbartlett@seyfarth.com
COUNSEL FOR DEFENDANT
PUBLIX SUPERMARKETS, INC.

                                                                   s/Arnold Lizana
                                                                    Counsel for Plaintiffs

## STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Counsel for Plaintiff certifies that the foregoing Motion complies with the requirements of Local Rule 5.1(c).

                                                                   s/Arnold Lizana
                                                                    Counsel for Plaintiffs