IN UNITED STATES DISTRICT COURT
FOR NORTHERN  DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Each individually and on Behalf of ALL OTHERS SIMILARLY SITUATED | Civil Action No.: 1:19-cv-4466 LMM |
| Plaintiff, | |
| v. | |
| PUBLIX SUPERMARKETS, INC. Defendant. | |

## PLAINTIFFS' AMENDED MOTION FOR CONDITIONAL CERTIFICATION AND ISSUANCE OF NOTICE WITH MEMORANDUM OF LAW IN SUPPORT

COMES NOW PLAINTIFFS, by and through undersigned counsel, and hereby move the Court for entry of an order (i) conditionally certifying this lawsuit as a collective action under Section 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), (ii) ordering Defendant to produce last known contact information for the putative class of opt-in plaintiffs within twenty (20)

days of the Court's order on certification, and (iii) approving the proposed "Notice of Rights to Join Publix Overtime Lawsuit," attached hereto as Ex. 8, and the proposed "Consent to Join Publix Overtime Lawsuit," attached hereto as Ex. 9, for distribution to the putative class of opt-in plaintiffs.

This motion should be granted because the members of the proposed class are not only "similarly situated," as is the applicable standard, they are identically situated with respect to the issues relevant to this action.

## MEMORANDUM OF LAW IN SUPPORT OF MOTION

### I.   PRELIMINARY STATEMENT

This case primarily involves two job positions - bakery and deli department managers and assistant managers - working in multiple business locations but performing the same job duties, and subject to the same unlawful policies of misclassification and denial of overtime wages. Specifically, Plaintiffs Takia Walton, Danyell McHardy, George De La Paz Jr., Kevin Jacobs and Feona Dupree ("Plaintiffs"), as well as opt-in plaintiffs Michael Adesiyan, Kristie McNair and Charles Bryant[1] ("opt-in plaintiffs"), worked as department managers for Defendant Publix Supermarkets, Inc.("Defendant"), all performing the same job

---

[1] Charles Bryant was a former department manager. His last position at Publix was a salaried assistant bakery department manager in which he performed essentially the same job duties as bakery department managers, and was misclassified as exempt to avoid paying him overtime. See Ex. 6 (Bryant Dec. at ¶¶ 3, 6-10, 16-21)

2

duties. Defendant improperly classified all Plaintiffs as exempt and, consequently, failed to pay them overtime wages.

Plaintiffs in this wage and hour action now seek conditional collective certification pursuant to Section 216(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, et seq., for the purpose of providing notice to potential plaintiffs. Specifically, Plaintiffs make this Motion for conditional certification of a class consisting of *all Publix Bakery and Deli department Managers and Assistant Managers nation-wide, who were misclassified as exempt salaried employees, performed mostly manual labor and were not paid at the proper overtime rate for hours worked more than forty (40) hours in any week within three (3) years prior to the inception of this lawsuit,* for authorization of judicial notice to all class members of this lawsuit, and, in order to facilitate notice, production by Defendant of an electronic list of class members and class members' most recent contact and identifying information.

The standard Plaintiffs must meet to win conditional certification and court-facilitated notice is extremely minimal under the FLSA.  Plaintiffs need only demonstrate that they are "similarly situated" to the potential plaintiffs, with courts in this District requiring simply "some rudimentary showing of commonality between the basis for [plaintiffs'] claims and that of the potential claims of the

proposed class..." *Scott v. Heartland Home Finance, Inc.*, 1:05-CV-2812-TWT, 2006 WL 1209813, at * 2 (N.D. Ga. May 3, 2006). Indeed, that courts make this determination using such a lenient standard typically results in conditional certification of the proposed collective. *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 342 (N.D. Ga. 2007) (citing *Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

Here, given that the identified department managers perform the same job duties and are all subject to Defendant's blanket classification of department managers as exempt and failure to pay overtime wages, Plaintiffs can easily demonstrate that they are similarly situated with the potential plaintiffs to whom they seek to send notice. Many of these potential plaintiffs remain unknown to Plaintiffs and Plaintiffs' Counsel and may remain so without notice of this lawsuit and, through such notice, information that Defendant's retaliatory actions are illegal.

Further, prompt judicial notice will give these individuals the opportunity to join this lawsuit while they still have claims that are not time-barred. See 29 U.S.C. § 255(a) (providing a short three-year statute of limitations on FLSA claims); *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996) (indicating statute

not tolled for individual opt-in plaintiffs until they file consent forms with the court). Thus, without notice, potential plaintiffs will be severely prejudiced.

