IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Each individually and on Behalf of ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC.<br>Defendant. | Civil Action No.<br>1:19-cv-4466 LMM |

## PLAINTIFFS' REPLY IN SUPPORT OF MOTION
## FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Plaintiffs' Motion for Leave to File Second Amended Complaint is unopposed and should therefore be granted. Defendant's attempt to seize the opportunity to opine on Plaintiffs' other pending motions is both superfluous and lacks merit. Plaintiffs disagree with Defendant's erroneous contention that granting Plaintiffs' uncontested Motion to file a Second Amended Complaint requires the court to deny as moot Plaintiffs' pending motions for equitable tolling (Doc. 14) and conditional class certification (Doc. 9). The refinements in Plaintiffs' Second Amended Complaint are wholly consistent with the relief sought in Plaintiffs' pending motions, and Defendant has offered no valid and applicable legal authority for its mootness arguments.

Defendant is well aware that the limitations period for each putative collective member

continues to run on a daily basis and that any delays they can achieve in retarding a decision on class certification continue to diminish or even make obsolete the claims of putative class members. The concerns raised by Defendant's Response are thinly veiled attempts to delay rulings and achieve further claim erosion. Defendant is well aware that with each passing day, Plaintiffs and putative class members bleed unpaid overtime wages caused by Defendant's unlawful conduct. Prior to the lawsuit, Defendant wasted several weeks disingenuously negotiating tolling and settlement. Defendant's misplaced argument in response to the Motion for Leave to File Second Amended Complaint is purely motivated by its desire to further diminish Plaintiffs' claims by hundreds of thousands of dollars in unpaid overtime wages. In short, Defendant seeks to have its cake (not pay overtime wages) and eat it too (run out the clock on the wage claims).

This is precisely why equitable tolling is critical in FLSA collective actions as provided for under 29 U.S.C. § 256(b). Equitable tolling should be granted "to avoid prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of collective actions." *Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. CIV.A.8:5105, 2009 WL 1591172, at *1 (E.D. La. Apr. 20, 2009) (collecting cases). In the interests of fairness, this Court should toll the limitations period to protect these individuals and to provide the Court sufficient time to rule on the pending motions. These fairness concerns carry extra weight here, because the doctrine of equitable tolling honors "the remedial purpose of the legislation as a whole." *Webb v. United States*, 66 F.3d 691, 696 (4th Cir. 1995) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 398 (1982)).

Defendant grossly mischaracterized the applicability of the court's ruling in *Donatti v.*

*Charter Commc'ns, L.L.C.,* No. 11-4166-CV-CMJW, 2013 WL 3807302, at *2 (W.D. Mo. July 22, 2013).  *Donatti* is clearly distinguishable on its face.  Prior to its ruling on equitable tolling in that case, the court had already determined that the Plaintiff's claims were futile and that Plaintiffs' proposed amended complaint attempted to reassert claims already dismissed on summary judgment. The full text of the order language cited by Defendant states as follows:

> The order on summary judgment extinguished the then pending claims of the plaintiffs. As set forth above, this Court is awaiting a new Second Amended Complaint to be filed by the plaintiffs in order to determine the claims in this case. As a result of these proceedings that occurred after plaintiffs' motion for equitable tolling was filed and fully submitted, it appears that plaintiffs' motion for equitable tolling may now be moot. However, without the benefit of a Second Amended Complaint being filed, as set forth in this order, the Court is unable to fully determine whether the motion is moot at this time.

*Id*. at 3

Since all of the claims in *Donatti's* First Amended complaint had already been dismissed, there were no viable claims before the court that required tolling at the time of the court's ruling. The court explained... "[t]he Court believes it necessary to deny the instant pending motion for equitable tolling, rather than simply await the filing of the Second Amended Complaint, because even assuming that the equitable tolling motion does not become fully moot upon filing of plaintiffs' Second Amended Complaint, the motion no longer properly reflects for what claims plaintiffs can seek equitable tolling. The Court cannot grant equitable tolling to plaintiffs for claims that are not viable claims in this case." *Id* at 4.

The instant case is clearly distinguishable from *Donatti* in that the complaint against Publix has not been invalidated by any dispositive motion which would cause the court to question whether a ruling on the equitable tolling motion remains necessary.  Unlike the case

Defendant cited, Plaintiffs in the instant case have already presented an unopposed Second Amended Complaint to the court (Doc. 17), which includes claims for a putative class that is identical to the class described in Plaintiffs' motion for equitable tolling (See Doc. 21), and clearly reflects viable claims of FLSA violations for which equitable tolling would be appropriate. Also, in Plaintiffs' Second Amended Complaint, there are no substantive changes to the previously asserted legal claims that would warrant any concern that equitable tolling is being sought for claims that are no longer viable. Accordingly, Defendant's erroneous view that granting Plaintiffs' uncontested motion for leave to amend renders the equitable tolling motion moot is lacking in any factual or legal foundation.

Defendant also appears to suggest in a footnote that granting Plaintiffs' uncontested motion leave to file a Second Amended Complaint also renders moot Plaintiffs' Amended Motion for Conditional Class Certification. This suggestion is also unfounded. The cases cited in Defendant's footnote (*Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 199 (D.D.C. 2018 and *Lawrence v. Maxim Healthcare Servs., Inc.*, No. 1:12CV2600, 2013 WL 12178607, at *1 (N.D. Ohio Apr. 26, 2013)) reference cases in which the Plaintiffs' putative class definitions in their motions for class certification were not aligned with the putative class definitions in their operative complaints, which is clearly not the case before this court. Defendant completely ignores that Plaintiffs have already amended their motion for class certification (See Doc. 17) to ensure that its putative class description is consistent with Plaintiffs' proposed (and now uncontested) Second Amended Complaint. The claims and putative class descriptions in Plaintiffs' Second Amended Complaint and Amended Motion for Class Certification are identical.

Since Defendant provides no rational basis for denying Plaintiffs' Amended Motion for Conditional Class Certification as moot, the court should discard any such suggestion and maintain its current briefing order.

## CONCLUSION

For the foregoing reasons, Plaintiffs' uncontested motion for leave file a Second Amended Complaint should be granted in accordance with the attached proposed order. Granting this leave does not moot Plaintiffs' pending Motion to Toll the Limitations Period for Putative Collective Members and Plaintiffs' Motions for Conditional Class Certification, which should be granted for reasons stated in the briefs filed in support of the motions.

Dated: October 27, 2019          Respectfully submitted,

                                             By: /s/Arnold Lizana
                                             Arnold Lizana
                                             GA Bar No.: 698758
                                             Law Offices of Arnold J. Lizana III P.C.
                                             1175 Peachtree Street NE, 10th Floor
                                             Atlanta, GA 30361
                                             T: 877-443-0999
                                             F: 877-443-0999
                                             alizana@attorneylizana.com

CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of October 2019, I filed this document Plaintiffs' Motion to Toll the Limitations Period for Putative Collective Members with the Clerk of the Court using the ECF, and served a copy by email to the following:

Brett C. Bartlett
SEYFARTH SHAW LLP.
1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
bbartlett@seyfarth.com
COUNSEL FOR DEFENDANT
PUBLIX SUPERMARKETS, INC.

s/Arnold Lizana
Counsel for Plaintiffs

STATEMENT OF COMPLIANCE WITH LOCAL RULE 7.1(D)

Counsel for Plaintiff certifies that the foregoing Motion complies with the requirements of Local Rule 5.1(c).

s/Arnold Lizana
Counsel for Plaintiffs