IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>1:19-CV-4466-LMM |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR EQUITABLE TOLLING**

This Fair Labor Standards Act overtime case is not yet one month old and Plaintiffs have already proposed at least six different definitions of a putative collective (*see* Docs. 1, 4, 9 (two definitions), 14, and 16), filed three versions of their complaint (Docs. 1, 4, 16), and noticed "supplemental information" (Doc. 21) that in fact constitutes a backdoor attempt to amend their earlier filed, and now moot, tolling motion. (Doc. 14). Scattered among this all are multiple motions from Plaintiffs, some of which have been mooted by their own procedural fits and starts. But this Court should ignore all of that, say Plaintiffs, and instead equitably toll the FLSA's statute of limitations for putative collective members because of

Publix's sole motion asking to sync up the deadline for it to answer and the deadline to respond to Plaintiffs' motion for conditional certification. (*See* Doc. 14 at 9-11). Because equitable tolling for putative members falls beyond this Court's authority, is not warranted here in any event, and because Plaintiffs mooted their own motion, Plaintiffs' motion to toll the statute of limitations for putative class members should be denied. (*Id.*)

## Litigation Background

Barely three weeks ago, on October 3, 2019, Plaintiffs filed their original complaint on behalf of themselves and all others similarly situated, and alleged that Publix misclassified certain employees as exempt from overtime laws. (Doc. 1). That complaint defined the proposed collective as all people who were "employed by [Publix] as salaried department managers, salaried assistant department managers or equivalent positions at all of Defendant's locations in the State of Georgia" and "were not paid overtime at the statutory rate for all of the hours they worked beyond 40 hours each week during the relevant time period required to perform work outside of their scheduled working hours." (*Id.* at 8).

The day after Publix agreed to waive service (Doc. 6), Plaintiffs amended their complaint. (Doc. 4). The first amended complaint changed the proposed

collective definition from managers in Georgia, to managers nationwide. (Doc. 4 at 8). Definition number two lasted barely 24 hours.

The next day, Plaintiffs moved for conditional certification of a collective and changed the definition again. (Doc. 9). The collective definition this time did not match the definition in either their amended or original complaints. Indeed, the motion isn't even internally consistent as to the definition. On page three of their certification motion, Plaintiffs define the proposed collective as "all salaried bakery or deli department managers nation-wide" who have worked for Publix in the last three years. (*Id.* at 3). On page 6, by contrast, Plaintiffs say they "bring this action . . . on behalf of . . . all current and former full-time salaried department managers . . . who work or worked in a Publix retail location[] and who worked over forty hours in one or more work weeks during the relevant period but did not collect overtime pay." (*Id.* at 6).

The combination of three or four collective definitions with a unique brew of deadlines caused by Plaintiffs' premature certification motion led Publix to move for a delay of its obligation to respond to the motion until after its answer came due. (Doc. 11). On the basis on Publix's one motion—which Publix filed because of Plaintiffs' decisions—Plaintiffs then filed another motion, this time to equitably toll the statute of limitations for putative collective members. (Doc. 14).

Once again, Plaintiffs' tolling motion redefined the collective.  This time, Plaintiffs said it included "[a]ll individuals employed by Publix as salary-paid Bakery Department Managers (BMs), salary-paid (DMs) Deli Managers and equivalent salary-paid positions (EPs) at its store locations nation-wide between October 3, 2016" through the date of judgment.  (*Id.* at 5-6).

Faced with an impending deadline to respond to the conditional certification motion, and given that Plaintiffs' tolling motion implicated the same concerns animating Publix's motion to strike, Publix gave notice that the tolling motion's definition matched neither the certification motion's nor the first amended complaint's definitions, and that the motion created the same deadline concerns as did Plaintiffs' motion for conditional certification.  (Doc. 15 at 2).

Perhaps recognizing the lack of definitional consistency, Plaintiffs moved to amend their complaint a second time.  (Doc. 16).  In that third version of their pleading, Plaintiffs include a sixth proposed collective definition.  Contradicting the fifth definition provided just four days earlier, Plaintiffs defined the collective as:

> All Publix Bakery and Deli departments Managers and Assistant Managers nation-wide, who were misclassified as exempt salaried employees, performed mostly manual labor and were not paid at the proper overtime rate for hours worked more than forty (40) hours in any week within three (3) years prior to the inception of this lawsuit.

