IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAKIA WALTON, DANYLLE MCHARDY,
GEORGE DE LA PAZ JR., KEVIN JACOBS
and FEIONA DUPREE,
Each individually and on Behalf of
ALL OTHERS SIMILARLY SITUATED

Civil Action No.: 1:19-cv-4466 LMM

Jury Trial Demanded

    Plaintiff,

v.

PUBLIX SUPERMARKETS, INC.

    Defendant.

## SECOND AMENDED COMPLAINT - COLLECTIVE ACTION

COMES NOW Plaintiffs, Takia Walton, Danyell McHardy, George De La Paz Jr., Kevin Jacobs and Feiona Dupree by each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their undersigned attorneys, and for their Original Complaint—Collective Action against Publix Supermarkets, Inc. ("Defendant"), they do hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1.    This is a collective action brought by Plaintiffs, individually and on behalf of other misclassified department managers and assistant department managers, employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

1

2. Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per workweek.

## II.  JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Atlanta Division of the Northern District of Georgia, who reside (and resided during their employment with Defendant) within this District, performed services for and were employed by Defendant within this District during the period relevant to this Complaint, and received their paychecks from Defendant in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

5. Defendant is registered with the Georgia Secretary of State to transact business in Georgia, Defendant does business in this District, and a substantial part of the events alleged herein occurred in this District.

6. One or more witnesses to the overtime violations alleged in this Complaint reside in this District.

7. On information and belief, some or all of the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

8. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff Takia Walton is an individual resident and domiciliary of the State of Georgia (Rockdale County). He was employed in multiple locations in the district by Defendant as a Bakery Department Manager.

10. Plaintiff Danylle McHardy is an individual resident and domiciliary of the State of Georgia (Paulding County). She was employed in multiple locations in the district by Defendant as a Bakery Department Manager.

11. Plaintiff George De La Paz Jr. is an individual resident and domiciliary of the State of Georgia (Douglas County). He was employed in multiple locations in the district by Defendant as a Deli Department Manager.

12. Plaintiff Kevn Jacobs is an individual resident and domiciliary of the State of Georgia (Clayton County). He was employed in multiple locations in the district as a Bakery Department Manager.

13. Plaintiff Feiona Dupree is an individual resident and domiciliary of the State of Georgia (Clayton County). She was employed in multiple locations in the district by Defendant, and is currently employed as Deli Department Manager at Defendant's store in Fulton County. She has also worked for Defendant in the state of Florida and is familiar with its personnel practices nation-wide.

14. At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

15. Defendant is a Florida corporation with a principal address of 3300 Publix Corporate Parkway, Lakeland, FL, 33811, providing grocery sales services to customers located in 187 stores throughout the state of Georgia, several of which are located in this District.

16. Defendant employs no fewer than two hundred thousand (200,000) employees at 1,229 store locations in various Southeastern states, including Georgia, Florida, Alabama, South Carolina, Tennessee, North Carolina, and Virginia.

17. Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

18. Defendant's sales for the fiscal year ended December 29, 2018 were $36.1 billion

19. Defendant's registered agent for service of process for the state of Georgia is Corporate Creations Network Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066.

### IV. FACTUAL ALLEGATIONS

20. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

21. At all relevant times herein, Defendant was/is the "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA.

22. Plaintiffs were employed by Defendant as department managers or assistant managers in locations throughout the States of Georgia and Florida while misclassified as exempt management employees.

23. Plaintiffs' primary daily duties were essentially the same as the hourly-paid employees they were tasked with supervising. Like the hourly-paid employees, Bakery Department Managers spent most of their work time mixing dough, baking bread and pastries,

cashiering, slicing bread, packing bread, packing pastries and cookies, decorating baked goods, restocking products and supplies, cleaning work areas and equipment, pulling products, serving customers and assisting staff with the completion of their duties.  These are not management functions.

24. Like the hourly-paid employees, the Deli Department Managers spent most of their work time making sandwiches, cutting lunch meat, unloading trucks, frying chicken, stocking the floors, restocking products and supplies, cleaning work areas and equipment, pulling products, serving customers and assisting staff with the completion of their duties.  These are not management functions.

25. Less than 5% - 10% of Plaintiffs' actual job duties and work time included exempt management related activities.  Plaintiffs' day to day production work and customer service responsibilities were so demanding that they often had to conduct their limited management tasks on their on time (off the clock).

26. Plaintiffs' limited exempt duties routinely fell by the waist side as Defendant placed greater importance on the completion of production and customer service type duties.

27. Considering the extensive weekly hours Plaintiffs worked (60 to 80 hours) and their low fixed salaries ($1,000 - $1,200 ), their effective hourly earnings were often less than the non-exempt employees they were tasked with supervising.

28. The relative relationship between Plaintiffs' weekly salaries and the hourly wages paid to other employees who performed mostly the same work, supports that Plaintiffs were misclassified and grossly underpaid.

29. Plaintiffs primary duties were not the performance of office or non-manual work directly related to the management or general business operations of the Defendant or the Defendant's customers.

30. Plaintiffs' primary duties did not include the exercise of discretion and independent judgment concerning matters of significance.

31. Accordingly, Plaintiffs should have been paid at an hourly non-exempt rate during the entire course of their employment with Publix, and were unequivocally entitled to overtime pay under the Fair Labor Standards Act.

32. Plaintiffs were misclassified as exempt managers for nearly their entire employment with Publix, and have never qualified for any of the exemptions that would allow Defendant not to pay them overtime under federal law.

