IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, *individually and on behalf of all others similarly situated*,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC.,<br><br>Defendant. | CIVIL ACTION NO.<br>1:19-CV-4466-LMM |

## ORDER

This case comes before the Court on Plaintiffs' Motion to Toll Limitations Period for Putative Collective Members [14-1]. After due consideration, the Court enters the following Order:

### I.  BACKGROUND

Plaintiffs sued Defendant Publix Supermarkets, Inc. ("Publix") in this Court on October 3, 2019. Dkt. No. [1]. Plaintiffs are Publix employees claiming that Publix failed to pay them statutory overtime due under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"). See Dkt. No. [26] ¶ 2. They have moved to conditionally certify a class that would include other employees with claims like theirs. See Dkt. Nos. [4], [17].

Plaintiffs filed a Motion to Toll Limitations Period for Putative Collective Members on October 17, 2109. Dkt. No. [14]. Plaintiffs request that the Court toll the FLSA's statute of limitations for employees who are not yet parties but who might opt into this case if the Court approves Plaintiffs' motion to certify a collective action. See Dkt. No. [14-1]. Plaintiffs argue that, without tolling, these putative opt-in plaintiffs will suffer claim erosion because of the time the parties spent unsuccessfully negotiating a tolling agreement and the time that will elapse between Plaintiffs' conditional-certification filing and the Court's ruling on that motion. Id. at 2.

## II. DISCUSSION

Plaintiffs argue that the Court should equitably toll the FLSA's statute of limitations for putative opt-in plaintiffs because Plaintiffs were diligent in pursuing relief and because extraordinary circumstances justify tolling. Dkt. No. [14-1]. But Defendant argues the Court should not even consider this argument because Plaintiffs have no authority to represent putative, opt-in plaintiffs not yet involved in this suit. Dkt. No. [23] at 6.[1] If this argument is correct, Plaintiffs' equitable-tolling arguments would be moot.

The FLSA distinguishes between named plaintiffs and opt-in plaintiffs in collective actions. See 29 U.S.C. §§ 216, 256. Section 216 empowers plaintiffs to bring claims "in behalf of himself or themselves and other employees similarly

---

[1] Because the Court agrees with Defendant on this ground, it does not address Defendant's other arguments: that Plaintiffs' subsequent filings mooted their tolling motion and that Plaintiffs do not deserve equitable tolling in any event.

situated" but provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). A named collective-action plaintiff's case "shall be considered to be commenced . . . on the date when the complaint is filed." 29 U.S.C. § 256(a). An opt-in plaintiff's case begins "on the subsequent date on which [] written consent is filed in the court in which the action was commenced." 29 U.S.C. § 256(b). In either case, the FLSA sets out a statute of limitations of two years for non-willful violations. See 29 U.S.C. § 255(a).

Plaintiffs acknowledge the statutory distinction between cases filed by named plaintiffs and those filed by opt-in plaintiffs through written consents. See Dkt. No. [14-1] at 2–3 ("[T]he limitations period for each putative collective member continues to run . . . until they file a Consent Form opting in to the lawsuit.") (citing 29 U.S.C. § 256(b)). And, for that reason, Plaintiffs seek tolling only for the "putative collective members" not yet involved in this suit. Id. at 3.

However, the Eleventh Circuit has held that named plaintiffs in an FLSA collective action lack authority to represent putative opt-in plaintiffs. See Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240 (11th Cir. 2003). In Cameron-Grant, the Eleventh Circuit considered whether a plaintiff ("Basil") whose personal claims were settled and moot could appeal a district court's order denying his motion to notify putative opt-in plaintiffs of his FLSA action. See Id. at 1242. The Circuit held that Basil could not appeal the denial because his own

3

action was moot, and the FLSA did not empower Basil to represent putative plaintiffs while he lacked a personal stake in the case. See id. at 1249 ("[U]nder § 216(b), the named plaintiff does not have the right to act in a role analogous to the private attorney general concept.").

The court distinguished FLSA collective actions from Rule 23 certification. Under Rule 23, a plaintiff "may have a 'personal stake' in the class certification claim in one of two ways." Id. at 1245 (citing United States Parole Comm'n v. Geraghty, 445 U.S. 388, 402 (1980)). A Rule 23 plaintiff may have a "legally cognizable interest" in the "traditional sense." Id. This would include, for example, an economic interest like "the named plaintiff's continuing individual interest in shifting the costs of litigation to the entire class." Id. at 1246.

