## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TAKIA WALTON, DANYLLE )
MCHARDY, GEORGE DE LA PAZ JR., )
KEVIN JACOBS and FEIONA DUPREE, )
Individually, and on behalf of all others )
similarly situated, )          CIVIL ACTION FILE NO.
                                       )          1:19-CV-4466-LMM

     Plaintiffs, )

                                       )

v. )

                                       )

PUBLIX SUPER MARKETS, INC, )

     Defendant. )

### DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO
### STATE A CLAIM AND FOR LACK OF PERSONAL JURISDICTION

Defendant Publix Super Markets, Inc. moves under Federal Rule of Civil Procedure 12(b)(2) to dismiss opt-in plaintiff Jovanovich Roberts for lack of personal jurisdiction, and Rule 12(b)(6) to dismiss Plaintiffs' Second Amended Fair Labor Standards Act Complaint (Doc. 26) for failure to state a claim.

## I.    Introduction

Plaintiffs are current and former Deli and Bakery Department Managers who have worked at Publix locations in Georgia and Florida. They seek to litigate claims for allegedly unpaid overtime compensation and liquidated damages under the Fair Labor Standards Act ("FLSA") on behalf of a collective of

purportedly similarly situated Department Managers and Assistant Department Managers nationwide, all of whom they allege Publix misclassified as exempt from that law's minimum wage and overtime requirements.  For various reasons, this Court should dismiss their claims.

To begin, indicative of the flaws inherent in Plaintiffs' collective action claims, opt-in plaintiff Jovanovich Roberts should be dismissed because he lives and works for Publix in Florida.  His claim thus bears no relationship to Publix's contacts with Georgia.  Without those contacts, this Court lacks jurisdiction over Publix as to Roberts's claims.

Beyond Roberts (and opt-ins like him), Plaintiffs' collective claims are inherently flawed and irreparable.  First, Plaintiffs' collective definition includes department managers classified as *exempt* from the FLSA's overtime requirements *and* the hourly, overtime-paid, and *non-exempt* assistant managers whom they supervised during that time.  Half of the people Plaintiffs purport to represent, in other words, lack viable claims that Publix misclassified them as exempt, to say nothing of their fundamental dissimilarity to Plaintiffs.  Second, the inclusion of supervisors and their subordinates within an FLSA collective action definition creates inherent and intractable conflicts of interest that doom Plaintiffs' complaint.  Third, the collective definition includes employees in roles that

Plaintiffs never held. Plaintiffs thus lack standing to represent those employees. And fourth, even if the inherent conflicts and Plaintiffs' lack of standing did not foreclose their desired collective, this Court cannot exercise jurisdiction over any opt-in plaintiff who did not work for Publix in Georgia. That Plaintiffs will attempt to join such out-of-state Publix employees to this case is not theoretical, as they have already sought to join Florida opt-in plaintiff Roberts.

Even if it permits Plaintiffs' litigation to proceed, this Court should dismiss Plaintiffs' allegation that Publix willfully violated the FLSA by misclassifying them as exempt because Plaintiffs' complaint lacks factual allegations to support that claim. Because a deficient collective definition hamstrings class-wide adjudication, and because even on their third try Plaintiffs pled only legal conclusions about willful conduct, Plaintiffs' collective action claims should be dismissed without leave to replead, and Plaintiffs' request for liquidated damages and a third year of liability rejected.

## II.    Background

Based in Florida, Publix operates 1,230 grocery stores across seven states located primarily in the southeast. (Erin King Decl. at ¶ 3, attached as Ex. A). Just 187 of those are Georgia stores. (*Id.*) All of Publix's stores are subdivided into

different departments, with each department led by a department-specific manager and an assistant manager. (*Id.* at ¶8).

Department Managers supervise Assistant Department Managers. (*Id.* at ¶ 9). Managers set their assistants' hours, participate in hiring decisions for the assistant positions, assign Assistant Department Managers to supervise other associates, and direct their assistants' work. (*Id.* at ¶ 10). Department Managers also mentor Assistant Managers who show management potential. Decl. of Daniel Gueguen at ¶¶ 9-12, attached as Ex. B. Those Assistant Managers identified as "contenders" are given additional responsibilities by Department Managers. Gueguen Decl. at ¶¶ 10-11.

