IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIX SUPER MARKETS, INC., <br><br> Defendant. | CIVIL ACTION FILE NO. 1:19-CV-4466-LMM |

**DEFENDANT'S MOTION TO TAKE NOTICE OF DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION**

Early this morning the Clerk's Office submitted Plaintiffs' Amended Motion for Conditional Certification (Doc. 17) to this Court for its consideration. Defendant Publix Super Markets, Inc. believes that submission was error and requests that this Court recognize December 20, 2019 as the deadline for Publix to respond to Plaintiffs' certification motion.

October 22, 2019 saw Plaintiffs' amend their motion for conditional certification (Doc. 17), and saw this Court set Publix's deadline to respond to that motion as "two weeks after the date it files an Answer (or otherwise responsive pleading) to the First Amended Complaint or Second Amended Complaint if leave

is granted." (Doc. 19). This Court ultimately allowed that second amendment (Doc. 25), which Plaintiffs filed, and thus served, *see* LR 5.1(A)(3), on November 22, 2019. (Doc. 26).

Publix had to respond to that second amended complaint "within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is longer." Fed. R. Civ. P. 15(a)(3) (setting amendment response deadlines "[u]nless the court orders otherwise," which this Court did not). Publix's deadline to respond to Plaintiffs' original pleading was December 2, 2019 because Publix waived service. (*See* Doc. 6). "14 days after service of the amended pleading," by contrast, fell on December 6, 2019. That date is later than the deadline to respond to the original pleading and thus controlled when Publix had to answer or otherwise respond.

Publix timely responded by moving to dismiss the Second Amended Complaint. Doc. 29 (filed December 6, 2019). Per this Court's earlier order (Doc. 19), then, Publix's deadline to respond to Plaintiffs' conditional certification motion falls on December 20, 2019.

Because the Clerk inadvertently submitted that motion for this Court's consideration on December 10, 2019, Publix requests this Court recognize the December 20, 2019 deadline and delay addressing Plaintiffs' amended motion for

conditional certification until at least that date.  A proposed order accompanies this motion.

Date: December 10, 2019　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP

　　　　　　　　　　　　　　　　　　By <u>s/ Brett C. Bartlett</u>
　　　　　　　　　　　　　　　　　　　　Brett C. Bartlett
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 040510
　　　　　　　　　　　　　　　　　　　　Lennon B. Haas
　　　　　　　　　　　　　　　　　　　　Georgia Bar No. 158533
　　　　　　　　　　　　　　　　　　　　SEYFARTH SHAW LLP
　　　　　　　　　　　　　　　　　　　　1075 Peachtree St. NE, Suite 2500
　　　　　　　　　　　　　　　　　　　　Atlanta, Georgia 30309-3958
　　　　　　　　　　　　　　　　　　　　Telephone: (404) 885-1500
　　　　　　　　　　　　　　　　　　　　bbartlett@seyfarth.com
　　　　　　　　　　　　　　　　　　　　lhaas@seyfarth.com

　　　　　　　　　　　　　　　　　　　　COUNSEL FOR DEFENDANT PUBLIX SUPER MARKETS, INC.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON; DANYLLE MCHARDY; GEORGE DE LA PAZ JR.; KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>1:19-CV-4466-LMM |

## CERTIFICATE OF SERVICE

I certify that on December 10, 2019, I electronically filed DEFENDANT'S MOTION TO TAKE NOTICE OF DEADLINE TO RESPOND TO PLAINTIFFS' MOTION FOR CONDITIONAL CERTIFICATION using the CM/ECF system, which will automatically send email notification of this filing to all counsel of record.

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this Motion to Take Notice has been prepared in Book Antiqua 13-point font as approved by Local Rule 5.1(B).

s/ Brett C. Bartlett
Counsel for Defendant