## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated, | ) ) ) ) ) | CIVIL ACTION FILE NO. 1:19-CV-4466-LMM |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PUBLIX SUPER MARKETS, INC., | ) ) | |
| Defendant. | ) | |

## <u>DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE</u>

Opposing extensions is unusual for Defendant Publix Super Markets, Inc. and the undersigned.  Circumstances like those presented here, however, require it.  Because Plaintiffs fail to justify their request, this Court should deny leave and disregard Plaintiffs' response to Publix's Motion to Dismiss.

## BACKGROUND

Publix moved to dismiss Plaintiffs' claims on December 6, 2019.  Two weeks later, on the same day their response was due, Plaintiffs asked Publix to agree not to oppose a two-week extension of their response deadline.  Publix without

hesitation agreed.  This Court then granted Plaintiffs' request for extension, setting their deadline to respond as Friday, January 3, 2020.  (Doc. 34).

That day came and went without a response (Plaintiffs never even reached out to Publix) from Plaintiffs.  Plaintiffs remained silent for the next two days, too. Still without any word from Plaintiffs, Publix's uncontested motion to dismiss was submitted for this Court's consideration on Monday, January 6, 2020.  Later that same day, Plaintiffs finally filed their response to Publix's motion to dismiss. Despite filing on January 6, 2020, Plaintiffs' certificate of service certified that they filed and served their response on January 3, 2020.  At no point did Plaintiffs seek Publix's consent to a second extension of their response deadline.

The next day, January 7, Plaintiffs' counsel Taft Foley called the undersigned.  Mr. Foley explained that his co-counsel, Arnold Lizana, was supposed to file Plaintiffs' response timely on January 3, but had not.  Mr. Foley also stated that Mr. Lizana had a family medical emergency on January 3, had been unable to file, and instead filed as soon as he could on January 6, following the weekend.  Mr. Foley also advised that Plaintiffs would likely file something related to their late filing.  Whatever that filing might be, Publix presumed that Plaintiffs would file it soon.

They didn't.  Three days passed before Plaintiffs moved for leave to file out of time.  They have since amended that motion.  (Doc. 37).

## ARGUMENT

Counsel for parties before this Court are "responsible for processing cases toward prompt and just resolutions."  (Doc. 3 at 8).  That includes adhering to deadlines.  (*See id.*)  "To that end . . . whether joint, unopposed, or designated as consent," motions for extension "will not be granted as a matter of course."  (*Id.*)  Instead, parties must "explain with specificity the unanticipated or unforeseen circumstances necessitating the extension."  (*Id.* at 9).

Plaintiffs' counsel have not upheld their responsibility to advance this case's prompt resolution, nor have they explained why they could not meet this Court's already-extended deadline.  Three competent attorneys represent Plaintiffs.[1]  Only one had a family emergency on January 3.  Yet not a single one of Plaintiffs' lawyers timely filed Plaintiffs' response to Publix's motion to dismiss.  In fact, none of Plaintiffs' lawyers even contacted Publix's attorneys on January 3, their filing deadline, or January 6, the day they actually filed.  Most importantly, their current

---

[1]  Publix understands that Dan Foty, the most recent addition to Plaintiffs' roster, will actually be withdrawing from the case, though he remains on the docket. Even so, Plaintiffs have at least two lawyers representing their interests.

motion for leave offers no explanation for any of that outside of Mr. Lizana's (but not Mr. Foley's) failure to file on January 3.

Publix and its attorneys without question sympathize with an opposing lawyer's family medical emergency. And, as mentioned above, neither Publix nor the undersigned tend to oppose extension requests made before an adverse party's deadline. Indeed, Publix had already agreed—without question—to a two-week extension of this very deadline.

Extension requests that come after an already extended deadline are a very different matter. Requests that then also fail to explain the delay in the first place occupy a place all their own. (*See* Doc. 3 at 9).

## CONCLUSION

Because Plaintiffs' fail to explain the circumstances necessitating their requested extension, their Amended Motion for Leave (Doc. 37) should be denied.

Date: January 13, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By s/ Brett C. Bartlett
    Brett C. Bartlett
    Georgia Bar No. 040510
    Lennon B. Haas
    Georgia Bar No. 158533
    SEYFARTH SHAW LLP
    1075 Peachtree St. NE, Suite 2500
    Atlanta, Georgia 30309-3958
    Telephone: (404) 885-1500
    bbartlett@seyfarth.com
    lhaas@seyfarth.com

    COUNSEL FOR DEFENDANT PUBLIX SUPER MARKETS, INC.

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| TAKIA WALTON; DANYLLE MCHARDY; GEORGE DE LA PAZ JR.; KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>PUBLIX SUPER MARKETS, INC., )<br><br>Defendants. ) | CIVIL ACTION FILE NO. 1:19-CV-4466-LMM |

## CERTIFICATE OF SERVICE

I certify that on January 13, 2020, I electronically filed Defendant's Opposition to Plaintiffs' Motion for Leave using the CM/ECF system, which will automatically send email notification of this filing to all counsel of record.

s/ Brett C. Bartlett
Counsel for Defendant

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this Motion to Take Notice has been prepared in Book Antiqua 13-point font as approved by Local Rule 5.1(B).

s/ Brett C. Bartlett
Counsel for Defendant