IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO. 1:19-CV-4466-LMM |

**DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

In aiming for a nationwide FLSA collective action, Plaintiffs' untimely response[1] to Publix Super Markets, Inc.'s Motion to Dismiss ignores constitutional bedrock: whether in federal or state court, and no matter the statute at issue, due process requires that a defendant have minimum contacts with the forum such that a court's exercise of authority over that defendant does not offend traditional notions of fair play and substantial justice. Because (1) Publix lacks those contacts

---

[1] As Publix made clear in its response to Plaintiffs' motion for leave to respond out of time, Plaintiffs' have offered insufficient justification for their untimely response brief. (*See* Doc. 38 at 3-4). That insufficiency violates this Court's standing order and justifies disregarding Plaintiffs' response to Publix's Motion to Dismiss.

with Georgia as to the claims of opt-in Plaintiff Jovanovich Roberts, and (2) FLSA opt-in plaintiffs are party plaintiffs who must establish jurisdiction, Roberts should be dismissed from this case.

What Publix lacks in minimum contacts, Plaintiffs lack in a coherent collective definition. Instead of clarity, they offer up six different definitions, including two in their operative pleading. (*See* Doc. 26 at 8-9). Compounding that inconsistency, and despite the requirement that a collective consist of all those "similarly situated," half of every collective that Plaintiffs propose stands in direct conflict with the other half. Icing that haphazard pleading cake are Plaintiffs' conclusory willfulness allegations that bar the third year of liability they seek to unlock. Hindered at every turn—by their own pleadings, and by undisputed facts—Plaintiffs and their collective claims should be dismissed.

## ARGUMENT

### A.  No Personal Jurisdiction Exists Over Publix As To Jovanovich Roberts' Claims

Plaintiffs insist that this Court has personal jurisdiction over Roberts and all other out-of-state opt-ins. (Doc. 35 at 3-12). That insistence rests on three insecure pillars. Plaintiffs first argue that courts need only have jurisdiction over named plaintiffs in FLSA collective actions. (*Id.* at 3-9). That's wrong. Rule 23 class actions, to which Plaintiffs analogize and where named plaintiffs control the

jurisdictional analysis, are *not* like collective proceedings under the FLSA. Opt-in plaintiffs in FLSA cases are party plaintiffs with the same status in relation to an action's claims as the named plaintiffs. Opt-ins, unlike unnamed members of Rule 23 classes, thus must prove that their claims connect to the defendant's forum contacts.

Plaintiffs also assert that "numerous courts" have refused to apply *Bristol-Myers* to collective actions, again ignoring the Rule 23 and collective action distinction. (*Id.* at 9). Plaintiffs lastly play a "this case is federal" card, but in doing so mischaracterize this Court's own decisions. (*Id.* at 11). None of Plaintiffs' arguments obviate a simple reality: this Court must have personal jurisdiction over Publix as to each plaintiff's claims. Because it lacks jurisdiction over opt-in plaintiffs like Roberts, those plaintiffs should be dismissed from this case.

> 1. *Plaintiffs conflate class actions under Rule 23 and FLSA collective actions*

Plaintiffs correctly note that this Court has personal jurisdiction over the named plaintiffs. (Doc. 35 at 4). From that, say Plaintiffs, flows jurisdiction over opt-in plaintiffs. (*Id.*). That may be true for unnamed members of Rule 23 classes, *see Sanchez v. Launch Tech. Workforce Sols, LLC*, 297 F. Supp. 3d 1360, 1369 (N.D. Ga. 2018), but it isn't for opt-ins in FLSA collectives.

