# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

LAURA CANADAY,                          )
                                        )
      Plaintiff,                   )
                                        )
v.                                      )          No. 1:19-cv-01084-STA-jay
                                        )
THE ANTHEM COMPANIES, INC.,             )
                                        )
      Defendant.                   )

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PARTIAL MOTION TO DISMISS

      Before the Court is Plaintiffs' Motion for Conditional Class Certification.  (ECF No. 36.)  Simultaneously before the Court is Defendant's partial Motion to Dismiss.  (ECF No. 52.)

      This Court referred the Motion for Conditional Class Certification to the United States Magistrate Judge, and the Magistrate Judge issued his Report and Recommendation.  (ECF No. 65.)  Plaintiff Canaday timely objected to the Report and Recommendation to which Defendant responded.  (ECF Nos. 66, 67.)  For the reasons set forth below, this Court **ADOPTS** the Report and Recommendation and **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion for Conditional Class Certification.

      Plaintiff responded in opposition to Defendant's Motion to Dismiss, (ECF No. 59) to which Defendant replied.  (ECF No. 60.)  For the reasons discussed below, this Court **GRANTS** Defendant's partial Motion to Dismiss.

BACKGROUND

The Magistrate Judge has reported the following background facts, which the Court hereby adopts as its own findings. Canaday and the putative plaintiffs work for Anthem and/or Anthem's subsidiaries. Anthem is incorporated in and has its principal place of business in Indiana. (ECF No. 1 at p. 2, ¶ 8.) Canaday and the putative plaintiffs are categorized as "Medical Management Nurses."[1] Canaday's primary responsibility is to conduct utilization/medical necessity reviews. (ECF No. 36-5 at p. 152–53, ¶¶ 5–6.) The type of utilization/medical necessity reviews conducted by Canaday and the other putative plaintiffs differs depending on their employment assignment. (ECF No. 54-4 at p. 398–99, ¶¶ 7–10.) For example, some Medical Management Nurses conduct inpatient reviews, some conduct outpatient reviews, and some conduct subacute reviews. (*Id.* at p. 388, 400–01, ¶¶ 7, 15,18.)

As part of such reviews, Medical Management Nurses apply standardized guidelines, standardized criteria, and Anthem's policies and procedures. (ECF No. 36-5 at p. 153, ¶ 7.) The type of guideline used by a Medical Management Nurses is based upon the type of review they are conducting. (ECF No. 53-4 at p. 401, ¶ 18.) For example, Medical Management Nurses apply Milliman's Care guidelines when reviewing inpatient procedures or conditions and InterQual guidelines when reviewing sub-acute services. (*Id.*)

Anthem acknowledges that, between October 10, 2016, and October 11, 2019, it employed

---

[1] Initially, Plaintiff sought to include Medical Management Nurses, Utilization Review Nurses, Nurse Reviewers, and Nurse Review Associates as putative members of the collective. However, Plaintiff agreed to limit the putative members to employees assigned to the "Medical Management Nurse job family." (ECF No. 57, at p. 457–58.)

2,575 people as Medical Management Nurses. (ECF No. 53-1 at p. 347–48, ¶¶ 4–7.) These Medical Management Nurses work across the country with "fewer than 100" working in Tennessee.[2] (*Id.* at ¶ 7.) Other than 100 nurses working in "Post Service Clinical Claim Review," all Medical Management Nurses are classified as exempt under the FLSA. (*Id.* at p. 347, ¶ 6.)

Canaday works from home in Tennessee. (ECF No. 36-5 at p. 152, ¶ 3.) Canaday asserts that although she works overtime hours, she does not receive overtime pay. (ECF No. 36-5 at p. 153, ¶¶ 12–13.) She also claims that "other Utilization Management Review Nurses" do not receive overtime pay. (*Id.* at p. 154, ¶ 15.) Canaday seeks conditional certification of "All persons who worked as Medical Management Nurses who were paid a salary and treated as exempt from overtime laws and were primarily responsible for performing medical necessity reviews for [Anthem] at any time since three years prior to filing this Complaint." (ECF No. 57 at p. 457–58.)

