IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAKIA WALTON, DANYLLE
MCHARDY, GEORGE DE LA PAZ
JR., KEVIN JACOBS and FEIONA
DUPREE, *individually and on behalf
of all others similarly situated,*

    Plaintiffs,

v.

PUBLIX SUPERMARKETS, INC.,

    Defendant.

CIVIL ACTION NO.
1:19-CV-4466-LMM

## **ORDER**

This case comes before the Court on Plaintiffs' Amended Motion for Leave to File a Response to Defendant's Motion to Dismiss [37]. After due consideration, the Court enters the following Order:

### I. BACKGROUND

Plaintiffs ask the Court for leave to file an out-of-time response to Defendant Publix Supermarkets, Inc.'s ("Publix") Motion to Dismiss. Publix moved to dismiss Plaintiffs' claims on December 6, 2019. Dkt. No. [29]. The parties agreed that Publix would not oppose Plaintiffs' request for a two-week extension on its response deadline. Dkt. No. [38] at 1. The Court agreed to the extension and set the new response deadline to Friday, January 3, 2020. Dkt. No. [34].

Plaintiffs did not file their response until January 6, 2020, the business day after it was due and the day Publix's Motion to Dismiss was submitted to the Court. Dkt. No. [35]. Plaintiffs' counsel Mr. Foley called Publix's counsel the next day, January 7, and explained that his co-counsel Mr. Lizana had been unable to file the response due to a family medical emergency. Plaintiffs filed this Motion for Leave to File on January 10, 2020, Dkt. No. [36], and an Amended Motion for Leave on January 13, 2020. Dkt. No. [37]. Plaintiffs argue that since they filed a response on the business day after their response was due, "there was no substantial delay in responding and [Publix] will not be prejudiced by the granting of [their] motion [to file out of time]." Id. at 2.

Publix resists the Motion for Leave to File. Dkt. No. [38]. It argues that Plaintiffs' counsel "have not upheld their responsibility to advance this case's prompt resolution, nor have they explained why they could not meet this Court's already-extended deadline." Id. at 3. Publix points out that three attorneys represent Plaintiffs and that only one of them had a family emergency. Id.

The Court understands Publix's frustration with the late filing. It had already agreed to an extension, and Plaintiffs' counsel should have cooperated to ensure the filing was timely. However, a family medical emergency is an extenuating circumstance that justifies a delay in Plaintiffs' scheduled filing by one business day. A weekend's delay in the filing of Plaintiffs' response brief will not gravely prejudice Publix. The Eleventh Circuit's strong preference for resolving cases on the merits outweighs the small inconvenience to Publix. See

Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780 (11th Cir. 1993) ("We note that defaults are seen with disfavor because of the strong policy of determining cases on their merits." (citing Gulf Coast Fans, Inc. v. Midwest Elecs. Importers, Inc., 740 F.2d 1499, 1510 (11th Cir. 1984))).

## II. CONCLUSION

Based upon the foregoing, Plaintiff's Amended Motion for Leave to File Response [37] is **GRANTED**.

**IT IS SO ORDERED** this 14th day of February, 2020.

_____
Leigh Martin May
**United States District Judge**