IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| | ) | CIVIL ACTION FILE NO. |
| | ) | 1:19-CV-4466-LMM |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| PUBLIX SUPER MARKETS, INC., | ) ) | |
| Defendant. | ) | |

**DEFENDANT'S RESPONSE TO
PLAINTIFFS' STATEMENT OF OPPOSITION**

When Defendant Publix Super Markets, Inc. moved to dismiss Plaintiffs' third try at stating a Fair Labor Standards Act overtime misclassification claim, it did so in part because about half of Plaintiffs' proposed collective consisted of Assistant Department Managers never classified as exempt during the relevant time period. This Court ultimately refused to dismiss the collective claims, but only because the motion to dismiss context cabined what facts could be considered at that stage. (Doc. 51 at 14-15). Indeed, "the Court recognize[d] that the inclusion of assistant managers in the collective action definition may ultimately be dispositive of the collective claims." (*Id.* at 15). Rather than permitting what may

be a dead-in-the-water collective to proceed further, the Court directed Plaintiffs to explain whether they oppose Publix moving for summary judgment on the assistant manager issue on an expedited schedule. (*Id.*) Specifically, Plaintiffs' statement "shall include" why they oppose a summary judgment motion, and, if their "objections relate to the need for discovery," "a detailed statement of the discovery they are requesting and how long a discovery period would be necessary for these limited issues." (*Id.*) Plaintiffs filed a statement of opposition on April 24, 2020. (Doc. 53).

From their statement, Publix surmises that Plaintiffs do not believe Publix's motion to dismiss declaration, made under penalty of perjury, that no Assistant Department Managers were classified as exempt during the relevant time period. (*Id.* at 1). They do not explain any reason for their disbelief. Plaintiffs propose instead that this Court should permit them to test their belief by "permitting [them] . . . to conduct discovery and introduce evidence to refute [Publix's] claim that it paid all of its assistant managers hourly wages." (*Id.* at 2). It "would be inappropriate," Plaintiffs posit, for the parties to brief the issue on summary judgment before the Court permits them to do so. (*Id.*).

That Plaintiffs would claim they disbelieve Publix's declaration testimony and would demand an opportunity to take discovery is not surprising. Certainly

this Court foresaw it as a possibility, and therefore provided them an opportunity to explain *what* they wanted and *how* they might get it, requiring that they file a "detailed statement of the discovery they are requesting." (Doc. 51 at 15).

Plaintiffs' statement is far from "detailed." In it, they propose a "limited discovery period" of 14 days, during which they will "request written discovery." (Doc. 53 at 2). About what, they do not say. They propose that the Court should give Publix 14 days to respond to those requests, after which Plaintiffs say that within seven days of Publix's responses they would move to compel or move for more discovery. (*Id.*)

Rather than providing this Court with an economical roadmap for delving into issues that might incisively challenge the credibility of Publix's sworn declaration testimony about the hourly-pay classification of Assistant Department Managers, Plaintiffs conjure a scenario that could permit them a free-ranging goose-chase and the opportunity to contrive discovery disputes and motions practice to no real purpose, all within a compressed timeframe that imposes an undue burden on Publix. It is not hard to envision, for instance, that Plaintiffs would request payroll records and other data for every one of the thousands of Assistant Department Managers who worked within the putatively relevant time period (October 2016 to October 2019)—all ostensibly to be produced within 14

days—under the auspices of the desire to examine records for every pay period in hopes of finding an instance of salaried, instead of hourly, pay. It is foreseeable, as well, that if Publix were to decline to produce such voluminous records, then Plaintiffs would move to compel it to do so.

The fact is that Plaintiffs have no good faith reason to assert that Publix paid Assistant Department Managers as salaried, overtime-exempt employees during the period of time relevant to this litigation. If they have any evidence at all supporting their assertion, then they should produce it to Publix immediately, or to this Court, before they should be permitted to engage in any further time-killing and cost-consuming activity in this litigation. In a similar vein, Plaintiffs should not be allowed unlimited discovery, whether written or not, within a hyper-compressed timeframe. A free ranging search for documents and answers, all to occur in less than half the time provided under normal circumstances, places an undue burden on Publix.

Should this Court allow Plaintiffs to take discovery before Publix may file its motion for summary judgment, the discovery should be strictly limited to written interrogatories that are specifically tailored to test the veracity of Publix's declaration testimony filed in support of its dismissal motion as well as to explore any grounds that Plaintiffs have for the unjustified contention that Publix

classified Assistant Department Managers as exempt in the period at issue. While Publix believes that Plaintiffs' request for discovery should be denied because they did not comply with this Court's directive to file a "detailed statement" and because there is no good faith basis for Plaintiffs to contest Publix's testimony, if this Court permits discovery it would seem reasonable to permit the parties a total of five interrogatories and five requests for admission, all narrowly confined to these two tests—the veracity of Publix's declaration regarding Assistant Department Managers' classification and the basis, if any, for Plaintiffs' challenge to that truth. If the Court is inclined to permit discovery beyond the interrogatories and request for admission described above, Publix asks that it be allowed 30 days to respond rather than 14.

To recap: This Court should reject Plaintiffs' request for discovery. To the extent it allows any discovery to proceed, the discovery should be in writing, strictly limited, and mutual. Publix would also request that the Court set a briefing schedule for its summary judgment motion regarding the nonexempt classification of Assistant Department Managers from October 2016 to October 2019.

Date: May 8, 2020                                  Respectfully submitted,

                                                      SEYFARTH SHAW LLP

                                                     By s/ Brett C. Bartlett
                                                         Brett C. Bartlett
                                                         Georgia Bar No. 040510
                                                         Lennon B. Haas
                                                         Georgia Bar No. 158533
                                                         SEYFARTH SHAW LLP
                                                         1075 Peachtree St. NE, Suite 2500
                                                         Atlanta, Georgia 30309-3958
                                                         Telephone: (404) 885-1500
                                                         bbartlett@seyfarth.com
                                                         lhaas@seyfarth.com

                                                         COUNSEL FOR DEFENDANT
                                                         PUBLIX SUPER MARKETS, INC.

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:19-CV-4466-LMM |

## **LOCAL RULE 7.1(D) CERTIFICATION**

I certify that this Response to Plaintiffs' Statement of Opposition has been prepared in Book Antiqua 13-point font as approved by Local Rule 5.1(B).

s/ Brett C. Bartlett
Counsel for Defendant