IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS, and FEIONA DUPREE, individually and on behalf of all others similarly situation,<br><br>    Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS INC.,<br><br>    Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION NO.<br>:   1:19-CV-4466-LMM<br>:<br>:<br>:<br>: |

## **ORDER**

On April 10, 2020, the Court denied Defendant's Motion to Dismiss. Dkt. No. [51]. However, the Court recognized that it might be appropriate to permit Defendant to file a motion for partial summary judgment regarding Plaintiffs' proposed class definition on an expedited schedule. See id. After reviewing the parties' briefing [53; 55] on this matter, the Court directs the parties as follows:

1. Plaintiffs will have seven (7) days from the date of this Order to send written discovery to Defendant on the limited issue of whether the assistant managers were classified as exempt during the relevant period.

2. Defendant can then review the written discovery and confer with Plaintiff within seven (7) days on the following:

    a. How long Defendant needs to respond to the written discovery; and

    b. Whether Defendant will be making specific objections to the actual written discovery and whether the parties can work through those issues to resolution.

If the parties have any disputes after conferring on these issues, they should email them to Ms. Bryant for the Court's consideration.

3. If Plaintiffs seek additional discovery after they receive Defendant's responses to the written discovery, they will need to specifically identify what information they seek, how they wish to obtain it, and why the written discovery was not satisfactory.

4. Defendant asks for "mutual" discovery on this issue. Dkt. No. [55] at 5. It is unclear to the Court what discovery Defendant seeks on this limited, but Defendant can also submit written discovery requests on this limited issue to Plaintiffs. Such requests shall proceed under the same set of rules outlined above.

5. The Court is willing to enter a scheduling order for this process but finds it difficult to do so at this time without knowing how long it will realistically take to complete this limited discovery. The parties are directed to confer after they have received more information as to how long this process will likely take and submit a consent proposed scheduling order, if possible. If the parties are not able to agree on a

consent order, they are to file their proposed versions for the Court's consideration.

**IT IS SO ORDERED** this 15th day of May, 2020.

_____
**Leigh Martin May
United States District Judge**