IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS and FEIONA DUPREE, Each individually and on Behalf of ALL OTHERS SIMILARLY SITUATED<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPERMARKETS, INC.<br><br>Defendant. | Civil Action No.: 1:19-cv-4466 LMM<br><br>Jury Trial Demanded |

## PLAINTIFFS' UNOPPOSED MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT - COLLECTIVE ACTION AND MEMORANDUM OF LAW IN SUPPORT

COMES NOW Plaintiffs, by and through the undersigned counsel, respectfully move the Court, pursuant to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a Third Amended Complaint, a copy of which is attached hereto as Exhibit A. It re-pleads the individual and collective FLSA claim and clarifies the putative class.

This motion is unopposed. Accordingly, Plaintiffs file this motion seeking the Court's leave to amend, which should be granted for the reasons set forth below.

### ARGUMENT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave. The decision as to whether

1

or not to grant leave to amend a pleading is within the sound discretion of the district court, but this discretion is strictly circumscribed by the proviso that "leave shall be freely given when justice so requires." *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988). Therefore, a justifying reason must be apparent for denial of a motion to amend. *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The district court's discretion is not broad enough to permit denial absent a substantial reason to deny leave to amend. *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

There is good cause for filing the Third Amended Complaint since none of the factors that may militate against granting a motion to amend is present in this case. There has been no undue delay in Plaintiffs' request to amend and Plaintiffs are not seeking the amendment in bad faith or with a dilatory motive.

Plaintiffs only seek to clarify the scope of the putative class. The interests of justice and judicial economy will undoubtedly be served by having all allegations and relief sought clearly presented to the Court as set forth in Plaintiffs' proposed Third Amended Complaint. The amendments are narrowly tailored to reflect Plaintiffs' present understanding of the case and enable the action to more efficiently proceed on the merits.

Moreover, Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur involves assessing whether an amendment would result in additional discovery, cost, or preparation to defend against new facts or theories. *See, e.g., Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001); *Frontline Int'l v. Edelcar, Inc.*, 2011 WL 13209612, at *3 (M.D. Fla. Apr. 6, 2011). Defendant is already familiar with the facts supporting Plaintiffs'

proposed Third Amended Complaint, which are not substantively different from the facts described in Plaintiff's Second Amended Complaint. After conducting Court ordered discovery, Plaintiff's seek to remove the claims of Assistant Managers previously asserted in prior Complaints.

Accordingly, the interests of justice militate in favor of granting Plaintiffs' motion for leave to file the proposed Third Amended Complaint. The grant of this motion is particularly appropriate given the absence of any substantial reason to deny leave to amend and its benefits with respect to judicial economy. If the court grants Plaintiff's motion for leave to amend, Plaintiff will amend its pending Motion for Conditional Class Certification to ensure that the court has a consistent description of the putative class being considered for judicial notice.

## CONCLUSION

For the reasons identified above, Plaintiffs respectfully request that the Court grant this motion for leave to file the proposed Third Amended Complaint.

Dated July 15, 2020                         Respectfully submitted,

/s/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
T: 877-443-0999
F: 877-443-0999
alizana@attorneylizana.com

Taft L. Foley II
The Foley Law Firm
(*ADMITTED PRO HAC VICE*)
3003 South Loop West, Suite 108
Houston, Texas, 77002
T: (832) 778-8182;

3

F: (832) 778-8353
taft.foley@thefoleylawfirm.com
**ATTORNEYS FOR PLAINTIFFS**