## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

TAKIA WALTON, DANYLLE
MCHARDY, GEORGE DE LA PAZ
JR.,KEVIN JACOBS and FEIONA
DUPREE, Individually, and on Behalf
of ALL OTHERS SIMILARLY
SITUATED,

      Plaintiff,

      v.

PUBLIX SUPER MARKETS, INC.

      Defendant.

Civil Action File No.
1:19-cv-04466-LMM

### DEFENDANT'S ANSWER AND DEFENSES TO
### PLAINTIFFS' THIRD AMENDED COMPLAINT

Defendant Publix Super Markets, Inc., answers Plaintiffs' Third Amended

Complaint and sets forth its affirmative and other defenses as follows:

## I.  PRELIMINARY STATEMENTS

## COMPLAINT 1:

This is a collective action brought by Plaintiffs individually and on behalf of

all other misclassified Bakery and Deli Department Managers employed by

Defendant at any time within a three-year period preceding the filing of the

Original Complaint.

**ANSWER:**

Defendant admits that Plaintiffs purport to bring a collective action under the Fair Labor Standards Act to recover overtime compensation and other alleged damages.  Defendant denies any wrongdoing whatsoever, and denies that this case is suitable for collective treatment.  Defendant also denies that it misclassified any of the positions described in Paragraph 1 of the Third Amended Complaint, or that those positions were wrongly deprived of overtime wages.  Defendant denies any remaining allegations in Paragraph 1 of the Third Amended Complaint.

**COMPLAINT 2:**

Plaintiffs, each individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and all others similarly situated overtime compensation for all hours that Plaintiffs and all others similarly situated worked in excess of forty (40) per workweek.

**ANSWER:**

Defendant admits that Plaintiffs purport to bring a collective action under the FLSA to recover overtime compensation and other alleged damages. Defendant denies any wrongdoing whatsoever, and denies that this case is suitable for collective treatment. Defendant also denies that it misclassified any of the positions described in Paragraph 2 of the Third Amended Complaint, or that those positions were wrongly deprived of overtime wages. Defendant denies any remaining allegations in Paragraph 1 of the Third Amended Complaint.

## II.  JURISDICTION AND VENUE

**COMPLAINT 3:**

This Court has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

**ANSWER:**

Defendant admits the allegations in Paragraph 3 of the Third Amended Complaint.

**COMPLAINT 4:**

The acts complained of herein were committed and had their principal effect against Plaintiffs within the Atlanta Division of the Northern District of Georgia, who reside (and resided during their employment with Defendant) within this

District, performed services for and were employed by Defendant within this District during the period relevant to this Complaint, and received their paychecks from Defendant in this District; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

**ANSWER:**

Publix admits that venue is proper as to claims by plaintiffs who resided, worked in, and were paid by Publix in Georgia. Publix denies that venue is proper for claims brought by individuals who reside, work, and were paid by Publix outside of Georgia.

**COMPLAINT 5:**

Defendant is registered with the Georgia Secretary of State to transact business in Georgia, Defendant does business in this District, and a substantial part of the events alleged herein occurred in this District.

**ANSWER:**

Defendant admits that it is registered with the Georgia Secretary of State to transact business, and that it does business in this District. Defendant denies that a substantial part of the events alleged in the Complaint occurred in this District.

**COMPLAINT 6:**

One or more witnesses to the overtime violations alleged in this Complaint reside in this District.

**ANSWER:**

Defendant denies the allegations in Paragraph 8 of the Third Amended Complaint.

**COMPLAINT 7:**

On information and belief, some or all of the payroll records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

**ANSWER:**

Defendant denies the allegations in Paragraph 7 of the Third Amended Complaint.

## III.  THE PARTIES

**COMPLAINT 8:**

Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

**ANSWER:**

Defendant restates its answers to the preceding paragraphs as if set forth here. Defendant denies any implicit allegations in Paragraph 8 of the Third Amended Complaint.