Plaintiffs' proposed notice is attached as Exhibit 8.  Plaintiffs respectfully request that the Court approve this notice and order Defendant to provide contact information for all potential plaintiffs. Specifically, Plaintiffs request that Defendant provide an updated computer-readable data file containing the names, job title, last known mailing addresses, email addresses, telephone numbers, dates of employment, location of employment, and the last four digits of the Social Security numbers of all current and former bakery and deli department managers and assistant managers who have worked at Publix during the three year period preceding the lawsuit. For the reasons described above and detailed herein, the Court should grant Plaintiffs' Motion.

## II.   FACTUAL BACKGROUND

### A. THE PARTIES

Defendant is a national grocery store chain operating approximately 1,229 store locations in various Southeastern states, including Georgia, Florida, Alabama, South Carolina, Tennessee, North Carolina and Virginia.  During the relevant time period of their employment, Defendant classified all of its bakery and deli department managers as exempt in all of its retail stores.  Plaintiffs worked as

salaried managers in a number of Publix grocery stores in Georgia and Florida.[2]  In addition to the five named Plaintiffs, three additional salaried managers have filed a Consent to Join as opt-in plaintiffs. [3]

B. <u>COMMON CLAIMS OF UNLAWFUL PRACTICES VIOLATING FLSA</u>

This suit, filed by Plaintiffs on October 3, 2019, as a collective action, pursuant to the Fair Labor Standards Act ("FLSA"), concerns overtime wages allegedly owed to Plaintiffs by Defendant Defendant Publix Super Markets, Inc. ("Publix" or "Defendant") as set forth in the Plaintiff's Second Amended Complaint.  Plaintiffs bring this action against Defendant on behalf of themselves and all current and former full-time salaried department managers ("Salaried Managers") who work or worked in a Publix retail store locations and who worked over forty hours in one or more work weeks during the relevant period but did not receive overtime pay (collectively, the "Similarly Situated Employees").

---

[2] (i) Takia Walton was employed as a Bakery Department Manager in multiple store locations throughout Georgia (ii) Danylle McHardy was employed as a Bakery Department Manager in multiple store locations throughout Georgia, (iii) George De La Paz Jr. was employed as a Deli Department Manager in multiple store locations throughout Georgia, (iv) Kevn Jacobs was employed as a Bakery Department Manager in multiple store locations throughout Georgia, (v) Feiona Dupree was employed as a salaried Deli Department Manager in multiple store locations throughout Georgia, (vi) Michael Adesiyan was employed as a Bakery Department Manager in multiple store locations throughout Georgia, (vii)  Charles Bryant was employed as a salaried Assistant Bakery Department Manager in multiple store locations throughout Georgia and Florida.

[3] See Dkt 1 at Exhibits 2 (consent forms), and Dkt 8 (consent form for Kristie McNair)

Specifically, Plaintiffs assert that Defendant's pay policies and practices resulted in the deliberate misclassification of bakery and deli department managers whose primary daily duties were the same as or similar to those non-exempt hourly employees.   Plaintiffs' limited exempt duties were assigned a low priority as Defendant placed greater importance on Plaintiffs' completion of production and customer service duties.   Considering the extensive weekly hours Plaintiffs worked (60 to 80 hours) and their low fixed salaries ($1,000 - $1,200), their effective hourly earnings were often less than the hourly-paid workers Defendant classified as non-exempt employees.   The relative relationship between Plaintiff's weekly salaries and the hourly wages paid to hourly-paid employees who performed mostly the same work, supports that Plaintiffs were misclassified and grossly underpaid.

Plaintiffs primary duties were not the performance of office or non-manual work directly related to the management or general business operations of the Defendant or the Defendant's customers.   Plaintiffs' primary duties did not include the exercise of discretion and independent judgment concerning matters of significance.   Plaintiffs could not fire, promote or demote employees, or raise or lower an employee's pay.    Plaintiffs should have been paid at an hourly

non-exempt rate during the entire course of their employment with Publix, and were unequivocally entitled to overtime pay under the Fair Labor Standards Act.

Plaintiffs respectfully request that the Court allow this case to proceed as a collective  action pursuant to 29 U.S.C. § 216(b) and order Defendant to produce the names and contact information of the prospective class members so that notice may be sent to apprise these individuals of their rights to join this collective action. Plaintiffs further request that the Court approve the issuance of notice to all Similarly Situated Employees who work or worked at any time during the three years preceding the date of this motion (the "relevant period").