(*Id.* at 2).

The very next day, Plaintiffs amended their conditional certification motion to make its proposed collective definition match their proposed amended complaint's.  (Doc. 17).  They also responded to Publix's motion to strike, essentially conceding that their premature certification motion warranted extending Publix's deadline to respond until after it first answered or responded to the operative pleading.  (Doc. 18).  This Court later that same day set Publix's deadline to respond to conditional certification as requested in the motion to strike, but dismissed that motion as mooted by Plaintiffs' conciliatory response. (Doc. 18).  That order did not address the tolling motion response deadline, nor did it rule on the motion to amend.[1]  (*Id.*)

Copying the verbiage and styling of Publix's "Notice of Supplemental Information," Plaintiffs then filed their own "notice" asking the Court to "disregarding the putative class descriptions . . . on pages 1 and 2 of the Plaintiffs'" tolling motion and instead adopt the definition used in the proposed second amended complaint and amended certification motion.  (Doc. 21).

---

[1] Publix does not oppose Plaintiffs' second amended complaint, but has observed that that pleading will moot their pending motions to conditionally certify the collective and for equitable tolling.  (Doc. 16).

To recap: since this case began, Plaintiffs have proposed *six* different definitions for the collective they ask this Court to conditionally certify. They have pending motions to conditionally certify a collective (Doc. 17), and to amend their complaint a second time. (Doc. 16). And their helter-skelter filings and definitions have led Publix to file an unusual motion to strike (Doc. 11), and an atypical notice. (Doc. 15). In the face of those many machinations, Plaintiffs ask this Court to equitably toll the FLSA's statute of limitations. (Doc. 14).

## Argument

Equitable tolling is inappropriate here for three reasons. First, Plaintiffs lack authority to seek tolling on behalf of putative collective members they do not represent. Second, even if Plaintiffs had that authority, the circumstances of this case do not justify equitable tolling. Substantive failures aside, Plaintiffs' tolling motion also is moot.

### A. Plaintiffs Cannot Pursue Tolling on Behalf of People Not Party to This Lawsuit

Plaintiffs "request that the Court toll the limitations period for each putative collective member." (Doc. 14-1 at 7). Because they do not represent those people, Plaintiffs "have no authority to seek equitable tolling on their behalf." *Sellers v. Sage Software, Inc.*, No. 1:17-CV-03614-ELR, 2018 WL 5631106, at *7 (N.D. Ga. May 25, 2018).

FLSA plaintiffs may litigate claims on behalf of those "similarly situated." 29 U.S.C. § 216(b).  But no one becomes eligible to recover until after they "opt-in." *Id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."); *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003).  Even if an FLSA plaintiffs shows "that there are other plaintiffs similarly situated to him, he has no right to represent them." *Id.* at 1249 (cleaned up).  In fact, until opt-in occurs, this Court "has no jurisdiction" over putative collective members," and any opinion regarding equitable tolling as to them would be an advisory opinion.  *Sellers*, 2018 WL 5631106, at *7.

Right now, this Court has jurisdiction over the five named plaintiffs, and opt-ins Kristie McNair (Doc. 8), Charles Bryant (Doc. 4-1 at 1), and Michael Adesiyan (Doc. 4-1 at 2).  Plaintiffs can pursue equitable tolling on their behalf, and only on their behalf.  Any other putative collective members must first file consents to join before Plaintiffs can act, or before this Court's judgment can reach those people. *Sellers*, 2018 WL 5631106, at *7; *see also Atkinson v. TeleTech Holdings, Inc.*, No. 3:14-CV-253, 2015 WL 853234, at *8 (S.D. Ohio Feb. 26, 2015) ("[B]ecause the potential opt-in plaintiffs do not become parties to the lawsuit until they file their consent forms with the court, the court lacks jurisdiction to grant them

equitable relief."); *Jesiek v. Fire Pros, Inc.*, No. 1:09-CV-123, 2011 WL 2457311, at *2 (W.D. Mich. June 16, 2011) ("It is impossible to discern how a party who has not yet appeared in the case can bear his burden to prove anything, or how the wholesale declaration that a group of absent parties have all been diligent is a careful exercise of equitable discretion.").[2] Because Plaintiffs request tolling only for the very putative collective members ineligible for equitable relief, their motion should be denied.