33. Under the Fair Labor Standards Act (FLSA), employers must pay employees overtime pay for hours worked in excess of forty (40) in a workweek of at least one and one-half times their regular rates of pay. Defendant deliberately misclassified Plaintiffs as exempt employees to avoid paying Plaintiffs overtime for hours he regularly worked beyond 40 hours a week.

34. Plaintiffs generally worked at least 12 hour a days - five days a week and at hourly rates ranging from $18.00 to $23.00 per hour. Some Plaintiffs worked additional hours on their days off conducting inventory and covering shifts for other employees.

35. It is estimated that during the final three years of the Plaintiffs' misclassified employment they worked an approximate average of 28 additional hours beyond 40 a week, for which they were not appropriately compensated at the rate of time and a half.

36.     Defendant failed to pay the known Plaintiffs a combined average total of 30,576 hours of unpaid overtime from the last three years of their employment. Based on their average overtime pay rates and federal law, Defendant owes the known Plaintiffs $626,808 in unpaid overtime, plus liquidated damages in the same amount.

37.     Defendant violated the FLSA by misclassifying Plaintiffs as exempt, and failing to pay Plaintiffs overtime for their hours worked beyond 40 a week.

38.     Defendant recently acknowledged its misclassification of Plaintiffs by formally converting them to non-exempt hourly wage earners and requiring them to clock in and out of work every day.

39.     Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other department managers violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

40.     Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

41.     Plaintiffs bring their claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated management employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

    A.     Lawful overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

    B.     Liquidated damages; and

        C.        The costs of this action, including attorney's fees.

42.        In conformity with the requirements of FLSA Section 16(b), Plaintiffs have or will file shortly Consents to Join this lawsuit.

43.        The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint - Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a), except as set forth herein below.

44.        The proposed class of opt-in plaintiffs in this case is defined as all persons who meet the following requirements:

        A.        They were employed by Defendant as salaried department managers, salaried assistant department managers or equivalent positions at all of Defendant's locations. nation-wide.

        B.        They were not paid overtime at the statutory rate for all of the hours they worked beyond 40 hours each week during the relevant time period required to perform work outside of their scheduled working hours.

45.        The proposed FLSA class members are similarly situated in that they share these traits:

        A.        They were classified by Defendant as exempt from the minimum wage and overtime requirements of the FLSA.

        B.        They performed the same or similar job duties;

        C.        Management was not their primary duty during the relevant time period;

        D.        They were paid salaries instead of hourly rates and overtime for the actual hours worked;

        E.    They were subjected to Defendant's common practice of misclassifying department managers as exempt, rather than compensate them for the hours they actually worked each week;

46. Plaintiffs are unable to state the exact number of the class but believe that the class is not less than three hundred (300) persons.

47. Defendant can readily identify the members of the Section 16(b) class, which encompasses all Publix Bakery and Deli departments Managers and Assistant Managers nation-wide, who were misclassified as exempt salaried employees, performed mostly manual labor and were not paid at the proper overtime rate for hours worked more than forty (40) hours in any week within three (3) years prior to the inception of this lawsuit.

48. All Bakery and Deli Department Managers and Assistant Managers (nation-wide) were subjected to the same misclassification as exempt salaried employees, performed the same essential duties, and were not paid at the proper overtime rate, regardless of the state, or store location where each was employed.

49. Additionally, in April of 2019 the Deli and Bakery Department Managers and Assistant Managers were uniformly reclassified as hourly employees and are currently paid at the proper overtime rate for all hours worked above forty (40) per week.

50. The names, telephone numbers, physical mailing addresses and email addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email and text message to their last known physical and electronic mailing addresses and cell phone numbers as

soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.  FIRST CLAIM FOR RELIEF
(Individual Claims for Violation of the FLSA)

51. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

52. Plaintiffs assert this claim for damages and declaratory relief pursuant to the FLSA.

53. At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

54. At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

55. 29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

56. Defendant misclassified Plaintiffs as exempt from the overtime requirements of the FLSA.

57. Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

58. In many instances, Plaintiffs were not compensated at all for the hours they worked over forty (40).

59. Defendant's failure to pay Plaintiffs all minimum and overtime wages owed was willful.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VII. SECOND CLAIM FOR RELIEF
(Collective Action Claim for Violation of the FLSA)

61. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

62. Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA.

63. At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

64. Defendant misclassified Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA.

65. Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all those similarly situated an overtime rate of one and one-half (1.5) times their regular rates of pay for all hours worked over forty (40) in each one-week period.

66. Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the proposed collective is properly defined as follows: All Publix Bakery and Deli department Managers and Assistant Managers nation-wide, who were misclassified as exempt salaried employees, performed mostly manual labor and were not paid at the proper overtime rate for hours worked more than forty (40) hours in any week within three (3) years prior to the inception of this lawsuit.

67. Defendant willfully failed to pay overtime wages to Plaintiffs and to all others similarly situated.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and answer herein and for declaratory relief and damages as follows:

    A. That Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

    B. A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 et seq.;

    C. Certification of, and proper notice to, together with an opportunity to

participate in the litigation, all qualifying current and former employees;

       D.    Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 et seq.;

       E.    Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid minimum wages and overtime compensation owed to Plaintiffs and members of the class during the applicable statutory period;

       F.    An order directing Defendant to pay Plaintiffs and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

       G.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
T: 877-443-0999
F: 877-443-0999
alizana@attorneylizana.com

Taft L. Foley II
The Foley Law Firm
(*ADMITTED PRO HAC VICE*)
3003 South Loop West, Suite 108
Houston, Texas, 77002
T: (832) 778-8182;
F: (832) 778-8353
taft.foley@thefoleylawfirm.com
**ATTORNEYS FOR PLAINTIFFS**