But Basil did not argue that he had a class-certification interest in the traditional sense. Instead, he appealed to the second class-certification interest: the right to represent uninvolved plaintiffs. Id. Rule 23 empowers plaintiffs to act as private attorneys general to vindicate the interests tied to the Rule, including "the protection of the defendant from inconsistent obligations, the protection of the interests of absentees, the provision of a convenient and economical means for disposing of similar lawsuits, and the facilitation of the spreading of litigation costs among numerous litigants with similar claims." Id. (citing Geraghty, 445 U.S. at 402–03). "In other words, the named plaintiff has a 'procedural . . . right to represent a class' that is independent of his substantive claims." Id. (citing Geraghty, 445 U.S. at 402).

4

However, the Eleventh Circuit explained, the FLSA does not include this right to act as a private attorney general. See id. at 1247–49. The Circuit pointed to § 216(b) of the FLSA, which provides in part that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The Circuit explained that Congress added this prohibition to § 216(b) in the 1947 Portal to Portal Act "to limit the parties who could bring suit under [the FLSA]." Cameron-Grant, 347 F.3d at 1248. "Thus, the 1947 amendments to the FLSA prohibit . . . a representative plaintiff filing an action that potentially may generate liability in favor of uninvolved class members." Cameron-Grant, 347 F.3d at 1248. Given this legislative context, the Circuit held that "a § 216(b) plaintiff has no claim that he is entitled to represent other plaintiffs." Id. at 1249.

Since FLSA collective-action plaintiffs lack authority to represent putative class members, Plaintiffs in this case cannot seek equitable tolling for Publix employees not involved in this case. The Eleventh Circuit held the Cameron-Grant plaintiff's appeal moot because he had no right to represent putative, opt-in plaintiffs. Id. But the relief Plaintiffs seek here can only be obtained if the Court allows Plaintiffs to vicariously argue for uninvolved, putative plaintiffs. The Eleventh Circuit has elsewhere observed that

> Congress amended § 216(b) of the FLSA to provide that an employee must file written consents in order to be made a party plaintiff to the collective action under § 216(b). In discussing this amendment,

5

> Congress expressed the concern that an opt-in plaintiff should not be able to escape the statute of limitations bearing on his cause of action by claiming that the limitations period was tolled by the filling of the original complaint.

Grayson v. K Mart Corp., 79 F.3d 1086, 1106 (11th Cir. 1996) (citing 93 Cong. Rec. 2,182 (1947)). If opt-in plaintiffs cannot bootstrap their claims to an original plaintiff's claim, then an original plaintiff cannot vicariously obtain the same relief for the opt-ins.[2]

Other district courts, employing similar reasoning, have found that plaintiffs may not seek equitable tolling on behalf of putative collective-action plaintiffs. See, e.g., Sellers v. Sage Software, Inc., No. 1:17-CV-3614-ELR, 2018 WL 5631106, at *7–*8 (N.D. Ga. May 25, 2018); Atkinson v. TeleTech Holdings, Inc., No. 3:14-CV-253, 2015 WL 853234, at *8 (S.D. Ohio Feb. 26, 2015) ("[N]amed plaintiffs have no authority to move to equitably toll the claims of the potential opt-in plaintiffs."); Jesiek v. Fire Pros, Inc., No. 1:09-CV-123, 2011 WL 2457311, at *2 (W.D. Mich. June 16, 2011) ("In the case's present posture, the entire question is hypothetical and is raised by plaintiffs who have no personal interest in the outcome."); Tidd v. Adecco USA, Inc., No. 07-11214-GAO, 2010

---

[2] Here, Plaintiffs argue that the putative opt-ins deserve equitable tolling because Plaintiffs (not the opt-ins) were diligent in pursuing relief. Dkt. No. [14-1] at 4. But that is not the test for equitable tolling, which requires that the would-be beneficiary of equitable tolling was diligent in seeking relief. Consider the case that Plaintiff cites for the equitable-tolling standard, Dyson v. District of Columbia: "A petitioner is entitled to equitable tolling only if she shows (1) that *she* has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in *her* way and prevented timely filing." 710 F.3d 415, 421 (D.C. Cir. 2013) (alterations adopted) (emphasis added).

WL 996769, at *3 (D. Mass. Mar. 16, 2010) ("Because these persons have not yet opted-in to the case, the plaintiffs are, in effect, asking for an advisory opinion, which the Court cannot issue.").

This Court agrees with those courts and holds that Plaintiffs may not seek equitable tolling for putative opt-in plaintiffs. If the Court grants conditional certification and future opt-in plaintiffs wish to argue for equitable tolling, they may do so on their own behalf. See Jesiek, 2011 WL 2457311, at *2 ("[T]he burden will be on each opt-in plaintiff to demonstrate facts satisfying . . . equitable tolling.").

### III. CONCLUSION

Based upon the foregoing, Plaintiff's Motion for Order to Toll Limitations Period for Putative Collective Members [14] is **DENIED**.

**IT IS SO ORDERED** this 5th day of December, 2019.

_____
**Leigh Martin May
United States District Judge**