 Publix has paid Assistant Department Managers hourly and classified them as non-exempt for the entire time period relevant to this case. (King Decl. at ¶ 11). Since December 27, 2014, Assistant Department Managers received hourly pay and overtime wages and were classified as nonexempt. (*Id.* at ¶ 12). Department Managers, by contrast, were classified as exempt from December 27, 2014 to March 29, 2019 and paid a salary. (*Id.* at ¶ 13). Since April 1, 2019, Department Managers have, like Assistant Department Managers, received hourly pay. (*Id.* at ¶ 14). In other words, for the entire relevant time period, Department Managers and

Assistant Department Managers have been classified, and paid, differently. (*Id.* at ¶ 15).

The named plaintiffs are all current and former Bakery and Deli Department Managers at various stores in Georgia. (Doc. 26 at 3). Only opt-in plaintiff Charles Bryant worked as a non-exempt, hourly assistant manager during times relevant to this case. (*See* Doc. 9-6). Opt-in plaintiff Jovanovich Roberts works for Publix outside of Georgia and has never worked for Publix within the state. (*See* Doc. 24).

Plaintiffs seek to litigate FLSA overtime claims on behalf of a collective. They define the proposed collective at one point in the Second Amended Complaint as all people who "were employed by [Publix] as salaried department managers, salaried assistant department managers or equivalent positions at all of [Publix's] locations nation-wide" who also "were not paid overtime" for hours worked beyond 40 in a given week. (Doc. 26 at 8). Plaintiffs switch definitional gears three paragraphs later, however, and limit "the members of the Section 16(b) class" to "all Publix Bakery and Deli department Managers and Assistant Managers nation-wide."[1] (*Id.* at 9). Absent from the second class definition are the other department managers and "equivalent positions."

---

[1] Another FLSA case pending before this Court, *Aiuto v. Publix*, No. 1:19-cv-4803, also seeks certification of a collective that includes Bakery and Deli Department Managers. In *Aiuto*, which the plaintiffs therein claim is related to this case, Publix

Whether confined to the Bakery and Deli Departments, or encompassing all department managers, Plaintiffs contend that managers and assistant managers are "similarly situated" because they (1) were classified as exempt; (2) performed the same or similar job duties; (3) those duties were not primarily management related; (4) they received salaries instead of hourly pay; and (5) they were all subject to Publix's alleged practice of misclassifying department managers as exempt. (*Id.* at 8-9). That practice, say Plaintiffs, ended in April 2019, when Publix reclassified all Deli and Bakery Department Managers and Assistant Managers as non-exempt. (*Id.* at 9).

Except, as discussed above, that's not true. Publix has never classified Assistant Department Managers as non-exempt during the relevant time period — all Assistant Department Managers have been paid hourly, with overtime premiums for hours worked over forty per workweek. (King Decl. at ¶¶ 11-12) In that same vein, the March 2019 reclassification from exempt salaried status to non-exempt hourly status applied only to Department Managers, not Assistant Managers. (*Id.* at ¶¶ 13-14).

---

has answered the complaint and is preparing to oppose the plaintiffs' motion to conditionally certify a collective comprising Bakery Department Managers, Deli Department Managers, and Meat Department Managers. Publix's opposition to that motion is due, with an extended deadline, on December 18, 2019.

## III.    Argument

Three pieces of this case don't belong: first, Plaintiff Jovanovich Roberts' claims stem from Publix's contacts with Florida, not Georgia, thus eliminating personal jurisdiction over Publix as to Roberts' claims.  Second, Plaintiffs' claims should be dismissed because their proposed collective definition contains hourly paid employees to whom Publix paid overtime wages.  Finally, Plaintiffs' request for liquidated damages and a third year of exposure should be dismissed because they plead no plausible factual allegations that Publix willfully violated the FLSA. Because Plaintiffs have already amended twice—and offered up at least six collective definitions in those pleadings and elsewhere—they should not be allowed to replead.

### A.    No Personal Jurisdiction Exists Over Publix as to Claims by Plaintiffs Who Lived and Worked Outside of Georgia

FLSA opt-in plaintiffs, like Jovanovich Roberts, have party plaintiff status. As party plaintiffs, opt-in plaintiffs' claims must satisfy the same jurisdictional questions as the named parties.  Each opt-in must establish personal jurisdiction over Publix.