As Publix noted in its Motion to Dismiss, FLSA opt-in plaintiffs are not unnamed Rule 23 class members. *Mickles v. Country Club Inc.*, 887 F.3d 1270, 1275-76 (11th Cir. 2018). An opt-in's party-plaintiff status comes with "the same status in relation to the claims of the lawsuit" as a named plaintiff. *Prickett v. DeKalb Cty.*, 349 F.3d 1294, 1297 (11th Cir. 2003). Unnamed Rule 23 class members, by contrast, are not subject to discovery, and have no appellate rights (unless they affirmatively object to the class or their inclusion in it), *Mickles*, 887 F.3d at 1279, unlike FLSA opt-ins who often find themselves sitting for depositions and can appeal adverse final orders. *Id.* Indeed, after opting in, "there is no statutory distinction between the roles or nomenclature assigned to the original and opt-in plaintiffs." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1104 (9th Cir. 2018) (citing *Mickles*, 887 F.3d at 1278); *see also Pettenato v. Beacon Health Options, Inc.*, No. 19-cv-1646, 2019 WL 5587335, at *9 (S.D.N.Y. Oct. 25, 2019) ("[A]n FLSA collective action is more comparable to the mass tort action in Bristol-Myers than to a Rule 23 class action."). Instead, individuals who opt into a collective action are party plaintiffs. *Prickett*, 349 F.3d at 1297.

Plaintiffs cite no cases holding that FLSA opt-ins are, for jurisdictional purposes, identical to unnamed class members.[2] Instead, they look to a bevy of out-of-circuit Rule 23 decisions and, without explanation, assert that they apply to FLSA collective actions. *See, e.g.*, *Day v. Air Methods Corp.*, No. Civ. A. 5:17-cv-183, 2017 WL 4781863 (E.D. Ken. Oct. 23, 2017); *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, No. 17-cv-564, 2017 WL 4224723, at *5 (N.D. Cal. September 22, 2017). They don't.

Again, unnamed Rule 23 class members bear little resemblance to opt-in plaintiffs in FLSA collectives. Even the cases Plaintiffs cite recognize that reality. *See, e.g.*, *Abraham v. St. Croix Renaissance Group*, 719 F.3d 270, 272 n.1 ("A mass action," like *Bristol-Myers*, "is more akin to" an FLSA collective "than it is to a class action.") (cited in Doc. 35 at 8).

If Plaintiffs believe that this case is a hybrid FLSA-Rule 23 action (*see* Doc. 35 at 11 ("This case concerns a collective action under the [FLSA] and a class action under Rule 23 . . . .")), they are wrong. This action purports to proceed only under 29 U.S.C. § 216(b), not Rule 23. (*See* Doc. 26). Plaintiffs' motion for conditional

---

[2] Plaintiffs cite eight cases (and discuss only one) that refused to apply *Bristol-Myers* to FLSA collectives. (*See* Doc. 35 at 12 n.1). All of those decisions lack persuasive value for the reasons given in Publix's Motion to Dismiss. (*See* Doc. 29 at 14-15).

certification reinforces that conclusion by arguing solely that putative collective members are similarly situated, and requesting certification under § 216(b), but not Rule 23. (*See* Doc. 17 at 1-2). Plaintiffs also never argue that common issues of law or fact predominate, that Plaintiffs adequately represent the class, or that any other certification requirement under Rule 23 is satisfied. (*Id.*). That's not surprising since this case simply isn't grounded in any way in Rule 23 or the procedural protections it offers to unnamed class members that justify the jurisdictional treatment those people receive.

> 2. *The greater weight of well-reasoned, persuasive authority applies* Bristol-Myers *to FLSA collectives*

To hear Plaintiffs tell it, "overwhelming authority," including cases from this Court, stands opposed to Defendant Publix Super Markets, Inc.'s personal jurisdiction arguments in this FLSA litigation. (Doc. 35 at 12). Reality paints a different picture. Far from overwhelming, Plaintiffs' authority is largely inapplicable, misconstrued, or both.[3]

Here again, Plaintiffs rely primarily on Rule 23 cases instead of FLSA decisions. (*See, e.g.*, Doc. 35 at 10). As discussed above, those decisions have little

---

[3] Publix, says Plaintiffs, "failed to disclose" this supposedly "overwhelming authority." (Doc. 35 at 9). Not so. In fact, Publix pointed this Court directly to several of the cases upon which Plaintiffs attempt to rely. (*See* Doc. 29 at 8, 14).

persuasive value in the FLSA context.  Even the cases Plaintiffs cite that refused to apply *Bristol-Myers* to FLSA collectives have fatal shortcomings, not the least of which is conflation of subject matter and personal jurisdiction.  (*See* Doc. 29 at 14).