<u>STANDARDS OF REVIEW</u>

## I.     **Motion for Conditional Class Certification**

This Court reviews the Magistrate Judge's Report and Recommendation *de novo*. The Magistrate Judge may issue a report and recommendation for any dispositive motion. 28 U.S.C. § 636(b)(1)(B). The Court must "make a *de novo* determination of those portions of the report or

---

[2] Plaintiff's Motion for Conditional Class Certification includes the declarations of the following opt-in plaintiffs: Mary Bishop, who works out of her home in St. Louis, Missouri, and reports to Defendant's office in Chicago, Illinois; Jean Elmore, who works out of Defendant's office in Roanoke, Virginia; Latrice Gainey, who works out of her home in Conyers, Georgia, and reports to Defendant's office in Atlanta, Georgia; Kewanna Gordon, who works out of her home in Indianapolis, Indiana, and reports to Defendant's office in Ohio; Patrice LeFlore, who works out of her home in Atlanta, Georgia, and reports to Defendant's office in Atlanta, Georgia; Leah Maas, who works in Defendant's office in Atlanta, Georgia, and remotely from Kathleen, Georgia; Winifred Midkiff, who works out of her home in Chesapeake, Virginia, and reports to Defendant's office in Chesapeake, Virginia; and Janice Vialpando, who works out of her home in Virginia Beach, Virginia.

specific proposed findings or recommendations to which objection is made." § 636(b)(1)(C). After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the Magistrate Judge. *Id.* The Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Rather, the Court may simply adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. *Id.* at 151.

While the Court reviews the Magistrate Judge's recommendations on dispositive issues like certification and equitable tolling *de novo*, the Court reviews the Magistrate Judge's non-dispositive procedural recommendations on notice under a far more deferential standard. The Magistrate Judge's recommendations on the form of notice are non-dispositive matters subject to the clearly erroneous or contrary to law standard of review. Pursuant to 28 U.S.C. § 636(b), a district court shall apply a "clearly erroneous or contrary to law" standard of review to orders on "nondispositive" preliminary matters. *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)); *see also* 28 U.S.C. § 636(b)(1). Federal Rule Civil Procedure 72(a) states that a district judge "shall consider" objections to a magistrate judge's order on a non-dispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *Bell v. Int'l Broth. of Teamsters*, No. 96-3219, 1997 WL 103320, at*4 (6th Cir. Mar. 6, 1997).

"The clearly erroneous standard applies only to factual findings made by the Magistrate Judge, while legal conclusions will be reviewed under the more lenient contrary to law standard." *E.E.O.C. v. Burlington N. & Santa Fe Ry. Co.*, 621 F. Supp. 2d 603, 605 (W.D. Tenn. 2009)

4

(quotation omitted). "When examining legal conclusions under the contrary to law standard, the Court may overturn any conclusions of law which contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Doe v. Aramark Educ. Res., Inc.*, 206 F.R.D. 459, 461 (M.D. Tenn. 2002) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), aff'd, 19 F.3d 1432 (6th Cir. 1994) (internal quotation marks omitted)); *see also* 32 Am. Jur. 2d Federal Courts 143 (2008) ("A magistrate judge's order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure").

## II.    Motion to Dismiss for Lack of Personal Jurisdiction

When a defendant challenges personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), "[t]he plaintiff bears the burden of making a prima facie showing of the court's personal jurisdiction over the defendant." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). A plaintiff "can meet this burden by 'establishing with reasonable particularity sufficient contacts between [a defendant] and the forum state to support jurisdiction.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (quoting *Provident Nat'l Bank v. Cal. Fed. Sav. Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)).

<u>ANALYSIS</u>

## I.    Motion for Conditional Class Certification

The Magistrate Judge has recommended that the Court grant in part and deny in part Canaday's Motion for Certification. The Magistrate Judge reasoned that in applying the personal jurisdiction principles articulated in *Bristol-Myers Squibb Co. v. California*, 137 S.Ct. 1773 (2017), this Court does not have specific personal jurisdiction over any claims against Defendant made by out-of-state putative plaintiffs. The Magistrate Judge concluded that Plaintiff has met her

lenient burden at this stage in the case to show that she is similarly situated to the putative class she seeks to represent to the extent she seeks to conditionally certify a collective consisting of any individual who: (1) worked/works in Tennessee for the Anthem Companies, Inc. (or one of its subsidiaries) in the Medical Management Nurse Family, (2) was/is paid a salary, (3) was/is treated as exempt from overtime laws, (4) worked/works over forty (40) hours during an week, and (5) was/is primarily responsible for performing medical necessity reviews at any time since May 7, 2016. The Magistrate Judge therefore recommended that this Court issue an order:

1. conditionally certifying a collective action including- any individual who: (1) worked/works in Tennessee for the Anthem Companies, Inc. (or one of its subsidiaries) in the Medical Management Nurse Family, (2) was/is paid a salary, (3) was/is treated as exempt from overtime laws, (4) worked/works over forty (40) hours during an week, and (5) was/is primarily responsible for performing medical necessity reviews at any time since May 7, 2016;
2. requiring Anthem to disclose each putative plaintiff's: (1) name, (2) job title, (3) last known address, (4) last known personal email address, (5) dates of employment, and (6) location(s) of employment in an electronic and importable format within such time frame as determined by the Court;
3. requiring the parties to submit joint proposed notice or separate proposed notices, with support for their differing positions, for the Court's consideration within fourteen (14) days of the Court's order or such other deadline as the Court deems appropriate;
4. authorizing the notice via first-class mail and email only.

Plaintiff objected to the Magistrate Judge's Report and Recommendation, arguing that *Bristol-Myers* does not apply to collective actions under the FLSA. Plaintiff contends that the court need only look at the named Plaintiff for purposes of personal jurisdiction. Plaintiff also objected to the Magistrate Judge's denying the use of a reminder notice.

### A. Application of *Bristol-Myers*

As a threshold inquiry, the Court must first determine whether it may exercise personal jurisdiction over potential plaintiffs' claims. Defendant does not dispute that this court has

personal jurisdiction over claims by potential plaintiffs that work for Defendant in Tennessee. However, Defendant contends that pursuant to *Bristol-Myers Squibb Co. v. California*, 137 S.Ct. 1773, 1781 (2017), this Court does not have specific personal jurisdiction over the out-of-state putative plaintiffs' FLSA claims.[3]  *See Rafferty v. Denny's, Inc.*, No. 5:18-cv-2409, 2019 WL 2924998 at *7 (N.D. Ohio July 8, 2019); *Turner v. UtiliQuest, LLC*, No. 3:18-cv-00294 (M.D. Tenn. July 16, 2019); *Maclin v. Reliable Reports of Tex., Inc.*, 414 F. Supp. 3d 845, 850 (N.D. Ohio 2018); *Roy v. FedEx Ground Package Sys., Inc.*, 353 F. Supp. 3d 43, 62 (D. Mass. 2018). However, Plaintiff argues that *Bristol-Myers* is inapplicable to collective actions under the FLSA. *See Mason v. Lumber Liquidators, Inc.*, No. 17-CV-4780 (MKB) (RLM), 2019 WL 3940846 at *7, (E.D.N.Y. Aug. 19, 2019); *Garcia v. Peterson*, 319 F. Supp. 3d 863, 880 (S.D. Tex. 2018); *Hickman v. TL Transp., LLC*, 317 F. Supp. 3d 890, 899 n.2 (E.D. Pa. 2018); *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 5196780 at *2 (N.D. Cal. Nov. 10, 2017).

Specific jurisdiction arises from or is related to a defendant's contacts with the forum state. *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005).

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state. Second, *the cause of action must arise from the defendant's activities there*. Finally, the acts of defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Means v. United States Conf. Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016) (emphasis added) (quoting *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). "Failure to meet any one of the three prongs means that personal jurisdiction may not be invoked."

---

[3] There is no dispute that this Court does not have general jurisdiction over Defendant, as it is incorporated in and has its principal place of business in Indiana.

7

*Maclin*, 414 F. Supp. 3d at 849–50. In 2017, the Supreme Court of the United States decided *Bristol-Myers*, a consolidated products liability action brought pursuant to state law by individual plaintiffs, filed in California state court. The Court held that, regarding out-of-state plaintiffs, "specific jurisdiction is confined to adjudication of issues deriving from, or connect with, the very controversy that establishes jurisdiction. *Bristol-Myers*, 137 S.Ct. 1773, 1778 (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 546 U.S. 915, 918 (2011)). Therefore, the Court held that the Due Process Clause of the Fourteenth Amendment precluded California from exercising jurisdiction over nonresident plaintiffs' claims because the claims did not arise from the defendant's activity within California. *Bristol-Myers*, 137 S.Ct. at 1780–84. The Court explicitly left "open the question whether the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." *Id.* at 1783.

As illustrated by the parties' arguments, District Courts across the country are split on whether *Bristol-Myers* applies to FLSA collective actions. Some courts liken potential plaintiffs in an FLSA action to members of a class action, while others hold them more akin to individual plaintiffs and apply *Bristol-Myers*.