**COMPLAINT 9:**

Plaintiff Takia Walton is an individual resident and domiciliary of the State of Georgia (Rockdale County). He was employed at multiple locations in the district by Defendant as a Bakery Department Manager.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about Walton's residence and domicile. Defendant admits that Walton worked at various times and locations in this district for Publix as a Bakery Department Manager. Defendant denies any remaining allegations in Paragraph 9 of the Third Amended Complaint.

**COMPLAINT 10:**

Plaintiff Danylle McHardy is an individual resident and domiciliary of the State of Georgia (Paulding County). She was employed at multiple locations in the district by Defendant as a Bakery Department Manager.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about McHardy's residence and domicile.  Defendant admits that McHardy worked at various times and locations in this district for Publix as a Bakery Department Manager.  Defendant denies any remaining allegations in Paragraph 10 of the Third Amended Complaint.

**COMPLAINT 11:**

Plaintiff George De La Paz Jr. is an individual resident and domiciliary of the State of Georgia (Douglas County). He was employed at multiple locations in the district by Defendant as a Deli Department Manager.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about De La Paz's residence and domicile.  Defendant admits that De La Paz worked at various times and locations in this district for Publix as a Deli Department Manager.  Defendant denies any remaining allegations in Paragraph 11 of the Third Amended Complaint.

**COMPLAINT 12:**

Plaintiff Kevin Jacobs is an individual resident and domiciliary of the State of Georgia (Clayton County). He was employed at multiple locations in the district as a Bakery Department Manager.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about Jacobs' residence and domicile. Defendant admits that Jacobs worked at various times and locations in this district for Publix as a Bakery Department Manager. Defendant denies any remaining allegations in Paragraph 12 of the Third Amended Complaint.

**COMPLAINT 13:**

Plaintiff Feiona Dupree is an individual resident and domiciliary of the State of Georgia (Clayton County). She was employed at multiple locations in the district by Defendant, and is currently employed as Deli Department Manager at Defendant's store in Fulton County. She has also worked for Defendant in the state of Florida and is familiar with its personnel practices nation-wide.

**ANSWER:**

Defendant lacks knowledge or information sufficient to form a belief about Dupree's residence and domicile. Defendant admits that Dupree worked at

various times and locations in this district for Publix as a Deli Department Manager.  Defendant denies any remaining allegations in Paragraph 13 of the Third Amended Complaint.

## COMPLAINT 14:

At all times material herein, Plaintiffs and those similarly situated have been entitled to the rights, protections and benefits provided under the FLSA.

## ANSWER:

Defendant admits that the FLSA provides certain Publix associates certain rights, protections, and benefits.  Defendant denies that it violated any of those rights or in any other way committed any wrongdoing.  Defendant denies any remaining allegations in Paragraph 14 of the Third Amended Complaint.

## COMPLAINT 15:

Defendant is a Florida corporation with a principal address of 3300 Publix Corporate Parkway, Lakeland, FL, 33811, providing grocery sales services to customers located in 187 stores throughout the state of Georgia, several of which are located in this District.

## ANSWER:

Defendant admits that it is a Florida corporation with its corporate headquarters at 3300 Publix Corporate Parkway, Lakeland, Florida, and admits

that it is a supermarket chain with 189 stores in Georgia, several of which are in this District.

## COMPLAINT 16:

Defendant employs no fewer than two hundred thousand (200,000) employees at 1,229 store locations in various Southeastern states, including Georgia, Florida, Alabama, South Carolina, Tennessee, North Carolina, and Virginia.

## ANSWER:

Defendant admits that, at the time of this filing, it employs over 200,000 people at 1,252 store locations in Alabama, Florida, Georgia, North and South Carolina, Tennessee, and Virginia.  Defendant denies any remaining allegations in Paragraph 16 of the Third Amended Complaint.

## COMPLAINT 17:

Defendant has employees that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce.

## ANSWER:

Defendant admits the allegations in Paragraph 17 of the Third Amended Complaint.

**COMPLAINT 18:**

Defendant's sales for the fiscal year ended December 29, 2018 were $36.1 billion.

**ANSWER:**

Defendant admits that retail sales in 2018 reached about $36.1 billion.