1. **Plaintiffs Share Similar Job Duties With The Putative Class Members**

Plaintiffs' attached Declarations support that Plaintiffs and the putative class of Publix employees have the same job duties and job titles.[4]  See Ex. 1 (Walton Dec. at ¶¶ 3, 6-10, 16-21); Ex. 2 (McHardy Dec. at ¶¶ 3, 6-10, 16-21); Ex. 3 (De La Paz Jr. Dec. at ¶¶ 3, 6-10, 16-21); Ex. 4 (Jacobs Dec. at ¶¶ 3, 6-10, 16-21); Ex. 5 (Dupree Dec. at ¶¶ 3, 6-10, 16-21); Ex. 6 (Bryant Dec. at ¶¶ 3, 6-10, 16-21); Ex. 7 (Adesiyan Dec. at ¶¶ 3, 6-10, 16-21).   The positions of bakery and deli department managers and assistant managers involve the sale of prepared foods to

---

[4] See Ex. 1-7 (Declarations of 7 Plaintiff's describing their job duties, hours and compensation)

8

Defendant's customers.  As bakery department managers and assistant managers, Plaintiffs' primary daily duties were essentially the same as those hourly associates they were tasked with supervising. Like the hourly-paid associates, bakery department managers and assistant managers spent most of their work time mixing dough, baking bread and pastries, cashiering, slicing bread, packing bread, packing pastries and cookies, decorating baked goods, restocking products and supplies, cleaning work areas and equipment, pulling products, serving customers and assisting staff with the completion of their duties.[5]

Like their supervisees, the deli department managers and assistant managers spent most of their work time making sandwiches, cutting lunch meat, unloading trucks, frying chicken, stocking the floors, restocking products and supplies, cleaning work areas and equipment, pulling products, serving customers and assisting staff with the completion of their duties.  These are not management functions.  (De La Paz Jr. Dec. at ¶¶ 15-18; Dupree Dec. at ¶¶ 15-18.)

Less than 5% - 10% of Plaintiffs' actual job duties and work time included exempt management related activities. (Walton Dec. at ¶¶ 8, 17-19; McHardy Dec. at ¶¶ 8,17-19; De La Paz Jr. Dec. at ¶¶ 8, 17-19; Jacobs Dec. at ¶¶ 8, 17-19; Bryant

---

[5] See Walton Dec. at ¶¶ 15-18; McHardy Dec. at ¶¶ 15-18; Jacobs Dec. at ¶¶ 15-18; Bryant Dec. at ¶¶ 15-18; Adesiyan Dec. at ¶¶ 15-18.)

Dec. at ¶¶ 8, 17-19; Dupree Dec. at ¶¶ 8, 17-19; Adesiyan Dec. at ¶¶ 17-18) Plaintiffs' day to day production work and customer service responsibilities were so demanding that they often had to conduct their limited management tasks on their on time (off the clock). *Id.* Plaintiffs' limited exempt duties routinely fell by the waist side as Defendant placed greater importance on the completion of production and customer service type duties. *Id.* There have been no changes to bakery and deli department managers' and assistant managers' primary job duties over the past three years. *Id.*

### 2. Plaintiffs And Department Managers Were Misclassified As "Exempt" And Denied Overtime Wages.

Plaintiffs' attached Declarations also support that Plaintiffs and the putative class of Publix employees were subjected to a common unlawful practice under the FLSA of misclassifying workers as exempt. See Walton Dec. at ¶¶ 12-22; McHardy Dec. at ¶¶ 12-22; De La Paz Jr. Dec. at ¶¶ 12-22; Jacobs Dec. at ¶¶ 12-22; Bryant Dec. at ¶¶ 12-22; Dupree Dec. at ¶¶ 12-22; Adesiyan Dec. at ¶¶ 12-22 (all alleging that Publix misclassified them as exempt for the unlawful purpose of denying them overtime for the actual hours worked.)   These

declarations support a finding that the Defendant's practice of misclassifying workers as exempt was a company-wide policy and not an isolated incident.[6]

During the relevant time period, all department managers and assistant managers at Publix were classified by Defendant as exempt. *Id.* The Pay practices at issue are centralized and uniform company-wide. *Id.* Publix governs and pays all employees, including but not limited to Plaintiffs, opt-in Plaintiffs, and the Similarly Situated Employees, according to the universal, centralized policies and practices. *Id.* All Publix department managers and assistant department receive the management handbook and training for all stores in all states regardless of job title, method of compensation, or location. *Id.*