### B. No Extraordinary Circumstance Exists Sufficient to Justify Equitable Tolling

Notwithstanding jurisdictional and representational concerns, Plaintiffs offer nothing to warrant the extraordinary relief of equitable tolling. "In general, tolling the statute of limitations is appropriate only if 'extraordinary circumstances' exist 'that are both beyond [the movant's] control and unavoidable

---

[2] To be sure, some courts have equitably tolled the FLSA's limitations period for putative collective members. *See, e.g.*, *Abadeer v. Tyson Foods, Inc.*, No. 3:09–125, 2010 WL 5158873 (M.D. Tenn. Dec. 14, 2010); *Antonio–Moralez v. Bimbo's Best Produce, Inc.*, No. Civ. A. 8:5105, 2009 WL 1591172 (E.D. La. Apr. 20, 2009); *Baden–Winterwood v. Life Time Fitness*, 484 F. Supp. 2d 822 (S.D. Ohio 2007). But, as *Jesiek* correctly observed, they did so "on the basis of no evidence" and for parties "not yet before the Court." *Jesiek*, 2011 WL 2457311, at *2. They are thus "wrongly decided and," perhaps more importantly, do not sync with this Court's previous decisions. *See Sellers*, 2018 WL 5631106, at *7 (Ross, J.).

even with diligence.'" *Taylor v. FTS USA, LLC*, No. 1:15-cv-4461, at 11 (N.D. Ga. Aug. 5, 2016) (quoting *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)).

Plaintiffs argue that "motions practice"—in particular, Publix's motion to strike and Plaintiffs' own motion for conditional certification—"indefinitely stall class certification and . . . erode the claims of putative class members." (Doc. 14-1 at 10). They also appear to contend that pre-litigation time spent by the parties pursuing a tolling agreement and related settlement negotiations creates the same erosion. (*See id.* at 6). "In the interests of fairness," they plead, "this Court should toll the limitations period." (*Id.*) Because neither of those justifications carries water, and because Plaintiffs failed to act diligently, equitable tolling is inappropriate.

        1.    *This case's motions practice originated with Plaintiffs and has caused no extraordinary delay*

Courts have at times invoked equitable tolling because of "motions practice." But that almost always occurs when a motion is pending for a significant period of time before receiving court attention. *See, e.g., Gutescu v. Carey Int'l, Inc.*, No. 01-4026CIV, 2004 WL 5333763, at *4 (S.D. Fla. Feb. 24, 2004) (finding that 1.5 year delay in adjudicating motion for class certification caused by various continuances, a hearing, record supplementation, and simultaneous acrimonious

discovery, justified equitable tolling).  The mere presence of motions before the Court, as is the case here, cannot alone justify equitable tolling lest that extraordinary remedy transform into a routine fix.  *See Longcrier v. HL-A Co.*, 595 F. Supp. 2d 1218, 1244 (S.D. Ala. 2008).

This case is not yet one month old.  Whatever motions are currently pending, they've barely had time to ripen (or are not yet ripe), much less sat for an extended period of time sufficient to invoke something that should be triggered sparingly.  Nor is anything about what has transpired here unusual or outside the control of Plaintiffs.  Indeed, any delay this case has seen can be traced directly to Plaintiffs' own actions.  In other words, the motions pending here do not qualify as an extraordinary circumstance that justifies equitable tolling.

> 2. *Plaintiffs' Inability to Convince Publix to Settle or Enter an Expansive Pre-Litigation Tolling Agreement is No Basis for Equitable Tolling Now*

Plaintiffs make various representations in their recent submissions concerning events that occurred before they filed this lawsuit.  They suggest that Publix acted disingenuously to delay them from filing suit and from pursuing the rights of other unidentified employees who are strangers to this litigation.  (*See, e.g.*, Doc. 22 at 2 ("Prior to the lawsuit, Defendant wasted several weeks disingenuously negotiating tolling and settlement.").  What Plaintiffs presumably

refer to is Publix's pre-suit refusal to enter a tolling agreement that would cover each named plaintiff and all unidentified individuals whom they might eventually represent over Publix's objection, after each one—if any—files a consent to opt into the case. Those negotiations provide no basis for equitably tolling the FLSA's statute of limitations.