Roberts cannot do so.  No general jurisdiction exists because Publix is not "at home" in Georgia.[2]  And because his claim lacks any connection to the state, no specific jurisdiction exists either.  Given his inability to establish personal jurisdiction, Roberts should be dismissed.

      1.    *FLSA opt-ins like Roberts are party plaintiffs whose claims must connect to Georgia*

Plaintiffs in everyday civil suits must establish personal jurisdiction, while unnamed class action members need not.  *See Sanchez v. Launch Tech. Workforce Sols, LLC*, 297 F. Supp. 3d 1360, 1369 (N.D. Ga. 2018) (noting that unnamed Rule 23 class members may not be considered parties for purposes of establishing personal jurisdiction over a defendant).  FLSA collective actions, however, are not Rule 23 class actions, and opt-in plaintiffs are not unnamed class members.  *See Mickles v. Country Club Inc.*, 887 F.3d 1270, 1275-76 (11th Cir. 2018); *see also Pettenato v. Beacon Health Options, Inc.*, No. 19-cv-1646, 2019 WL 5587335, at *9 (S.D.N.Y. Oct. 25, 2019) ("[A]n FLSA collective action is more comparable to the mass tort action

---

[2]  Despite its presence in Georgia, where it has offices and 187 stores, Publix is incorporated in Florida, has its principal place of business in Florida, and lacks contacts with Georgia (Doc. 26 at 4) that are "so continuous and systematic as to render it essentially at home" here.  *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014); *see also id.* (holding that California state courts lacked general jurisdiction over Mercedes-Benz even though the company was "the largest supplier of luxury vehicles to the California market").  Georgia courts thus lack general jurisdiction over Publix.

in *Bristol-Myers* than to a Rule 23 class action.").  Instead, individuals who opt into a collective action are party plaintiffs.  Their claims thus must connect to the forum, no different than if they were a named plaintiff.

Under the FLSA, "[n]o employee shall be a *party plaintiff* unless he gives his consent in writing to become such a party and such consent is filed with the court." 29 U.S.C. § 216(b) (emphasis added).  Consistent with that provision, the FLSA defines an action's commencement date as to "any individual claimant" as the date "his written consent to become a *party plaintiff* is filed."  29 U.S.C. § 256(a) (emphasis added); *see also Mickles*, 887 F.3d at 1273 (noting that nothing more than that written consent is necessary "to become a party plaintiff"); *Halle v. W. Penn Allegheny Health Sys. Inc.*, 842 F.3d 215, 225 (3d Cir. 2016) ("[E]very plaintiff who opts in to a collective action has party status.").

An opt-in's party-plaintiff status comes with "the same status in relation to the claims of the lawsuit" as a named plaintiff.  *Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003).  After opting in, "there is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018) (citing *Mickles*, 887 F.3d at 1278).  That distinguishes an FLSA opt-in plaintiff's status from that of an unnamed class member in a Rule 23 case.  In the Rule 23 context, a certified

class "has independent legal status" and each class member is represented by a court-approved representative and bound by any judgment (unless they "opt out"). *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 59-60 (D. Mass. 2018) (internal citations omitted); *see also Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248 (11th Cir. 2003) (observing that the FLSA's opt-in provision is "a fundamentally different creature than the Rule 23 class action"). In an FLSA collective action, by contrast, only those who "opt in" have legal status, and the action itself "is more accurately described as a kind of mass action, in which aggrieved workers act as a collective of individual plaintiffs with individual cases."[3] *Id.*; *Campbell*, 903 F.3d at 1105 (internal citations omitted); *Pettenato*, 2019 WL 5587335, at *9.

The "natural parallel" for opt-in plaintiffs in a collective action is "to plaintiffs initially named or later added under the . . . rules of party joinder," all of whom must show that personal jurisdiction exists. *Campbell*, 903 F.3d at 1104-05; *Roy*, 353 F. Supp. 3d at 59-60. They cannot make that showing collectively,

---

[3]   Unnamed class members and FLSA opt-ins differ in more ways than representation. Opt-in plaintiffs, for example, are subject to party discovery, whereas unnamed class members generally are not. *See Pettenato*, 2019 WL 5587335, at *9. It makes little sense, then, to lump the two together for purposes of something as fundamental as personal jurisdiction when they differ in so many critical ways.

however.  When multiple people join together and sue, their individual claims must connect to the defendant's activities in the chosen forum in order for a court to assert power over the defendant as to those claims.  *See Bristol-Myers Squibb Co. v. Superior Ct. of Cali., San Francisco Cty.*, 137 S. Ct. 1773, 1781 (2017) (holding that non-California plaintiffs in a mass tort action whose claims contained no California-based harm could not demonstrate California state court jurisdiction over their claims); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274 (5th Cir. 2006) ("Is specific personal jurisdiction a claim-specific inquiry?  We conclude that it is.  A plaintiff bringing multiple claims that arise out of different forum contacts of the defendant must establish specific jurisdiction for each claim.").