Courts that apply *Bristol-Myers* to FLSA cases, by contrast, engage in the same personal jurisdiction analysis federal courts have long applied.[4]  They eschew reliance on the FLSA's purposes and Rule 23, likely because neither speaks to courts' authority over a defendant as to particular claims.  In doing so, they recognize that personal jurisdiction attaches via service of process for federal claims in federal court; that the FLSA has no nationwide service of process provision; that service of process thus establishes personal jurisdiction over defendants amenable to service under the forum state's laws (*see* Fed. R. Civ. P. 4(k)(1)(A));[5] and that due process creates a floor under which connections to a

---

[4] These courts number at least eight.  (*See* Doc. 29 at 14 n.4).  Plaintiffs' nine or so FLSA/*Bristol-Myers* decisions are certainly not numerically overwhelming by comparison.

[5] "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons.  This is because a federal district court's authority to assert personal jurisdiction in most cases is linked to service of process on a defendant 'who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.'"  *Walden v. Fiore*, 571 U.S. 277, 283 (2014) (internal citation omitted) (quoting Fed. R. Civ. P. 4(k)(1)(A)) (finding no personal jurisdiction over defendant in federal question case).  Federal statutes that contain nationwide service of process provisions escape state law-based jurisdictional restrictions.  *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104-05

forum are insufficient to trigger a court's authority. *See, e.g.*, *Pettenato*, 2019 WL 5587335, at *3-9. Following that analysis leads to one conclusion—the claims of opt-in plaintiffs like Roberts do not relate to Publix's Georgia conduct such that this Court can exercise authority over Publix. (*See* Doc. 29 at 12-13).

        3.    *Nothing about this Court's decisions or* Bristol-Myers *suggests its reasoning does not apply in federal court*

Plaintiffs also argue that *Bristol-Myers* does not apply in federal court and that this Court has already held as much. (Doc. 35 at 11). Neither contention holds water.

Twice this Court has held *Bristol-Myers* does not apply to unnamed, non-resident Rule 23 class members. *See Dennis v. IDT Corp.* 343 F. Supp. 3d 1363 (N.D. Ga. 2018) (May, J.) (Telephone Consumer Protection Act class action); *Sanchez*, 297 F. Supp. 3d at 1365 (Fair Credit Reporting Act class action). Neither decision involved the FLSA, and neither decision held, as Plaintiffs claim, that "*Bristol-Myers* does not apply to claims raised in federal court." (Doc. 35 at 11). Both *Sanchez* and *Dennis* did, however, largely employ the same analytical framework for personal jurisdiction that Publix advocates here.

---

(1987). Those, like the FLSA, that lack such a provision travel under Rule 4(k)(1)(A) and the familiar analysis deployed in *Walden*. *Walden*, 571 U.S. at 283.

*Dennis* in particular is instructive.  There, this Court recognized that mass actions, like an FLSA collective, do not "ensure . . . a unitary coherent claim" and thus afford no "unitary, coherent defense."  *Dennis*, 343 F. Supp. 3d at 1366.  The resulting individualization of claims and parties in a mass action renders blanket personal jurisdiction over a defendant unfair.  The same is true here, where Publix has already asserted defenses that would apply to some Plaintiffs and opt-in plaintiffs, but possibly not all, and where the claims themselves turn on individualized factual determinations (*i.e.*, did a given Department Manager actually engage in tasks that rendered her exempt from overtime regulations).  *Dennis* also focused on practical concerns in conducting personal jurisdiction analyses for unnamed class members, as well as a lack of federalism concerns when federal claims are litigated in federal courts.  *Id.* at 1366-67.  Those practical concerns don't exist here (where jurisdictional determinations turn only on where an opt-in plaintiff worked and was paid by Publix), and the personal jurisdiction analysis that applies when a federal statute lacks a nationwide service of process provision requires the same analysis as in cases like *Bristol-Myers*.  (*See* Doc. 29 at 12-13).