Courts that have declined to apply *Bristol-Myers* to FLSA collective actions reason that opt-in plaintiffs are more like members of a class action.[4] "Most district court cases since *Bristol-Myers* have held that that case does *not* apply in the federal class action context." *Turner v.*

---

[4] Plaintiff here states specific differences between FLSA collective members and individual mass tort litigants: (1) "the FLSA's 'similarly situated' standard is 'less stringent than Rule 20(a)'s requirement that claims arise out of the same action or occurrence for joinder to be proper[;]'" (2) FLSA opt-in plaintiffs may provide representative evidence at trial rather than engaging in individualized discovery and proof at trial; (3) mass tort plaintiffs must effectuate service of summons on defendants in order to bring a claim, rather than the consent-to-join form required for FLSA opt-in plaintiffs. (ECF No. 66 at p. 10.)

*Utiliquest, LLC*, No. 3:18-cv-00294, 2019 WL 7461197 (M.D. Tenn. July 16, 2019) (emphasis in original) (citing *Swinter Group, Inc. v. Service of Process Agents, Inc.*, No. 4:17-CV-2759, 2019 WL 266299, at * 2–3 (E.D. Mo. Jan. 18, 2019); *Leppert v. Champion Petfoods USA, Inc.*, No. 18 C 4347, 2019 WL 216616, at * 4 (N.D. Ill. Jan. 16, 2019)). These courts also reason that applying *Bristol-Myers* in these cases would "splinter most nationwide collective actions, trespass on the expressed intent of Congress, and greatly diminish the efficacy of FLSA collective actions as a means to vindicate employees' rights." *Swamy* 2017 WL 5196780 at *2.

On the other hand, courts that have applied *Bristol-Myers* to FLSA collective actions reason that opt-in plaintiffs are more like individual plaintiffs. These courts have reasoned that out-of-state opt-in plaintiffs in an FLSA collective action have even less of a connection to the forum than the out-of-state plaintiffs in the *Bristol-Myers* mass tort action. *See, e.g.*, *Maclin*, 414 F. Supp. 3d at 850. The Middle District of Tennessee recently joined the faction of District Courts that apply *Bristol-Myers* to FLSA collective actions. *Turner v. Utiliquest, LLC*, No. 3:18-cv-00294, 2019 WL 7461197 (M.D. Tenn. July 16, 2019). The court held that "FLSA collective actions are not the same as class actions" and that "opt-in" plaintiffs are more like individual plaintiffs than members of a Rule 23 certified class. *Id.* at *3. The court finds that this approach is correct.

Having reviewed the Magistrate Judge's report and recommendation *de novo* and Plaintiff's objections to the report, this court finds good cause to adopt the Magistrate Judge's recommendation to apply *Bristol-Myers*. Because Defendant is not subject to general jurisdiction in Tennessee, the exercise of personal jurisdiction in this case requires each opt-in plaintiff to demonstrate that her claim arose from or is sufficiently related to Defendant's conduct/activity

within Tennessee. The record does not demonstrate that any of the putative out-of-state plaintiffs'

wages were in any way related to Defendant's activities in Tennessee. This Court, thus, does not

have personal jurisdiction over any out-of-state potential plaintiffs. Therefore, this Court

**ADOPTS** the Magistrate Judge's recommendation and Plaintiff's Motion for Conditional

Certification is **DENIED IN PART** with respect to out-of-state potential plaintiffs.

### B. Conditional Certification of a Collective of Putative In-State Plaintiffs

The Court must now determine whether the named Plaintiff has shown that she is similarly

situated to the putative class of Tennessee plaintiffs she seeks to represent. Having reviewed the

Magistrate Judge's Report and Recommendation *de novo*, with no objection having been made to

this recommendation, the Court finds good cause to **GRANT IN PART** Plaintiff's Motion to

Conditionally Certify with respect to in-state putative plaintiffs. Canaday claims she and other

Medical Management Nurses were wrongfully classified as exempt under the FLSA and

wrongfully denied overtime payments. Plaintiff has discharged her lenient burden to show how

she is similarly situated to the other Anthem employees she seeks to represent. The named Plaintiff

as well as the opt-in Plaintiffs have shown through the pleadings and their supporting declarations

that their "claims are unified by common theories of [Anthem's] statutory violations." *Monroe*,

860 F.3d at 398.

Therefore, the Magistrate Judge's recommendation to certify conditionally the collective

action is **ADOPTED**, and Plaintiffs' Amended Motion to Certify is **GRANTED IN PART**. The

Court hereby certifies this case as a collective action with the putative class defined as follows:

> any individual who: (1) worked/works in Tennessee for the Anthem Companies, Inc. (or
> one of its subsidiaries) in the Medical Management Nurse Family, (2) was/is paid a salary,
> (3) was/is treated as exempt from overtime laws, (4) worked/works over forty (40) hours

during an week, and (5) was/is primarily responsible for performing medical necessity reviews at any time since May 7, 2016.