**COMPLAINT 19:**

Defendant has been served through its registered agent, Corporate Creations Network Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066.

**ANSWER:**

Defendant admits the allegations in Paragraph 19 of the Third Amended Complaint.

## IV.  FACTUAL ALLEGATIONS

**COMPLAINT 20:**

Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

**ANSWER:**

Defendant restates its answers to the preceding paragraphs as if set forth here.  Defendant denies any implicit allegations in Paragraph 20 of the Third Amended Complaint.

**COMPLAINT 21:**

At all relevant times herein, Defendant was/is the "employer" of Plaintiffs and similarly situated employees within the meaning of the FLSA.

**ANSWER:**

The allegations in Paragraph 21 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs were Defendant's employees. Defendant denies any remaining allegations in Paragraph 21 of the Third Amended Complaint.

**COMPLAINT 22:**

Plaintiffs were employed by Defendant as Bakery and Deli Department Managers at locations throughout the States of Georgia and Florida while misclassified as exempt management employees.

**ANSWER:**

The allegations in Paragraph 22 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Plaintiffs were Defendant's employees at Publix locations in Georgia and Florida.  Defendant denies that it misclassified the named

Plaintiffs as exempt management employees and denies any remaining allegations in Paragraph 22 of the Third Amended Complaint.

## COMPLAINT 23:

Plaintiffs' primary daily duties were essentially the same as the hourly-paid employees they were tasked with supervising. Like the hourly-paid employees, Bakery Department Managers spent most of their time mixing dough, baking bread and pastries, cashiering, slicing bread, packing bread, packing pastries and cookies, decorating baked goods, restocking products and supplies, cleaning work areas and equipment, pulling products, serving customers and assisting staff with the completion of their duties. These are not management functions.

## ANSWER:

Defendant denies the allegations in Paragraph 23 of the Third Amended Complaint.

## COMPLAINT 24:

Like the hourly-paid employees, the Deli Department Managers spent most of their work time making sandwiches, cutting lunch meat, unloading trucks, cooking, stocking the floors, restocking products and supplies, cleaning work areas and equipment, pulling products, serving customers and assisting staff with the completion of their duties. These are not management functions.

**ANSWER:**

Defendant denies the allegations in Paragraph 24 of the Third Amended Complaint.

**COMPLAINT 25:**

Less than 5% - 10% of Plaintiffs' actual job duties and work time included exempt management related activities.

**ANSWER:**

Defendant denies the allegations in Paragraph 25 of the Third Amended Complaint.

**COMPLAINT 26:**

Defendant knew, or should have known, that their employees are required to be paid for all compensable times throughout the workweek. See 29 C.F.R. §§ 553.221; 790.8; 785.19(a).

**ANSWER:**

The allegations in Paragraph 26 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it takes reasonable, good faith, steps to know, understand, and comply with the FLSA's requirements and Defendant's legal obligations under the Act.  Defendant denies the remaining allegations in Paragraph 26 of the Third Amended Complaint.

**COMPLAINT 27:**

Defendant knew, or should have known, that the FLSA, 29 U.S.C. §207, requires employers to compensate non-exempt employees who work in excess of 40 hours in a workweek at a rate of one and one-half times their regular rates of pay.

**ANSWER:**

The allegations in Paragraph 27 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that it takes reasonable, good faith, steps to know, understand, and comply with the FLSA's requirements and Defendant's legal obligations under the Act.  Defendant denies the remaining allegations in Paragraph 27 of the Third Amended Complaint.

**COMPLAINT 28:**

Despite this, Defendant failed to compensate Plaintiff, and all other similarly situated Deli Managers, Bakery Managers, for the overtime hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 28 of the Third Amended Complaint.

**COMPLAINT 29:**

Plaintiffs' limited exempt duties routinely fell by the waist side as Defendant placed greater importance on the completion of production and customer service type duties.

**ANSWER:**

Defendant denies the allegations in Paragraph 29 of the Third Amended Complaint.

**COMPLAINT 30:**

Considering the extensive weekly hours Plaintiffs worked (60 to 80 hours) and their low fixed salaries ($1,000 - $1,200 ), their effective hourly earnings were often less than the non-exempt employees they were tasked with supervising.