Publix salaried managers are required to attend orientation at a store location where a class of new managers from various stores receive training from a Centralized Orientation Facilitator. (Walton Dec. at ¶¶ 4-7; McHardy Dec. at ¶¶ 4-7; De La Paz Jr. Dec. at ¶¶ 4-7; Jacobs Dec. at ¶¶ 4-7; Bryant Dec. at ¶¶ 4-7; Dupree Dec. at ¶¶ 4-7; Adesiyan Dec. at ¶¶ 4-7) All of this training is based on a master script, which comes from a corporate book created by Publix corporate, along with centralized videos played at each orientation. *Id.* Each Publix grocery

---

[6] See Walton Dec. at ¶¶ 8-10, 22-24; McHardy Dec. at ¶¶ 8-10, 22-24; De La Paz Jr. Dec. at ¶¶ 8-10, 12-22; Jacobs Dec. at ¶¶ 8-10, 22-24; Bryant Dec. at ¶¶ 8-10, 22-24; Dupree Dec. at ¶¶ 8-10, 22-24; Adesiyan Dec. at ¶¶ 8-10, 22-24.

store has the same six departments, including a Deli and Bakery Department.  Each department at each store has hourly associates, an Assistant Department Manager, and a Department Manager, except  during times of temporary vacancies. *Id.*  The essential functions of these jobs within the same job class do not change from store to store or from state to state.  *Id.*  As a result, an employee can be transferred from one store or one state to another under the same job classification without having to be retrained.  *Id.*

## IV.  ARGUMENT

### A.    CONDITIONAL CLASS CERTIFICATION AND JUDICIAL NOTICE ARE PROPER IN THIS CASE

Plaintiffs seek conditional certification and court-facilitated notice in this collective action pursuant to Section 216(b) of the FLSA, which provides that an action may be maintained against any employer in Federal court "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). The collective action mechanism allows for efficient adjudication of similar claims so that "similarly situated" employees, whose claims are often small and unlikely to be brought on an individual basis, may join together and pool their resources to prosecute their claims. S*ee Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989)

A collective action under Section 216(b) of the FLSA is defined by three important features: First, in order to participate in a collective action, an employee must "opt in," meaning the employee must consent in writing to join the suit and that consent must be filed with the court. *Hoffmann-La Roche,* 493 U.S. at 168; *Hipp,* 252 F.3d at 1216 (*citing Grayson,* 79 F.3d at 1106). Second, the statute of limitations runs on each employee's claim until that individual files a consent form with the court, unless the statute is tolled. *Grayson*, 79 F.3d at 1106. Third, to serve the "broad remedial purpose" of the FLSA, courts can order notice to other potentially similarly situated employees to inform them of this opportunity to opt into the case. *Dybach v. State of Fla. Dept. of Corrections*, 942 F.2d 1562, 1567 (11th Cir. 1991) (*citing Braunstein v. E. Photographic Labs., Inc.*, 600 F.2d 335, 336 (2d Cir. 1978)). Critically, judicial notice avoids a "multiplicity of duplicative suits," allows the court to set deadlines to advance the disposition of an action, and it protects potential plaintiffs' claims from expiring under the statute of limitations. *Hoffmann-La Roche*, 493 U.S. at 171-73.

Here, conditional certification and judicial notice are proper because Plaintiffs satisfies the lenient standard for demonstrating that she is similarly situated to the putative class.  Courts have consistently certified collective actions involving facts less compelling than those here.  Where employees have the same

job duties, let alone the same job title, and were subjected to a common practice under the FLSA, as in this case, certification was granted. *See Brown et al v. Nexus Business Solutions LLC*, 1:17CV01679 (N.D.Ga. Nov. 2, 2017) (certified class of business development managers alleging that their primary duties of marketing, promoting and generating leads did not involve the kind of discretion and independent judgment associated with the administrative exemption); *see also Bradford v. Bed Bath & Beyond, Inc*., 184 F.Supp.2d 1342, 1344 and 1352 (N.D.Ga. 2005) (granted conditional class certification and later denying defendant's motion to decertify a class of salaried department managers seeking recovery of unpaid overtime wages, and who reportedly spent less than twenty-five (25) percent of their time performing managerial, discretionary, administrative, or executive tasks.)[7]