Discussion among the parties concerning tolling—whether for Mr. Takia Walton or for any other individual (potential named plaintiff or otherwise)—occurred within the context of pre-litigation settlement discussions, typically an off-limits evidentiary realm. *See* Fed. R. Evid. 408 (conduct or statements made during negotiations about a claim is inadmissible to prove or disprove the validity or amount of a disputed claim). Even if in bounds, however, the mere occurrence of such negotiations cannot undergird a tolling request. *See Raziano v. United States*, 999 F.2d 1539, 1541 (11th Cir. 1993).

In *Raziano*, the parents of a young man killed by a Coast Guard boat entered negotiations with the government over their negligence claim under the Suits in Admiralty Act ("SAA"). *Id.* at 1540. The parties negotiated for three months, with the government at one point requesting more information, but ultimately reached no agreement. *Id.* One month after that, the Razianos sued, but by that point the SAA's statute of limitations had expired. *Id.*

The Razianos, like Plaintiffs here, argued that the government's "negotiations lulled them into inaction." *Id.* They also said that the government "was aware of their claim" because they presented it to the government within the SAA's two year limitations period. *Id.* The district court agreed, reasoning that the Razianos had not "sat on their hands and [done] nothing," that they vigorously pursued their claim through administrative channels, and that tolling would not defeat the purposes of the SAA's limitations provision. *Id.*

The Eleventh Circuit emphatically disagreed. The Razianos, like Walton and the other plaintiffs here, "pursued no judicial remedies" before filing suit. *Id.* at 1541. And nothing the government said or did during pre-suit negotiations "amount[ed] to inducement or trickery." *Id.* Indeed, "the government," noted the court, "gave the Razianos no good reason to think that the pursuit of out-of-court remedies would toll the limitation on a judicial remedy." *Id.* at 1541-42. Particularly since the government "had no duty to remind the Razianos that the statute of limitations was running," the court "decline[d] to extend equitable tolling to cover cases in which [a party], because of pre-suit negotiations, knew about a claim that might be pursued against it in court." *Id.*

Like the Razianos, Plaintiffs' "garden variety neglect" cannot justify tolling. *Raziano*, 999 F.2d at 1541. Like the Coast Guard in *Raziano*, Publix gave Plaintiffs

no reason to think that negotiations tolled the FLSA's ever-running limitations period. Quite the contrary, the parties' efforts to negotiate a tolling agreement make that abundantly clear. Those efforts, detailed in email exchanges between the parties,[3] reinforce that: (a) Publix at no time took any step to constrain any individual from filing suit or otherwise acting in his or her own best interest; (b) Publix at all times acted diligently to engage actively and in good faith with Plaintiffs' then sole counsel; (c) Publix in fact attempted to make clear to Publix's then counsel that he "could have filed suit on Mr. Walton's behalf or on behalf of any of the other clients whom [he] represents at present . . . ." and "[t]here has been nothing to prevent [him] from doing so;" and (d) even so, Plaintiffs waited more than three months to file suit after Mr. Walton's then sole counsel initially sought to contact Publix in a failed effort to resolve Mr. Walton's individual, non-collective action claims. In other words, Publix "has done nothing unfair" to justify tolling. *Raziano*, 999 F.2d at 1542.

---

[3] The pertinent exchanges about pre-suit tolling and settlement negotiations in this case are in emails that the parties could proffer for this Court's *in camera* review or by filing them under seal, should the Court require them to determine whether Plaintiffs have sustained their burden to prove a basis for the equitable tolling they seek. As this Court might glean from the fact that Plaintiffs filed suit, Publix did not agree that tolling was appropriate as to unidentified individuals whom Plaintiffs wish to represent in a collective action. Of course, it had no obligation to enter an agreement to that effect.

### 3. *Plaintiffs have not exercised reasonable diligence*

Plaintiffs also cannot demonstrate the diligence required for equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 653 (2010) (holding that equitable tolling requires reasonable diligence). As Plaintiffs correctly recite, the diligence required relates to matters within Plaintiffs' control. (Doc. 14-1 at 8 (citing *Menominee Indian Tribe of Wis. v. United States*, ___ U.S. ___, 136 S. Ct. 750, 756 (2010)). Where delay stems from a plaintiffs own conduct, tolling is unavailable.