Jovanovich Roberts, by opting into this case, has made himself a party plaintiff.  *See Prickett*, 349 F.3d at 1297.  He thus must establish that personal jurisdiction exists over Publix as to his claim.  *See Bristol-Myers*, 137 S. Ct. at 1781.  To that end, he must show that his claims relate to Publix's Georgia contacts.  He cannot.

### 2.   *No specific jurisdiction exists over Roberts' claims*

Roberts' opt-in filing forecloses his ability to show that personal jurisdiction exists over Publix as to his claim.

"In analyzing a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2)," courts in this circuit "first determine whether the applicable statute potentially confers jurisdiction over the defendant, and then determine whether the exercise of jurisdiction comports with due process." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997). The applicable statute here, the FLSA, contains no jurisdictional hook because it lacks a nationwide service of process provision. *See Aviles v. Kunkle*, 978 F.2d 201, 204 (5th Cir. 1992); *Pettenato*, 2019 WL 5587335, at *4. When a federal statute lacks such a provision, courts turn to Fed. R. Civ. P. 4(k)(1), which says that service of process establishes personal jurisdiction over defendants amenable to service under the forum state's long-arm statute.

Georgia's long-arm statute contains "independent obligations" unrelated to due process. *See Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1259 (11th Cir. 2010). Publix easily satisfies those by doing business in Georgia, *see* O.C.G.A. § 9-10-91(1), so the outer boundaries of the due process inquiry cabin the reach of personal jurisdiction in this case.

That due process inquiry—*the* inquiry for purposes of this motion—asks about the relationship between the forum, the defendant, and the claim at issue. *See Walden v. Fiore*, 571 U.S. 277, 283-84 (2014). For a court to exercise specific

personal jurisdiction, a claim must "arise out of or relate" to the defendant's "contacts with the forum." *Bristol-Myers*, 137 S. Ct. at 1780; *see also Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985) (holding that specific jurisdiction exists over a defendant who "purposefully directs" activities at the forum "and the [claim] results from alleged injuries that arise out of or relate to those [in-forum] activities") (quotes omitted). Specific jurisdiction thus is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011).

Roberts' claim has no connection to Georgia or Publix's operations in the state. Roberts works for Publix in Florida, lives in Florida, and has been paid in Florida by Publix throughout the time period relevant here. (King Decl. at ¶ 16). At no point has Roberts worked for or been paid by Publix in Georgia. Roberts' claim thus does not "relate to" Publix's Georgia conduct and operations. *Burger King*, 471 U.S. at 472-73. Without that affiliation, this Court lacks personal jurisdiction over Publix as to Roberts' claim.

Courts around the country have agreed that FLSA opt-in plaintiffs must establish personal jurisdiction.[4]   Those that have not have relied on flawed reasoning.  Typified by *Swamy v. Title Source, Inc.*, 2017 WL 5196780 (N.D. Cal. Nov. 10, 2017), these courts have cited the FLSA's broad remedial scope and refused to require out-of-state opt-in plaintiffs to prove personal jurisdiction.  *See id.* at *2; *see also Meo v. Lane Bryant, Inc.*, 2019 WL 5157024, at *12 (E.D.N.Y. Sept. 30, 2019) ("As a remedial statute, Congress intended for nationwide FLSA collective actions.  Applying *Bristol-Myers* to FLSA collective actions would countermand that purpose.").  The FLSA's goals of regulating employment matters nationwide, and providing expansive remedies, however, relates to subject matter, not personal, jurisdiction.  *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 562 (2017).  In any event, the statute's intended reach does not obviate the need for courts to have jurisdiction over the parties before it.  *See Drago Shipping*