At bottom, Plaintiffs inappropriately broaden *Sanchez* and *Dennis*'s holdings—that *Bristol-Myers* does not apply in the Rule 23 class context—to sweep

in all actions in federal court. Neither that unwarranted expansion nor Plaintiffs' focus on Rule 23, however, can obscure what *Bristol-Myers* illuminated—the FLSA overtime claims of non-resident opt-in plaintiffs in no way arose out of Publix's Georgia contacts. This Court thus lacks jurisdiction over Publix as to those claims.

### B.     Plaintiffs' Fail To State A Claim

Plaintiffs arguments for preserving their collective claims also fail. First and foremost, no one knows who falls within the collective because Plaintiffs have provided at least six different definitions, including two within their operative pleading (itself their third try at a coherent complaint).[6] They cannot allege a proper collective when they cannot even settle on a proposed definition. Definitional inconsistencies aside, Plaintiffs' claims also fail because half of any collective they've proposed challenges a classification that half of its putative members, in fact, never held. Whether on summary judgment or in a motion to dismiss, that truth shines through. Even if Plaintiffs' claims survive more broadly, they should be limited to a two year statute of limitations because Plaintiffs include nothing but conclusory, not factual, allegations about willfulness.

---

[6] Notably, Plaintiffs failed to file a reply in support of their motion for conditional certification. If they had planned to clarify their collective definition—or to otherwise contest the many reasons for denying their conditional certification motion—in response to Publix's strong opposition, they did not do so.

1.  *No one knows who falls within the proposed collective, much less whether it is proper*

Plaintiffs' insist that their proposed "class definition only includes . . . 'department managers and assistant department managers,'" and that they only seek to represent those classified as exempt.[7] (Doc. 35 at 14). For those employees, say Plaintiffs, they stated claims. (*Id.* at 17). That cannot be true.

The Second Amended Complaint contradicts Plaintiffs' untimely response brief assertion about who they purport to "represent." At one point, it proposes a collective of all Department Managers and Assistant Managers. (Doc. 26 at 8). At another, it limits the definition to the Bakery and Deli Departments (excluding four other departments found in almost all Publix stores). (*Id.* at 9). Nothing in the Second Amended Complaint clarifies which definition should control. Without a coherent definition, Plaintiffs (and Publix, and this Court) don't know whose

---

[7] The idea that Plaintiffs can "represent" a "class" reveals yet again their blurring the class and collective action mechanisms. (Doc. 35 at 14). Plaintiffs in an FLSA collective action do not represent unnamed potential collective members. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240 (11th Cir. 2003). Unnamed potential members are not bound by cases in which they did not participate, and named FLSA plaintiffs may not pursue equitable tolling on their behalf. (*See* Doc. 28 at 3 (citing *Cameron-Grant*, 347 F.3d at 1240)). Most importantly, the relationship between named FLSA plaintiffs and opt-ins is not the same as that between Rule 23 named plaintiffs and unnamed class members whom the named plaintiffs in fact do represent.

claims they seek to pursue.  Without saying who a claim belongs to, Plaintiffs cannot state a claim.

>    2. *Half of any collective Plaintiffs have proposed cannot as a matter of law pursue the claims that Plaintiffs have brought*

Plaintiffs' inclusion of Assistant Managers in all six collective definitions they have proposed disproves Plaintiffs' claim that they only seek to represent those classified as exempt.  At no point during the relevant time period did Publix classify Assistant Managers as exempt.  (*See* Doc. 29 at 6 (citing Declaration of Erin King at ¶¶ 11-12)).[8]  Yet, Assistant Managers comprise half of the class Plaintiffs purport to define.  It cannot be true that Plaintiffs seek to litigate only claims by those classified as exempt, and also be the case that Plaintiffs seek to litigate on behalf of Assistant Managers.  Those two groups have zero overlap.  Most importantly, employees, like Publix's Assistant Managers, cannot pursue exempt misclassification claims if they were never qualified as exempt.