### C. Reminder Notice to Putative Class

Finally, this Court must address Plaintiff's objection regarding the reminder notice. The Magistrate Judge recommended that this Court decline to authorize a reminder notice, as it could be construed as encouraging putative plaintiffs to join this action. *See, e.g.*, *Davis v. Colonial Freight Systems, Inc.*, No. 3:16-CV-674-TRM-HBG, 2018 WL 2014548, at *3–4 (E.D. Tenn. Apr. 30, 2018). Plaintiff contends that because courts within the Sixth Circuit have allowed reminder notices, this recommendation is in error. However, this Court will employ a clearly erroneous standard of review for recommendations regarding notice. This Court finds that the Magistrate Judge's recommendation is not clearly erroneous, as reminder notices are duplicative and unnecessary. *See id.* Therefore, Plaintiff's objection on this point is overruled, and the Magistrate Judge's recommendation is **ADOPTED**.

### II. Motion to Dismiss

For the reasons discussed above, this Court **GRANTS** Defendant's partial Motion to Dismiss claims by out-of-state opt-in plaintiffs Latrice Gainey, Mary Bishop, and Patrice LeFlore.[5] This Court does not have personal jurisdiction over claims by out-of-state opt-in plaintiffs. In their Declarations, none of these opt-in plaintiffs establish that their claims claim arose from or are sufficiently related to Defendant's conduct/activity within Tennessee. Mary Bishop worked for Defendant out of her home in Saint Louis, Missouri, and reported to Defendant's office in Chicago, Illinois. (ECF No. 36-6 at p. 2.) Latrice Gainey worked for Defendant out of her home in Conyers,

---

[5] The Court limits its holding to the three out-of-state opt-in plaintiffs enumerated in Defendant's Motion to Dismiss.

Georgia, and reported to Defendant's office in Atlanta, GA. (ECF No. 36-6 at p. 8.) Patrice

LeFlore worked out of her home in Atlanta, Georiga, and reported to Defendant's office in Atlanta,

Georgia. (ECF No. 36-6 at p. 14.) Therefore, this Court does not have personal jurisdiction over

their claims. Defendant's Motion to Dismiss is **GRANTED** and claims by opt-in plaintiffs Latrice

Gainey, Mary Bishop, and Patrice LeFlore are **DISMISSED** without prejudice.

<u>CONCLUSION</u>

Plaintiff's Amended Motion to Certify is **GRANTED IN PART AND DENIED IN**

**PART**. The court hereby orders as follows:

(1) The court authorizes this case to proceed as a collective action of a putative class

defined as follows:

> Any individual who: (1) worked/works in Tennessee for the Anthem Companies, Inc. (or
> one of its subsidiaries) in the Medical Management Nurse Family, (2) was/is paid a salary,
> (3) was/is treated as exempt from overtime laws, (4) worked/works over forty (40) hours
> during an week, and (5) was/is primarily responsible for performing medical necessity
> reviews at any time since May 7, 2016;

(2) Defendant will disclose each putative plaintiff's (1) name, (2) job title, (3) last known

address, (4) last known personal email address, (5) dates of employment, and (6) location(s) of

employment in an electronic and importable format within 21 days of the entry of this order;

(3) Counsel for the parties are to confer and file a mutually acceptable notice, or in the

alternative separate proposals for the notice, with support for their differing positions, for the

Court's consideration within 14 days of the entry of this order;

(4) Once the Court has approved the form of the notice, the notice shall be mailed (at

Plaintiff's expense) via first-class mail and email to each putative plaintiff so each can assess their

claims on a timely basis as part of this litigation.

Further, Defendant's Motion to Dismiss is **GRANTED**, and claims by Plaintiffs Latrice Gainey, Mary Bishop, and Patrice LeFlore are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 3, 2020.