**ANSWER:**

Defendant denies the allegations in Paragraph 30 of the Third Amended Complaint.

**COMPLAINT 31:**

The relative relationship between Plaintiffs' weekly salaries and the hourly wages paid to other employees who performed mostly the same work, supports that Plaintiffs were misclassified and grossly underpaid.

**ANSWER:**

Defendant denies the allegations in Paragraph 31 of the Third Amended Complaint.

**COMPLAINT 32:**

Plaintiffs primary duties were not the performance of office or non-manual work directly related to the management or general business operations of the Defendant or the Defendant's customers.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of the Third Amended Complaint.

**COMPLAINT 33:**

Plaintiffs' primary duties did not include the exercise of discretion and independent judgment concerning matters of significance.

**ANSWER:**

Defendant denies the allegations in Paragraph 33 of the Third Amended Complaint.

**COMPLAINT 34:**

Accordingly, Plaintiffs should have been paid at an hourly non-exempt rate during the entire course of their employment with Publix, and were unequivocally entitled to overtime pay under the Fair Labor Standards Act.

**ANSWER:**

Defendant denies the allegations in Paragraph 34 of the Third Amended Complaint.

**COMPLAINT 35:**

Plaintiffs were misclassified as exempt managers for nearly their entire employment with Publix, and have never qualified for any of the exemptions that would excuse Defendant from compensating Plaintiffs and similarly situated employees at the proper overtime rate under federal law.

**ANSWER:**

Defendant denies the allegations in Paragraph 35 of the Third Amended Complaint.

**COMPLAINT 36:**

Under the Fair Labor Standards Act (FLSA), employers must pay employees overtime pay for hours worked in excess of forty (40) in a workweek. Said overtime compensation must be at least one and one-half times employees' regular rates of pay. Defendant deliberately misclassified Plaintiffs and similarly situated employees as exempt employees to avoid paying them overtime for hours they regularly worked beyond 40 hours a week.

**ANSWER:**

The allegations in Paragraph 36 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 36 of the Third Amended Complaint.

**COMPLAINT 37:**

Plaintiffs generally worked at least 12 hours per day - five days a week and at hourly rates ranging from $18.00 to $23.00 per hour. Some Plaintiffs worked additional hours on their days off conducting inventory and covering shifts for other employees.

**ANSWER:**

Defendant denies the allegations in Paragraph 37 of the Third Amended Complaint.

**COMPLAINT 38:**

It is estimated that during the final three years of the Plaintiffs' misclassified employment they worked an approximate average of 28 additional hours beyond 40 a week, for which they were not appropriately compensated at the rate of time and a half.

**ANSWER:**

Defendant denies the allegations in Paragraph 38 of the Third Amended Complaint.

**COMPLAINT 39:**

Defendant failed to pay the known Plaintiffs a combined average total of 30,576 hours of unpaid overtime from the last three years of their employment. Based on their average overtime pay rates and federal law, Defendant owes the known Plaintiffs $626,808 in unpaid overtime, plus liquidated damages in the same amount.

**ANSWER:**

Defendant denies the allegations in Paragraph 39 of the Third Amended Complaint.

**COMPLAINT 40:**

Defendant violated the FLSA by misclassifying Plaintiffs and similarly situated employees as exempt, and failing to pay them overtime for their hours worked beyond 40 a week.

**ANSWER:**

Defendant denies the allegations in Paragraph 40 of the Third Amended Complaint.

**COMPLAINT 41:**

Defendant recently acknowledged its misclassification of Plaintiffs by formally converting them to non-exempt hourly wage earners and requiring them to clock in and out of work every day.

**ANSWER:**

Defendant denies the allegations in Paragraph 41 of the Third Amended Complaint.

**COMPLAINT 42:**

Defendant knew of, but showed reckless disregard for its obligation to pay Plaintiff's and similarly situated employees at the proper rate for overtime hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 42 of the Third Amended Complaint.