---

[7] *See also  Zaniewski v. PRRC Inc.*, 848 F. Supp. 2d 213 (D. Conn. 2012) (granted conditional class certification to assistant store managers in retail grocery stores alleging they were misclassified as exempt to deny them overtime, despite spending 75% of their time performing manual labor and non-management duties identical to those performed by hourly associates); *Gardner v. Western Beef Properties, Inc*., No. 07–CV–2345 RJD JMA, Dkt No. 72 (E.D.N.Y. July 23, 2009) (granted conditional class certification of grocery store managers and assistant managers alleging FLSA violations based on misclassification of salaried workers who primarily performed non-managerial duties); *Rodriguez et al v. Farm Stores Grocery, Inc. et al*, 1:2002cv22451, (S.D. Fla. Nov. 13,  2002) (allowed former managers for a grocery store chain to proceed in a collective action, alleging they were misclassified as exempt because their primary duties were non-managerial.); *Waggoner v. U.S. Bancorp*, 110 F. Supp. 3d 759, 763 (N.D. Ohio 2015) (granted conditional class certification for in-store co-manager claiming they were misclassified as "exempt" notwithstanding the fact that the primary duties performed by these co-managers were mostly limited to non-exempt functions involving customer service, sales, and operations); *Accord Pendlebury v. Starbucks Coffee Co.*, 518 F. Supp.2d 1345, 1352-53 (S.D. Fla. 2007) (certifying nationwide collective action that involved the common

### 1. The Eleventh Circuit and Courts in this District Apply a Two-Stage Certification Process

The Eleventh Circuit and courts in this District, like most courts, have adopted a two-stage approach to determine whether a case should be certified as a collective action. *Hipp*, 252 F.3d at 1218; *Davis v. Precise Communication Services, Inc.*, No. 1:07-CV-3128-JOF, 2009 WL 812276, at * 2 (N.D. Ga. Mar. 27, 2009); *Cash v. Gwinnett Sprinkler Co., Inc.*, No. 1:08-CV-2858-JOF, 2008 WL 5225874, at * 1 -2 (N.D. Ga. Dec. 12, 2008). The first step is the "notice stage," where the court determines, based simply on the pleadings and any affidavits submitted by plaintiffs, whether plaintiffs and potential opt-in plaintiffs are sufficiently "similarly situated" to issue notice and allow the case to proceed as a collective action through discovery. *Davis,* 2009 WL 812276, at * 2 (citing *Hipp,* 252 F.3d at 1218). Once the court determines that potential opt-in plaintiffs may be "similarly situated" for the purposes of authorizing judicial notice, the court

---

practice of misclassifying store managers as exempt from overtime because they all shared similar job duties); *Indergit v. Rite Aid Corp.,* No. 08 CIV. 11364 (PGG), 2010 WL 2465488, at *5 (S.D.N.Y. June 16, 2010) (granted conditional class certification based on finding that Plaintiff had met his initial, preliminary burden of "demonstrating that ... Rite Aid store managers are similarly situated, that they perform similar duties, and that they have been subjected to an allegedly unlawful nationwide corporate policy of shifting the work of non-exempt workers to store managers, and then denying these managers overtime compensation....") and; *Griffin v. Aldi, Inc.,* No. 516CV354LEKATB, 2017 WL 1397320, at *1 (N.D.N.Y. Feb. 22, 2017) (granted conditional class certification of grocery store managers alleging FLSA violations based on misclassification of salaried workers who primarily performed non-managerial duties).

"conditionally certifies" the collective action, and plaintiffs send court-approved notice to potential plaintiffs. *Davis*, 2009 WL 812276, at * 3; *Cash*, 2008 WL 5225874, at * 2. Upon receiving notice, the potential plaintiffs may elect to opt into the lawsuit pursuant to section 216(b) by filing written consents with the court. *Id.* Once notice is accomplished, the action proceeds as a collective action through discovery. *Hipp*, 252 F.3d at 1218.

At the second step, typically on a motion for decertification, the court undertakes a more stringent factual determination as to whether members of the collective class are, in fact, similarly situated. *Davis*, 2009 WL 812276, at *2 (*citing Grayson*, 79 F.3d at 1096). If, after discovery, it is apparent that plaintiffs and others are not similarly situated, the court may "de-certify" the collective and dismiss the claims of the opt-in plaintiffs without prejudice. *Cash*, 2008 WL 5225874, at * 2 (*citing Hipp,* 252 F.3d at 1218).

**2. The Standard for Conditional Class Certification and Judicial Notice in FLSA Collective Actions is Minimal.**

The burden at the notice stage is very low, with plaintiffs only having to demonstrate a "reasonable basis" for determining potential plaintiffs to be "similarly situated." *Grayson,* 79 F.3d at 1097; see *Hipp*, 252 F.3d at 1214-1218 (describing the standard for determining conditional certification as "flexible" and