As noted above, any delay here is Plaintiffs' responsibility. They negotiated with Publix before filing suit. They asked Publix to waive service of process, giving Publix until early December 2019 to respond to their complaint. They changed their proposed collective definition six times. They move for conditional certification before Publix even had the opportunity to answer or respond. And they filed three versions of their pleading within the first month of this case's existence. Although Plaintiffs have likely diligently litigated their claims, those same efforts are the cause of the delay that they claim justifies tolling. That is not what tolling exists to cure.

Beyond their inability to represent people who have not yet opted in, Plaintiffs have failed to show any extraordinary circumstance or the diligence needed to justify equitable tolling. Their motion should be denied.

### C. Plaintiffs' Tolling Motion is Moot

In addition to jurisdictional and merits issues, Plaintiffs' motion for equitable tolling also is moot. As Publix first noted in its Response to Plaintiffs' Motion to Amend, amending an FLSA complaint that contains a putative collective definition moots motions, including those for conditional certification and tolling, derivative of the proposed definition in the superseded pleading. *See Meyer v. Panera Bread Co.*, 344 F. Supp. 3d 193, 199 (D.D.C. 2018) (denying as moot motion for conditional certification filed before complaint amendment); *Donatti v. Charter Commc'ns, L.L.C.*, No. 11-4166-CV-CMJW, 2013 WL 3807302, at *2 (W.D. Mo. July 22, 2013).[4]

Plaintiffs tried to sync up their tolling motion and their proposed second amended complaint by noticing "supplemental information." (Doc. 21). In fact, Plaintiffs "notice" tries to amend their tolling motion to incorporate their latest

---

[4] In their recent reply in support of their motion to amend, Plaintiffs argue that *Donatti* speaks only to situations where a pleading is dismissed prior to addressing a tolling motion. (*See* Doc. 22 at 2-3). Not so. Instead, *Donatti* stands for a broader proposition: where, as here, a pleading filed after a motion to toll changes the claims for which tolling is sought, the pleading moots the earlier-filed motion. 2013 WL 3807302, at *2. Plaintiffs proposed second amended complaint contains a different collective definition than the one applicable to the claims Plaintiffs seek to toll. That third try at a complaint, like the pleading in *Donatti*, effectively changes the claims for which Plaintiffs seek tolling. Plaintiffs' proposed second amended complaint, if allowed, thus moots their motion for equitable tolling.

proposed collective definition from their proposed second amended complaint. (*See id.* at 2). But Plaintiffs have filed no motion to amend their tolling request, nor have they submitted an amended filing, as they did for their conditional certification motion. Instead, they ask the Court and Publix to take a "notice," insert its contents where appropriate in the tolling motion, and consider the motion anew. Such an unorthodox pseudo amendment should be ignored.

Plaintiffs' tolling motion contains a proposed collective definition different from that in their operative complaint. The motion thus is moot and should be denied.

## **Conclusion**

Plaintiffs' request equitable tolling on behalf of a non-existent collective they do not represent, and over whom this Court lacks jurisdiction. Plaintiffs motion also fails to justify the relief it seeks, and is moot in any event. Any of those reasons justifies denying Plaintiffs' motion for equitable tolling. (Doc. 14).

Date: October 29, 2019

Respectfully submitted,

SEYFARTH SHAW LLP

By <u>s/ Brett C. Bartlett</u>
    Brett C. Bartlett
    Georgia Bar No. 040510
    Lennon B. Haas
    Georgia Bar No. 158533
    SEYFARTH SHAW LLP
    1075 Peachtree St. NE, Suite 2500
    Atlanta, Georgia 30309-3958
    Telephone: (404) 885-1500
    bbartlett@seyfarth.com
    lhaas@seyfarth.com

    COUNSEL FOR DEFENDANT PUBLIX SUPERMARKETS, INC.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON; DANYLLE MCHARDY; GEORGE DE LA PAZ JR.; KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>PUBLIX SUPERMARKETS, INC, )<br><br>Defendants. ) | CIVIL ACTION FILE NO. 1:19-CV-4466-LMM |

### CERTIFICATE OF SERVICE

I certify that on October 29, 2019, I electronically filed DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR EQUITABLE TOLLING using the CM/ECF system, which will automatically send email notification of this filing to all counsel of record.

### LOCAL RULE 7.1(D) CERTIFICATION

I certify that this response in opposition to Plaintiffs' motion for conditional certification has been prepared in Book Antiqua 13-point font as approved by Local Rule 5.1(B).

s/ Brett C. Bartlett<br>
Counsel for Defendant