---

[4]  *Pettenato*, 2019 WL 5587335, at *9; *Chavira v. OS Restaurant Sers., LLC*, 2019 WL 4769101, at *4 (D. Mass. Sept. 30, 2019); *Szewczyk v. United Parcel Serv., Inc.*, No. CV 19-1109, 2019 WL 5423036, at *8 (E.D. Pa. Oct. 22, 2019); *Rafferty v. Denny's, Inc.*, No. 5:18-cv-2409, 2019 WL 2924998, at *2-3 (N.D. Ohio July 8, 2019); *Maclin v. Reliable Reports of Tex., Inc.*, 314 F. Supp. 3d 845, 850-51 (N.D. Ohio 2018); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 59-60 (D. Mass. 2018); *Turner v. UtiliQuest, LLC*, Case No. 3:18-cv-00294 (M.D. Tenn. July 16, 2019).

*Corp. v Union Tank Car Co.*, 378 F.2d 241, 244 (9th Cir. 1967) ("The fact that subject-matter jurisdiction exists does not excuse the lack of in personam jurisdiction.").

Because Roberts cannot establish that Publix's Georgia conduct and operations relate to his claims, this Court lacks personal jurisdiction over Publix as to those claims.

### B.   Plaintiffs' Collective Definition Precludes Stating a Collective Action Claim[5]

"To state an FLSA collective action claim, a complaint must allege facts sufficient to create the plausible inference that there is a group of individuals similarly situated to Plaintiff[s]." *Peck v. Hillside Children's Ctr.*, 915 F. Supp. 2d 435, 438 (W.D.N.Y. 2013); *see also Gibbs v. MLK Express Servs., LLC*, No. 218CV434FTM38MRM, 2019 WL 480508, at *3 (M.D. Fla. Feb. 7, 2019).  Where a plaintiff's own proposed collective definition precludes similarity, the complaint fails to state a claim.

---

[5]   Federal Rule of Civil Procedure 8(a)(2) requires complaints to contain a short and plain statement of a plaintiff's claim.  For that "short and plain statement" to state a claim for relief, it must contain factual allegations, taken as true, that raise the right to relief about a speculative level.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).  In other words, the factual allegations alone must be plausible.  *Id.* Conclusory allegations are disregarded, "a formulaic recitation of the elements of a cause of action will not do," and naked assertions devoid of factual enhancement do not suffice.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Kent v. Wagner Serv. Sols., Inc.*, No. 2:14-CV-292-RWS, 2015 WL 3466390, at *1–2 (N.D. Ga. June 1, 2015) (evaluating a motion to dismiss FLSA claims).

The Second Amended Complaint pleads Plaintiffs out of a collective action claim for four reasons.  First, it proposes a collective definition that includes both exempt and non-exempt positions, thus creating fatal dissimilarity.  Second, inclusion of supervisors *and* their subordinates bakes in certification-barring intra-collective conflicts of interest and dissimilarities.  Third, the named plaintiffs worked in only a few of the positions they purport to represent.  They thus lack standing to pursue claims for other positions.  And fourth, Plaintiffs' definition would have this Court exercise jurisdiction that it does not have, over Publix associates who never lived or worked in Georgia during the relevant time.

1.    *The complaint definition includes exempt and non-exempt positions*

Plaintiffs allege that Publix misclassified all putative collective members as exempt during the relevant time period.  (Doc. 26 at 6).  This is a foundational claim undergirding the whole of Plaintiffs' collective action complaint.  It is also indisputably false because, since December 27, 2014, Publix has classified its Assistant Department Managers as non-exempt.  (King Decl. at  ¶ 12).

In other words, Publix did not misclassify them as exempt because, at all pertinent times, Publix classified Assistant Department Managers as non-exempt. During about the last five years, half of Plaintiffs' proposed collective (half, because for every department in a Publix there is a Department Manager and an

Assistant Department Manager) never had potentially viable FLSA claims premised on misclassification. (*Id.* at ¶ 12) (Assistant Department Managers have received hourly pay and nonexempt classification since December 27, 2014). Plaintiffs' claim that all proposed collective members—half of which includes associates never classified as exempt—should recover overtime because of misclassification as exempt thus is no claim at all.

2.    *The collective definition creates unacceptable conflicts of interest between proposed collective members*

The foundation of Plaintiffs' Second Amended Complaint is further flawed because their proposed collective definition creates unworkable conflicts of interest in addition to including two groups of facially dissimilar Publix employees. Those conflicts alone merit excluding Assistant Managers from this case in the event this Court conditionally certifies a collective.