---

[8]   If this Court agrees with Plaintiffs that Publix's Motion to Dismiss inappropriately relies on extrinsic evidence, it should convert the motion to one for summary judgment (*see* Fed. R. Civ. P. 12(d)), and rule on the same timetable as it would for a motion to dismiss because the only relevant facts are already before this Court.

Because Plaintiffs' operative pleading contains multiple collective definitions, both of which preclude stating claims for one half of the collective, Plaintiffs collective allegations should be dismissed.

### 3. *Conclusions about Publix's alleged willfulness do not satisfy federal pleading standards*

To preserve their sought after third year of liability, Plaintiffs contend that merely alleging that they worked more than 40 hours per week and that Publix knew they worked that much suffices to show willfulness at the motion to dismiss stage. (*See* Doc. 35 at 22). Willfulness, however, relates to an employer's knowledge that its conduct violates the FLSA, not knowledge that an employee works more than 40 hours. *See Amponsah v. Directv, Inc.*, No. L:14-CV-3314-ODE, 2015 WL 11439085, at *4 (N.D. Ga. Apr. 15, 2015). It follows that alleging only that an employer knows that a plaintiff worked more than forty hours in a week falls short of adequately alleging willfulness. *See id.* Plaintiffs' factual allegations meet only that lesser threshold for willfulness.

Plaintiffs cite two cases that arguably require a lighter lift from willfulness allegations at the pleadings stage. (*See* Doc. 35 at 22 (citing *McCollim v. Allied Custom Homes, Inc.*, No. CIV. A. H-08-3754, 2009 WL 1098459, at *3 (S.D. Tex. Apr. 23, 2009), *and Burroughs v. MGC Servs., Inc.*, No. CIV. A. 08-1671, 2009 WL 959961,

at *5 (W.D. Pa. Apr. 7, 2009)).  Both offer almost no analysis.  Instead, they simply conclude that "Defendants acted willfully" suffices to hurdle a motion a dismiss.  *See, e.g.*, *McCollim*, 2009 WL 1098459, at *4.  That dearth of analysis cannot justify departing from *Amponsah* and other decisions requiring more than mere assertions that an employer's conduct was willful.  *See Mell v. GNC Corp.*, No. CIV.A. 10-945, 2010 WL 4668966, at *8 (W.D. Pa. Nov. 9, 2010).

## CONCLUSION

For these reasons, Publix's motion should be granted, Jovanovich Roberts dismissed, Plaintiffs' collective claims dismissed with prejudice, the claims of the remaining plaintiffs limited to the FLSA's two-year statute of limitations, and Plaintiffs' damages (if any) confined to un-liquidated back pay.

Date: January 21, 2020

Respectfully submitted,

SEYFARTH SHAW LLP

By: s/ Brett C. Bartlett
    Brett C. Bartlett
    Georgia Bar No. 040510
    Lennon B. Haas
    Georgia Bar No. 158533

1075 Peachtree St. NE, Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
bbartlett@seyfarth.com
lhaas@seyfarth.com

*COUNSEL FOR DEFENDANT PUBLIX SUPER MARKETS, INC.*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>    Defendants. | CIVIL ACTION FILE NO. 1:19-CV-4466-LMM |

## CERTIFICATE OF SERVICE

I certify that on January 21, 2020, I electronically filed Defendant's Reply In Support of Its Motion to Dismiss using the CM/ECF system, which will automatically send email notification of this filing to all counsel of record.

s/ Brett C. Bartlett<br>
Counsel for Defendant

## LOCAL RULE 7.1(D) CERTIFICATION

I certify that this Motion to Dismiss has been prepared in Book Antiqua 13-point font as approved by Local Rule 5.1(B).

s/ Brett C. Bartlett<br>
Counsel for Defendant

- 15 -