## V. REPRESENTATIVE ACTION ALLEGATIONS

**COMPLAINT 43:**

Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

**ANSWER:**

Defendant restates its answers to the preceding paragraphs as if set forth here.   Defendant denies any implicit allegations in Paragraph 43 of the Third Amended Complaint.

**COMPLAINT 44:**

Plaintiffs bring their claims for relief for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were, are, or will be employed by Defendant as similarly situated Bakery and Deli Department management employees at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

      A.    Lawful overtime premiums for all hours worked for Defendant in excess of forty (40) hours in any week;

      B.    Liquidated damages; and

      C.    The costs of this action, including attorney's fees.

**ANSWER:**

Defendant admits that Plaintiffs purport to bring this FLSA case on their own behalf and on behalf of a proposed collective.   Defendant denies that

collective action treatment is appropriate, and denies any remaining allegations in Paragraph 44 of the Third Amended Complaint.

## COMPLAINT 45:

In conformity with the requirements of FLSA Section 16(b), Plaintiffs have or will file shortly Consents to Join this lawsuit.

## ANSWER:

Defendant admits that Plaintiffs have filed consents to join.  Defendant denies any remaining allegations in Paragraph 45 of the Third Amended Complaint.

## COMPLAINT 46:

The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint - Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

## ANSWER:

The allegations in Paragraph 46 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that Paragraph 46 of the Third Amended Complaint accurately characterizes how the statute of limitations applies to Plaintiffs' claims

and those of any individuals who may opt-in to this case.  Defendant denies any

remaining allegations in Paragraph 46 of the Third Amended Complaint.

## COMPLAINT 47:

The proposed class of opt-in plaintiffs in this case is defined as all persons

who meet the following requirements:

**All Bakery and Deli Department Managers, employed at Publix locations nationwide, who were misclassified as exempt employees and not paid overtime wages for overtime hours worked from three years preceding the filing of the Original Complaint to present.**

## ANSWER:

Defendant denies that ever misclassified Plaintiffs or otherwise violated

the FLSA.  Defendant denies any remaining allegations in Paragraph 47 of the

Third Amended Complaint.

## COMPLAINT 48:

The proposed FLSA class members who are Bakery and Deli Department

Managers are similarly situated in that they share these traits:

A.   They were misclassified by Defendant as exempt from the

minimum wage and overtime requirements of the FLSA.

B.   They performed the same or similar job duties;

      C.      Management was not their primary duty during the relevant time period;

      D.      They were paid salaries instead of hourly rates and overtime for the actual hours worked;

**ANSWER:**

Defendant denies the allegations in Paragraph 48 of the Third Amended Complaint.

**COMPLAINT 49:**

Plaintiffs are unable to state the exact number of the class but believe that the class is not less than three hundred (300) persons.

**ANSWER:**

Defendant denies the allegations in Paragraph 49 of the Third Amended Complaint.

**COMPLAINT 50:**

Defendant can readily identify the members of the Section 16(b) class, which encompasses all Publix Bakery and Deli departments Managers nation-wide, who were misclassified as exempt salaried employees, and were not paid at the proper overtime rate for hours worked more than forty (40) hours in any week.

**ANSWER:**

Defendant denies the allegations in Paragraph 50 of the Third Amended Complaint.

**COMPLAINT 51:**

Additionally, in April of 2019 the Deli and Bakery Department Managers were uniformly reclassified as hourly employees.

**ANSWER:**

Defendant admits that on March 31, 2019, it changed Plaintiffs' classification status from exempt to nonexempt for lawful, good faith reasons.  Defendant admits that it also changed the classification status of other Bakery and Deli Department Managers.  Defendant denies any remaining allegations in Paragraph 51 of the Third Amended Complaint.

**COMPLAINT 52:**

The names, telephone numbers, physical mailing addresses and email addresses of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail and email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as

possible, together with other documents and information descriptive of Plaintiffs'
FLSA claim.

**ANSWER:**

Defendant admits that it possesses contact information for its employees.
Defendant denies the remaining allegations in Paragraph 52 of the Third
Amended Complaint.