"not particularly stringent"); *Davis*, 2009 WL 812276, at *2 (stating that the standard at the notice stage is "fairly lenient"); *Maddox v. Knowledge Learning Corp.*, 499 F. Supp. 2d 1338, 1342 (noting that motions for conditional certification are typically granted). A plaintiff's burden is particularly low in the Eleventh Circuit.  While many courts have held that the notice stage requires only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan," the Eleventh Circuit has stated that even these allegations may not be required to satisfy the similarly-situated requirement of Section 216(b). *Hipp*, 252 F.3d at 1219 (*quoting Grayson*, 79 F.3d at 1095); see also *Russell v. ProMove*, LLC, No. 1:06-cv-00659-RWS (Nov. 9, 2006) (requiring only a "factual nexus" between plaintiff's situation and that of current and former employees); *Cash*, 2008 WL 5225874, at * 2 (looking only to whether there are other employees who wish to opt-in to the action and whether those employees are "similarly situated" with respect to their job requirements and pay provisions); *Davis*, 2009 WL 812276 at * 2 (same); *Scott*, 2006 WL 1209813 at * 2 (requiring only a rudimentary showing beyond job duties and pay provisions).

Thus, plaintiffs who allege a single decision, policy or plan applicable to putative class members - for example, a policy of misclassification - will likely have met and exceeded their burden. *See Vondriska v. Premier Mortg. Funding,*

*Inc.*, 564 F. Supp. 2d 1330, 1336 (M.D. Fla. 2007) (noting that the Eleventh Circuit does not require allegations of a single decision, policy, or plan and going on to grant conditional certification where plaintiffs alleged simply a widespread policy of misclassification); *Simpkins v. Pulte Home Corp.*, No. 6:08-cv-130-Orl-19DAB, 2008 WL 3927275, at * 7 (M.D. Fla. Aug. 21, 2008) (finding a reasonable basis to grant conditional certification where all employees were subject to the same classification and there were some commonalities among the relevant job duties (citing *Grayson*, 79 F.3d at 1096)).[8]

### 3. Plaintiffs Have Easily Met the "Similarly Situated" Standard Necessary at this Stage of the Litigation

This case is in the early stages of litigation, the parties having undertaken no discovery, and Defendant's Answer to Plaintiffs' Second Amended Complaint will not be due for several weeks. Plaintiffs, at this first stage or notice stage, can easily meet the similarly situated standard necessary for conditional certification. Simply put, the case at bar is about Defendant's misclassification of Plaintiffs and all other

---

[8] *See also Bradford v. Bed Bath & Beyond*, 184 F. Supp. 2d 1342, 1344, 1352 (N.D. Ga. 2005) (granting conditional certification and later denying defendant's motion to decertify in a misclassification case); and *Williams v. Accredited Home Lenders Inc.*, No. 1:05-CV-1681-TWT, 2006 WL 2085312, at * 4 (N.D. Ga. Jul 25, 2006) (indicating that, where a plaintiff challenges his exempt classification, conditional certification may be more easily granted than it would be in other contexts).

former and current bakery and deli department managers as exempt. Plaintiffs have met their burden by establishing, through their Second Amended Complaint and supporting declarations, Defendant's company-wide policy of treating Plaintiffs and members of the putative class as exempt, and consequently failing to pay them overtime wages for all hours worked at Publix.

In addition to the showing based solely on misclassification, conditional class certification is appropriate under other facts of this case: bakery and deli department managers performed similar job duties of preparing foods, cashiering, restocking products and supplies, cleaning work areas and equipment, pulling products, and serving customers.  Furthermore, all bakery and deli department managers perform these job duties within the confines of Defendant's written and other enforced operational protocols and rules of conduct that apply to all department managers.

With respect to pay, all department managers were paid fixed salaries until Defendant reclassified them as non-exempt in about April of 2019.  The fact that Defendant classified them collectively as exempt and then again collectively as non-exempt shows that Defendant also views their jobs similarly.  *See Hazel v. Alimentation Couche-Tard*, No. 2:16-CV-00957- KOB, 2017 U.S. Dist. LEXIS 136744, at *10-11 (N.D. Ala. Aug. 25, 2017) ("Circle K's decision to reclassify its

Store Managers was a nationwide action … Although Circle K may generally have a regional apparatus, this decision was made through a centralized structure. All Store Managers who were paid a salary were switched to an hourly compensation system. Therefore… this factor favors certifying the class.")

What is more, as demonstrated throughout this Memorandum and in addition to the detailed allegations in the Second Amended Complaint, Plaintiffs' Motion is supported by declarations from five named Plaintiffs in this action, all of whom observed through their work at Publix that bakery and deli department managers and assistant managers performed the same job duties under the same conditions and were paid salaries despite their primary job duties being primarily manual labor.