Including supervisors and their supervisees in the same collective can create conflicts of interest that make certification inappropriate. *See Bentley v. Cty. of Los Angeles*, No. CV 09-02063-RGK(CWX), 2009 WL 10674394, at *3 (C.D. Cal. Sept. 15, 2009); *Ellerd v. Cty. of Los Angeles*, No. CV 08-4289 CAS FFMX, 2009 WL 982077, at *5 (C.D. Cal. Apr. 9, 2009); *White v. Osmose, Inc.*, 204 F. Supp. 2d 1309, 1314 (M.D. Ala. 2002). In *Bentley*, *Ellerd*, and *Osmose*, courts found inherently conflicted

collectives unworkable because they included both supervisors and supervisees. In each case, the nature of the relationship—supervisees claims' dependent on supervisor conduct for facts supporting their FLSA claims—created "an inherent conflict of interest between the two groups." *Osmose*, 204 F. Supp. 2d at 1314.

Plaintiffs' collective also is unworkable because of the inherent conflicts it creates. Assistant Department Managers report to Department Managers. (King Decl. at ¶ 9). Department Managers direct the work and working conditions of Assistant Department Managers, much like the supervisors in *Osmose*, *Bentley*, and *Ellerd*. *See also Brayman v. KeyPoint Gov't Sols., Inc.*, No. 18-CV-0550-WJM-NRN, 2018 WL 5776373, at *5 (D. Colo. Nov. 1, 2018) (agreeing implicitly that *Ellerd* presented a certification-destroying conflict of interest). They also set hours and schedules, assign work tasks, and make recommendations on associates who are ready to be promoted to Assistant Department Manager roles. (King Decl. at ¶ 10).

The flip side of that is that Assistant Managers are dependent on Department Managers to define their job responsibilities. (*Id.*) From 2017 to early 2019, in fact, Department Managers' individual management styles and practices directly affected the degree to which some Assistant Department Managers were entrusted with significant managerial responsibilities. (*Id.* at ¶ 17). In the former

situation, an Assistant Manager's misclassification claim arises in part because of the Department Manager's conduct.  When one group of plaintiffs' claims derive from the conduct of other plaintiffs, an inherent conflict exists.  *See Osmose, Inc.*, 204 F. Supp. 2d at 1314.  That conflict in turn makes certification of plaintiffs' proposed collective inappropriate.

> 3. *The named plaintiffs lack standing to pursue claims on behalf of assistant managers*

Dissimilarities and conflicts aside, the five named plaintiffs are or were Bakery and Deli Department Managers.  (*See* Doc. 26 at 3).  No named plaintiff was an Assistant Manager, nor was any employed in a department other than the deli or bakery.  *Id.*  Despite that, if their collective definition is read expansively, then Plaintiffs purport to represent all Publix Department Manager and Assistant Managers.  (*See id.* at 8).  They lack standing to do so.

"A plaintiff cannot, as a matter of standing, 'rest his claim to relief on the legal rights or interests of third parties.'"  *Simel v. JP Morgan Chase*, No. 05 CV 9750 GBD, 2007 WL 809689, at *5 (S.D.N.Y. Mar. 19, 2007) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).  FLSA plaintiffs purporting to represent positions they never held rest their claims on exactly those third party rights.  *See, e.g., Simel*, 2007 WL 809689, at *5 (FLSA plaintiffs seeking to recover overtime wages for trainees lacked

standing to do so because they never alleged that they were trainees during the relevant time period).  That is precisely what Plaintiffs do by trying to represent managers outside the Deli and Bakery Departments, as well as Assistant Managers.  Because Plaintiffs lack standing to represent those positions, their collective claims should be dismissed.

4.   *Plaintiffs' collective definition requires this Court to exercise jurisdiction over Publix employees who have not lived or worked in Georgia during the relevant time.*

As explained above, this Court lacks personal jurisdiction over collective members whose FLSA overtime claims lack sufficient contacts with Georgia. Given the nature of the claims at issue, Publix associates who did not live or work in Georgia during the relevant time period by definition lack those contacts. Certifying a nationwide collective despite that power vacuum creates practical problems and violates Publix's due process rights.