## VI. FIRST CLAIM FOR RELIEF

**COMPLAINT 53:**

Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as
though fully incorporated in this section.

**ANSWER:**

Defendant restates its answers to the preceding paragraphs as if set forth
here. Defendant denies any implicit allegations in Paragraph 53 of the Third
Amended Complaint.

**COMPLAINT 54:**

Plaintiffs assert this claim for damages and declaratory relief pursuant to
the FLSA.

**ANSWER:**

Defendant admits that Plaintiffs purport to bring claims under the FLSA.
Defendant denies that Plaintiffs are entitled to any relief of any kind. Defendant

denies any remaining allegations in Paragraph 54 of the Third Amended Complaint.

**COMPLAINT 55:**

At all relevant times, Defendant has been, and continues to be, Plaintiffs' "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:**

Defendant admits that Plaintiffs at various times worked as Defendant's employees.  Defendant denies any remaining allegations in Paragraph 55 of the Third Amended Complaint.

**COMPLAINT 56:**

At all relevant times, Defendant has been, and continues to be, an enterprise engaged in commerce within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:**

Defendant admits that it engages in interstate commerce.  Defendant denies any remaining allegations in Paragraph 56 of the Third Amended Complaint.

**COMPLAINT 57:**

29 U.S.C. §§ 206 and 207 require any enterprise engaged in commerce to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half times (1.5) regular wages for all hours worked over forty (40) hours in a week, unless an employee meets certain exemption

requirements of 29 U.S.C. § 213 and all accompanying Department of Labor regulations.

**ANSWER:**

The allegations in Paragraph 57 of the Third Amended Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Third Amended Complaint.

**COMPLAINT 58:**

Defendant uniformly misclassified its Bakery and Deli Department Managers as exempt from the overtime requirements of the FLSA.

**ANSWER:**

Defendant denies the allegations in Paragraph 58 of the Third Amended Complaint.

**COMPLAINT 59:**

Despite the entitlement of Plaintiffs to minimum wage and overtime payments under the FLSA, Defendant knowingly failed to pay Plaintiffs an overtime rate of one and one-half (1.5) times their regular rate of pay for all hours worked over forty (40) in each one-week period.

**ANSWER:**

Defendant denies the allegations in Paragraph 59 of the Third Amended Complaint.

**COMPLAINT 60:**

In many instances, Plaintiffs were not compensated at all for the hours they worked over forty (40).

**ANSWER:**

Defendant denies the allegations in Paragraph 60 of the Third Amended Complaint.

**COMPLAINT 61:**

Defendant's failure to pay Plaintiffs all minimum and overtime wages owed was willful.

**ANSWER:**

Defendant denies the allegations in Paragraph 61 of the Third Amended Complaint.

**COMPLAINT 62:**

By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of the Original Complaint.

**ANSWER:**

Defendant denies the allegations in Paragraph 62 of the Third Amended Complaint.

## VII.  SECOND CLAIM FOR RELIEF

**COMPLAINT 63:**

Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

**ANSWER:**

Defendant restates its answers to the preceding paragraphs as if set forth here.  Defendant denies any implicit allegations in Paragraph 63 of the Third Amended Complaint.

**COMPLAINT 64:**

Plaintiffs, each individually and on behalf of all others similarly situated, assert this claim for damages and declaratory relief pursuant to the FLSA.

**ANSWER:**

Defendant admits that Plaintiffs purport to assert claims on behalf of others they allege are similarly situated.  Defendant denies any remaining allegations in Paragraph 64 of the Third Amended Complaint.

**COMPLAINT 65:**

At all relevant times, Defendant has been, and continues to be, an "employer" of Plaintiffs and all those similarly situated within the meaning of the FLSA, 29 U.S.C. § 203.

**ANSWER:**

Defendant admits that Plaintiffs at various times worked as Defendant's employees.  Defendant denies any remaining allegations in Paragraph 65 of the Third Amended Complaint.

**COMPLAINT 66:**

At all Publix locations nationwide Defendant misclassified Deli and Bakery Department Manager Plaintiffs and all others similarly situated as exempt from the overtime requirements of the FLSA and failed to compensate them for overtime hours worked.