Further, despite the fact that this litigation has only just begun, there are already three opt-in Plaintiffs (Michael Adesiyan, Kristie McNair and Charles Bryant), two of whom have submitted a declaration consistent with those submitted by Plaintiffs. Plaintiffs have certainly demonstrated there to be other similarly situated individuals who wish to join this lawsuit. *See Tucker v. Labor Leasing, Inc.*, 872 F. Supp. 941, 947-948 (M.D. Fla.1994) (finding there to be similarly situated employees who wished to opt-in where two individuals consented to join the lawsuit after it had been filed).

Given the totality of the evidence presented, Plaintiffs have more than met the light burden of showing themselves to be "similarly situated" to the putative collective. As such, the Court should grant Plaintiffs' Motion.

### 4. Factors Not Considered at the Notice Stage

Given the minimal showing that Plaintiffs must make at the conditional certification stage, it is important to clarify what is not considered for purposes of conditional certification. Many standards commonly applied to other kinds of motions are not appropriate here. For example, at the notice stage, courts do not weigh the merits of the underlying claims in determining whether potential opt-in plaintiffs may be "similarly situated." *Kreher v. City of Atlanta, Georgia*, No. 1:04-CV-2651-WSD, 2006 WL 739572, at * 4 (N.D. Ga. Mar. 20, 2006) ("The focus... is not on whether there has been an actual violation of law but rather on whether the proposed plaintiffs are 'similarly situated'.... [A] court adjudicating a motion to authorize a collective action need not evaluate the merits of plaintiffs' claims in order to determine whether a similarly situated group exists." (*quoting Young v. Cooper Cameron Corp.*, 229 F.R.D. 50, 54-55 (S.D.N.Y.2005))).

Similarly, courts have refused to undertake an examination of day-to-day tasks at this early conditional certification stage. *Scott,* 2006 WL 1209813, at *3 (declining to "resolve factual issues or make credibility determinations at this

stage." (*citing Severtson v. Phillips Beverage Co*., 141 F.R.D. 276, 279 (D. Minn. 1992))). "[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at this stage." *Scott*, 2006 WL 1209813, at * 3.  At the lenient notice stage, courts also can not resolve disputes regarding which duties performed were Plaintiff's "primary duties" which is a mixed question of fact and law under 29 C.F.R. § 500 et seq.  *See, e.g., Hood v. JeJe Enters., Inc*., 207 F. Supp. 3d 1363, 1378 (N.D. Ga. 2016) ("Even at the summary judgment stage, the Court cannot find Plaintiff's managerial duties were comparatively far more important than her non-managerial duties. Instead, this question involves weighing of the evidence that is inappropriate at this stage of the case and must be performed by the jury.")

Because courts do not weigh the merits of the claim or examine factual variations at the notice stage, extensive discovery is not necessary, and the need for individual discovery is not considered. *Id*.; *Kreher*, 2006 WL 739572, at *4 n. 8, 9 (issues of individualized nature of employees' claims, although potentially meritorious, should be considered during the second stage of analysis, not the first).

Further still, courts do not look to the standard for class certification under Rule 23 of the Federal Rule of Civil Procedure when deciding on conditional

certification under the FLSA. Cash, 2008 WL 5225874, at * 1-2 (*citing Grayson*, 79 F.3d at 1096). In fact, unlike Rule 23, section 216(b) requires no showing of numerosity, typicality, commonality, or representativeness. Grayson, 79 F.3d 1096 n. 12 ("[I]t is clear that the requirements for pursuing a § 216(b) class action are independent of, and unrelated to, the requirements for class action under Rule 23."). As a result, the standard for authorizing notice to similarly-situated workers is much lower than under Rule 23. *Id.*

### 5. Plaintiffs' Case is Appropriate for Judicial Notice

The Supreme Court has held that the benefits to the judicial system of collective actions "depend upon employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche*, 493 U.S. at 170.

District courts are encouraged to become involved in the notice process early, to insure "timely, accurate, and informative" notice and to help maintain control of the litigation. *Id*. at 171-72. Short of a bright-line standard, the Supreme Court in *Hoffmann-La Roche* established that a court-approved notice to potential plaintiffs in FLSA collective actions is proper in "appropriate cases," discretion lying with the district court. *Id*. at 169-70 (emphasis added). The case at bar is one such appropriate case.