If this Court certifies a nationwide collective, the majority of notice recipients will be Publix employees who work outside of Georgia, live outside of Georgia, receive wages from Publix outside of Georgia, and otherwise have no connection to this state.  That notice would tell them they have a right to join this case, but that is ultimately inaccurate because this Court could not exercise authority over Publix as to their claims.

Certifying a collective that includes plaintiffs with no place in this case not only creates practical problems—it also violates Publix's due process rights.  To exercise authority over a defendant as to a particular claim, due process requires that that claim relate to the defendant's in-forum conduct.  *See Bristol-Meyers Squibb Co. v. Superior Ct. of Cal., San Francisco*, 137 S. Ct. 1773, 1789 (2017).  As this motion makes clear, the claims of plaintiffs like Jovanovich Roberts do not relate to Publix's conduct in Georgia.  Certifying a nationwide collective when a large majority of those likely to receive court-sanctioned notice of suit fall beyond the Court's authority thus is improper.  *See, e.g., Roy*, 352 F. Supp. 3d at 61-63.

### C.      Plaintiffs Plead Only Conclusory Willfulness Allegations

Even if Plaintiffs state claims and offer an adequate class definition, they fail to offer any plausible factual allegations that Publix acted willfully.  They thus cannot pursue liquidated damages or a third year of liability.  *See Hernandez v. Anderson,* No. 5:14-CV-577-OC-39PRL, 2015 WL 3514483, at *6 (M.D. Fla. June 4, 2015) (explaining that the FLSA's three-year statute of limitations and liquidated damages are available only upon a showing of willfulness).

The FLSA contains a three-year statute of limitations for overtime claims arising out of willful violations.  29 U.S.C. § 255(a).  Employers commit willful violations if they knew or showed reckless disregard for whether their conduct

violated the FLSA. *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 128-29 (1985). To unlock the three year limitations period, then, FLSA complaints must "plead sufficient facts to make plausible" an allegation that the employer acted with knowledge or reckless disregard of FLSA violations. *Amponsah v. Directv, Inc.*, No. L:14-CV-3314-ODE, 2015 WL 11439085, at *4 (N.D. Ga. Apr. 15, 2015).

No qualifying allegation exists here. Plaintiffs conclude that Publix "deliberately misclassified Plaintiffs . . . to avoid paying Plaintiffs overtime" (Doc. 26 at 6); Publix "knew, or showed reckless disregard for whether[] the way it paid Plaintiffs . . . violated the FLSA" (*Id.* at 7); Publix's failure to pay overtime "was willful" (*Id.* at 11); and, finally, that Publix "willfully failed to pay overtime wages." (*Id.* at 12). None of those allegations contain a single fact, much less plausible facts, demonstrating that Publix knew or recklessly disregarded whether it violated the FLSA. Instead, they at best constitute "naked assertions devoid of factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Contrast Plaintiffs' willfulness conclusions with those in *Amponsah*. Plaintiffs there were technicians for companies that provided workforce solutions for DirectTV. *Amponsah*, 2015 WL 11439085, at *1. Their claims revolved around a central allegation—that DirectTV created the workforce supply companies so as

to avoid its FLSA obligations.  *Id.* at 1-2.  That core premise, said this Court, raised "the issue of willfulness above mere speculation."  *Id.*

This case contains no similar allegation.  Nothing about the factual allegations in the Second Amended Complaint plausibly suggest knowledge or reckless disregard by Publix.  Plaintiffs do plausibly allege that Publix classified them as exempt.  They plead that they were paid a salary.  They plead that they worked approximately 68 hours per week on average.  And they plead that they spent most of their time on production and customer service tasks such that "they often had to conduct their limited management tasks on their o[w]n time."  (Doc. 26 at 5).

Nothing, however, connects any of those allegations to Publix's knowledge. Nothing says that Publix classified Plaintiffs and other department managers as exempt knowing that doing so violated the FLSA.  Indeed, no factual allegations in the Complaint relate to Publix's knowledge at all.  At bottom, Plaintiffs "merely assert that [Publix's] conduct was willful."  *Mell v. GNC Corp.*, No. CIV.A. 10-945, 2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010).  Because that is not enough to survive a motion to dismiss, Plaintiffs should be limited to the default two-year limitations period under § 255(a).

### D.      Plaintiffs Should Not Be Allowed to Replead

Plaintiffs may respond to Publix's collective definition arguments by asking for leave to replead.  If they do, their request should be denied.