**ANSWER:**

Defendant denies the allegations in Paragraph 66 of the Third Amended Complaint.

**COMPLAINT 67:**

Despite the entitlement of Plaintiffs and those similarly situated to overtime payments under the FLSA, Defendant failed to pay Plaintiffs and all

those similarly situated an overtime rate of one and one-half (1.5) times their

regular rates of pay for all hours worked over forty (40) in each one-week period.

**ANSWER:**

Defendant denies the allegations in Paragraph 67 of the Third Amended

Complaint.

**COMPLAINT 68:**

Because these employees are similarly situated to Plaintiffs, and are owed

overtime compensation for the same reasons, the proposed collectives are

properly defined as follows:

> **All Bakery and Deli Department Managers, employed at Publix locations nationwide, who were misclassified as exempt employees and not paid overtime wages for overtime hours worked from three years preceding the filing of the Original Complaint to present.**

**ANSWER:**

Defendant denies the allegations in Paragraph 68 of the Third Amended

Complaint.

**COMPLAINT 69:**

Defendant knowingly and willfully failed to pay overtime wages to

Plaintiffs and to all others similarly situated.

**ANSWER:**

Defendant denies the allegations in Paragraph 69 of the Third Amended Complaint.

**COMPLAINT 70:**

By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of these claims.

**ANSWER:**

Defendant denies the allegations in Paragraph 70 of the Third Amended Complaint.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and answer herein and for declaratory relief and damages as follows:

A.    That Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

B.      A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 et seq.;

C.      Class certification and proper notice to putative class members affording them an opportunity participate in the lawsuit;

D.      Judgment for damages for all unpaid minimum wage, regular hourly pay, and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 et seq.;

E.      Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 et seq., in an amount equal to all unpaid minimum wages, regular rate pay and overtime compensation owed to Plaintiffs and similarly situated employees during the applicable statutory period;

F.      An order directing Defendant to pay Plaintiffs and members of the class pre-judgment interest, reasonable attorney's fees and all costs connected with this action; and

G.      Such other and further relief as this Court may deem necessary, just and proper.

**ANSWER:**

Defendant denies all allegations in Plaintiffs' Prayer for Relief and denies that Plaintiffs are entitled to any relief whatsoever.

## <u>DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES</u>

Defendant asserts the following affirmative and other defenses without assuming any burden of production or proof as to matters that, pursuant to law, are Plaintiffs' burden to prove.

### FIRST DEFENSE

Plaintiffs fail to state a claim upon which relief may be granted, either on their own behalf or on behalf of people they purport to represent, or to whom they are purportedly similarly situated.

### SECOND DEFENSE

Plaintiffs may not maintain this case as a collective action because they are not similarly situated under 29 U.S.C. § 216(b) to the people they purport to represent.  The Complaint contains no allegations that justify a collective action or issuance of notice pursuant to § 216(b).

### THIRD DEFENSE

Plaintiffs' claims, as well as those of the purported collective they seek to represent, are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH DEFENSE

Plaintiffs' claims, as well as the claims of any individuals they purport to represent or otherwise include in this lawsuit, fail because they are exempt from the FLSA's overtime requirements under the executive exemption, the

administrative exemption, or the combination exemption, pursuant to 29 U.S.C. § 213(a)(1).

## FIFTH DEFENSE

To the extent Plaintiffs seek to include as part of the proposed collective individuals who lived, worked for Defendant, and were paid by Defendant outside of Georgia, this Court lacks personal jurisdiction over Defendant as to those individuals' claims.

## SIXTH DEFENSE

Some or all of the claims asserted in Plaintiffs' Complaint are barred by the doctrines of waiver and release.

## SEVENTH DEFENSE

Defendant's acts or omissions complained of in the Complaint with respect to Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit, were done in good faith, in accordance with 29 U.S.C. § 260, because Defendant had reasonable grounds for believing that its acts or omissions, if any, were not a violation of any applicable laws.