Here, prompt judicial notice is needed because claims of the potential opt-in plaintiffs are being extinguished or diminished due to the running of the statute of limitations. *Grayson*, 79 F.3d at 1106. Unlike Rule 23 class actions, the statute of limitations in FLSA collective actions continues to run on each individual's claim reducing the amount in damages an individual could recover-- until the individual files a consent form with the Court. *Id*. at 1106 n. 38. Court-facilitated notice will prevent such erosion of claims while the parties work to resolve this litigation. See *Id*. Further, judicial notice providing all Bakery and Deli department managers and assistant managers the opportunity to pursue their claims in one forum will create the significant judicial economies recognized in *Hoffmann-La Roche*. Indeed, because similar--if not identical--issues of law and fact exist amongst all of Defendant's department managers, one action benefits the judicial system by resolving this case collectively at least through the discovery phase. *Hoffmann-LaRoche*, 493 U.S. at 170.

Judicial notice is also warranted in this case because of the concerns Plaintiffs have expressed regarding the threat of retaliation by Defendant.[9]  Judicial notice will not only give these potential plaintiffs prompt notice of this action, but

---

[9] *See* Walton Dec. at ¶ 24; McHardy Dec. at ¶ 24; De La Paz Jr. Dec. at ¶ 24; Jacobs Dec. at ¶ 24; Bryant Dec. at ¶ 24; Dupree Dec. at ¶ 24; Adesiyan Dec. at ¶ 24)

may also ease their fears about opting in. At present, there is no neutral voice informing these department managers of their right to participate in this lawsuit. Judicial notice should serve as that neutral voice, assuring the department managers that retaliation is illegal, and that they have a right to join this lawsuit if they so choose. This District has approved notice informing potential plaintiffs of as much, and should do so again here.

B.   PLAINTIFFS' PROPOSED JUDICIAL NOTICE IS ACCURATE, INFORMATIVE AND HAS BEEN ROUTINELY ADOPTED

Plaintiffs' proposed judicial notice is attached as Exhibit 8.  As required, it is "timely, accurate, and informative." *See Hoffmann-La Roche,* 493 U.S. at 172. Plaintiffs proposed notice is carefully drafted to mirror notice forms that this District approved in *Russell et al v. ProMove LLC et al*, No. 1:06-cv-00659-RWS (Nov. 9, 2006) See Ex. 10.  As such, the proposed notice achieves the ultimate goal of providing employees accurate and timely notice concerning the pendency of the collective action, and should be adopted.

C.   PRODUCTION OF A LIST OF DEPARTMENT MANAGERS IS NECESSARY TO FACILITATE NOTICE

As discussed above, all bakery and deli department managers, or equivalent positions employed by Defendant's within the past three years are "similarly

situated" employees for purposes of the FLSA. Prompt disclosure of the names and contact information of those similarly situated is necessary in order for Plaintiffs to provide those individuals with notice of the action as contemplated by the law. *See Hoffmann-La Roche*, 493 U.S. at 17010 ; *see also Russell, No. 1:06-cv-00659-RWS (Nov. 9, 2006) (ordering production of list in electronic and importable format within five days)*.   Accordingly, Plaintiffs respectfully request that, in addition to entering an order granting conditional certification and approving Plaintiffs' notice, the Court order Defendant to produce to Plaintiffs the following within five (5) days of its order:

A list, in electronic and importable format, of all persons employed by Defendant as bakery and deli department managers and assistant managers during a three year period preceding the filing of this lawsuit, including their name, job title, address, email address, telephone number, dates of employment, location of employment, date of birth, and last four digits of their Social Security number.

## V.  CONCLUSION AND PRAYER

At this preliminary stage, Plaintiffs have come forward with a factual basis from which this Court can determine that similarly situated plaintiffs exist. Thus, the Court should 1) promptly authorize this case to proceed as a collective action; 2) order the identification of all bakery and deli department managers and assistant

managers who worked for Defendant during the applicable statutory period; and 3)

authorize the issuance of Plaintiffs' proposed notice to be mailed to all potential

opt-in plaintiffs employed by Defendant three years prior to the lawsuit.


Dated: October 22, 2019          Respectfully submitted,

                                      By: /s/Arnold Lizana
                                      Arnold Lizana
                                      GA Bar No.: 698758
                                      Law Offices of Arnold J. Lizana III P.C.
                                      1175 Peachtree Street NE, 10th Floor
                                      Atlanta, GA 30361
                                      T: 877-443-0999
                                      F: 877-443-0999
                                      alizana@attorneylizana.com

CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of October 2019, I filed this document

Plaintiffs' Motion for Conditional Certification and Issuance of Notice with the

Clerk of the Court using the ECF, and served a copy by email to the following:

s/Arnold Lizana_____
Counsel for Plaintiffs

STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(D)

This brief has been prepared with one of the font and point selections

approved by the court in Local Rule 5.1(C), namely Times New Roman 14 pt.

s/Arnold Lizana_____
Counsel for Plaintiffs