Rule 15 sets forth a liberal amendment policy.  *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) ("Leave to amend should be liberally granted when necessary in the interest of justice.").  But liberal does not mean unlimited. *See Lord v. Fairway Elec. Corp.*, 223 F. Supp. 2d 1270, 1275 (M.D. Fla. 2002).  Instead, courts in this circuit restrict amendment when plaintiffs have already had multiple chances to fix pleading deficiencies.  *Marchelletta v. Bergstrom*, No. 1:14-CV-02923-ELR, 2017 WL 5505301, at *1 (N.D. Ga. Feb. 15, 2017) ("Under Rule 15, motions for leave to amend . . . may be denied for . . . repeated failure to cure deficiencies by amendments previously allowed . . . ."); *Wilson v. WMC Mortg. Corp.*, No. 110-CV-00493-MHS-GGB, 2012 WL 13130235, at *3 (N.D. Ga. Feb. 15, 2012), *adopted by*, 2012 WL 13130236 (N.D. Ga. Mar. 22, 2012) (denying leave to amend because of undue delay and futility where Plaintiffs failed on multiple occasions to adequately clarify their claims and cure their pleading deficiencies).  Where, as here, a plaintiff has cast about aimlessly through three pleadings and several motions, denial, not leave, is the norm.  *See e.g.*, *Wilson*, 2012 WL 13130235, at *3.

Plaintiffs have amended their complaint twice already trying to fix problems with their collective definition, which is foundational to their claims on the whole. (*Compare* Doc. 1 at 8-9 *with* Doc. 4 at 8-9 *and* Doc. 26 at 8-9). They amended their motion for conditional certification for the same reason. (*Compare* Doc. 9 at 2 *with* Doc. 17 at 2-3). They also attempted to amend a motion for equitable tolling so that it too incorporated a new proposed collective definition, though they never actually moved to amend the tolling motion. (Doc. 21 at 1-2). All in all, Plaintiffs have offered no less than *six* proposed collective definitions, at times limiting the collective to Georgia, at others not including Assistant Department Managers, and at still others, including both managers and proposing a nationwide scope. (Doc. 1 at 8-9; Doc. 4 at 8-9; Doc 9 at 2; Doc. 17 at 2-3; Doc 21 at 1-2; and Doc. 26 at 8-9).

Even after all those chances, Plaintiffs' collective definition remains intrinsically incapable of allowing mass adjudication of claims. Allowing Plaintiffs yet another (Seventh? Eighth?) chance to get it right (1) likely will not result in a workable definition, and (2) allows amendment far beyond the bounds of what Rule 15 permits. *See Wilson*, 2012 WL 13130235, at *3.

## IV.  Conclusion

For these reasons, Publix's motion should be granted, Jovanovich Roberts dismissed, Plaintiffs' collective claims dismissed with prejudice, the claims of the remaining plaintiffs limited to the FLSA's two-year statute of limitations, and Plaintiffs' damages (if any) confined to un-liquidated back pay.

Date: December 6, 2019                    Respectfully submitted,

                                          SEYFARTH SHAW LLP

                                          By s/ Brett C. Bartlett
                                               Brett C. Bartlett
                                               Georgia Bar No. 040510
                                               Lennon B. Haas
                                               Georgia Bar No. 158533
                                               SEYFARTH SHAW LLP
                                               1075 Peachtree St. NE, Suite 2500
                                               Atlanta, Georgia 30309-3958
                                               Telephone: (404) 885-1500
                                               bbartlett@seyfarth.com
                                               lhaas@seyfarth.com

                                          COUNSEL    FOR    DEFENDANT
                                          PUBLIX SUPER MARKETS, INC.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated, | ) ) ) ) ) | CIVIL ACTION FILE NO. 1:19-CV-4466-LMM |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PUBLIX SUPER MARKETS, INC, | ) ) | |
| Defendants. | ) | |

**CERTIFICATE OF SERVICE**

I certify that on December 6, 2019, I electronically filed Defendant's Motion to Dismiss using the CM/ECF system, which will automatically send email notification of this filing to all counsel of record.

**LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this Motion to Dismiss has been prepared in Book Antiqua 13-point font as approved by Local Rule 5.1(B).

s/ Brett C. Bartlett
Counsel for Defendant