## EIGHTH DEFENSE

Defendant's acts or omissions complained of in the Complaint with respect to Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit, were done in good faith, in accordance with 29 U.S.C. § 259, because they

were done in good faith and in reasonable reliance on a regulation, order, ruling, approval and interpretation of the U.S. Department of Labor, or an administrative practice or enforcement policy of the U.S. Department of Labor.

## NINTH DEFENSE

Plaintiffs, as well as any individuals they purport to include or represent in this lawsuit, are not entitled to any liquidated damages or penalties under the FLSA because, at all times relevant and material herein, Defendant did not willfully fail to comply with the compensation provisions of the FLSA, but rather acted in good faith and had reasonable grounds for believing that they did not violate the compensation provisions of the FLSA.

## TENTH DEFENSE

Plaintiffs' claims, as well as the claims of any individuals they purport to include or represent in this lawsuit, fail, in whole or in part, pursuant to the *de minimis* doctrine.  If, in fact, Plaintiffs, and any individuals they purport to represent or otherwise include in the lawsuit, were not properly compensated for any work in excess of 40 hours in a workweek, the uncompensated time is *de minimis* and is therefore not recoverable.

**ELEVENTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs or any purported collective action member they purport to include or represent in this lawsuit prevails, Defendant is entitled to a set-off with respect to any monies paid to such individual(s) for any hours when they were not performing work for Defendant.

**TWELFTH DEFENSE**

Further, and in the alternative if necessary, Defendant states that even if Plaintiffs or any purported collective action member they purport to include or represent in this lawsuit prevails, Defendant is entitled to a set-off for any amounts paid to them that they would not have been eligible for had they been classified as non-exempt employees.

**THIRTEENTH DEFENSE**

Subject to proof through discovery, some or all of Plaintiffs' claims, as well as the claims of the purported collective action members they purport to include or represent in this lawsuit, are barred by the doctrines of waiver and/or laches, or barred in whole or in part by the doctrines of res judicata, collateral estoppel, quasi-estoppel, or equitable estoppel.

## FOURTEENTH DEFENSE

Subject to proof through discovery, some or all of Plaintiffs' claims and the claims of those they purport to represent or otherwise include in this lawsuit are barred by the doctrine of unclean hands.

## RESERVATION OF RIGHTS

Defendant is continuing to investigate Plaintiffs' claims and allegations. The Court also has not decided whether Plaintiffs' lawsuit may proceed as a collective action. Defendant thus reserves the right to amend its pleading, including the foregoing affirmative and other defenses, depending on evidence discovered in the course of this litigation and depending on the circumstances of any person who later joins this litigation as a party-plaintiff, as a collective action member, or in any other capacity. Defendant reserves its right to raise additional defenses as may be discovered during the course of this litigation, or pursue any available counterclaims against Plaintiffs or the putative collective action members based on facts learned during this litigation.

**WHEREFORE**, Defendant respectfully requests that this Court enter judgment in its favor against Plaintiffs as follows:

1. Deny Plaintiffs' request for relief;

2. Dismiss the Complaint in its entirety on the merits;

3.  Grant to Defendant the costs and expenses of this action, including attorneys' fees; and

4.  Award Defendant such other and further relief as the Court may deem just and proper.

Date: July 27, 2020                          Respectfully submitted,

                                             SEYFARTH SHAW LLP

                                             By s/ Brett C. Bartlett
                                                 Brett C. Bartlett
                                                 Georgia Bar No. 040510
                                                 Lennon B. Haas
                                                 Georgia Bar No. 158533
                                                 SEYFARTH SHAW LLP
                                                 1075 Peachtree St. NE, Suite 2500
                                                 Atlanta, Georgia 30309-3958
                                                 Telephone: (404) 885-1500
                                                 bbartlett@seyfarth.com
                                                 lhaas@seyfarth.com

                                                 COUNSEL FOR DEFENDANT
                                                 PUBLIX SUPER MARKETS, INC.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this Answer has been prepared in Book Antiqua 13-point font as approved by Local Rule 5.1(B).

By:     _Brett C. Bartlett_____
        Brett C. Bartlett
        *Counsel for Defendant*