IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR.,KEVIN JACOBS and FEIONA DUPREE, Individually, and on Behalf of ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> PUBLIX SUPER MARKETS, INC. <br><br> Defendant. | Civil Action File No. 1:19-cv-04466-LMM |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.      **Description of Case:**

   **(a)  Describe briefly the nature of this action:**

   Plaintiffs litigate individual claims for allegedly due overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.

   **(b)  Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

   Plaintiffs' Position:

   Plaintiffs were misclassified as exempt managers for nearly their entire

employment with Publix, and have never qualified for any of the exemptions that would excuse Defendant from compensating Plaintiffs and similarly situated employees at the proper overtime rate under federal law.  Plaintiffs' primary daily duties were essentially the same as the hourly-paid employees they were tasked with supervising.  Like the hourly-paid employees, Bakery Department Managers spent most of their time mixing dough, baking bread and pastries, cashiering, slicing bread, packing bread, packing pastries and cookies, decorating baked goods, restocking products and supplies, cleaning work areas and equipment, pulling products, serving customers and assisting staff with the completion of their duties.  Like the hourly-paid employees, the Deli Department Managers spent most of their work time making sandwiches, cutting lunch meat, unloading trucks, cooking, stocking the floors, restocking products and supplies, cleaning work areas and equipment, pulling products, serving customers and assisting staff with the completion of their duties.  These are not management functions. Plaintiffs' limited exempt duties routinely fell by the waist side as Defendant placed greater importance on the completion of production and customer service type duties.  Less than 5% - 10% of Plaintiffs' actual job duties and work time included exempt management related activities.  Defendant knew, or should have known, that their employees are required to be paid for all work in excess of 40

hours in a workweek at a rate of one and one-half times their regular rates of pay.

Defendant's Position:

Before March 30, 2019, Publix classified Plaintiffs as Deli and Bakery Department Managers who were exempt from the FLSA's overtime pay requirements. (Doc. 29-1). Publix thereafter classified them as non-exempt and paid them overtime premiums when they worked more than 40 hours in a workweek. This means that Plaintiffs' complaint places at issue a period of time from October 3, 2017 through March 30, 2019, except in the unlikely circumstance that any of them can prove that Publix willfully violated the FLSA. In that unlikely circumstance, the period of time placed at issue would be October 3, 2016 to March 30, 2019.

As Deli and Bakery Department Managers, whose primary duty was the management of their departments, who had and exercised the authority to interview, and make recommendations about hiring, firing, and promotions, and who exercised discretion and judgment in their daily duties, and who were paid on a salary basis at a level in excess of the FLSA's minimum salary level thresholds for exempt employees, each Plaintiff was classified properly as exempt under the FLSA's executive, administrative, or combination exemptions. Given their important responsibilities and the fact that such managers are quintessential

managerial employees, Plaintiffs cannot establish that Publix willfully misclassified them.  Further, although Publix understands that they do not intend to pursue a collective action determination in this matter and instead will proceed individually, each on their own behalf, Plaintiffs would be unable, in any event, to establish a basis for such collective action determination.

   **(c)   The legal issues to be tried are as follows:**

Plaintiffs' Statement of Legal Issues:

   1.   Whether Publix can meet its burden of proving that Plaintiffs were exempt from the FLSA's overtime requirements between October 3, 2016 to March 30, 2019.

   2.   Whether Publix acted in good faith in misclassifying Plaintiffs as exempt between October 3, 2016 to March 30, 2019.

   3.   Whether Publix knowingly and willfully failed to pay overtime wages to Plaintiffs and to all others similarly situated.

Defendant's Statement of Legal Issues:

   1.   Whether Plaintiffs have proven that Publix misclassified each of them as exempt from the FLSA's overtime requirements during the relevant time period.

   2.   Whether this Court has personal jurisdiction over Publix as to the claims of any who worked for and were paid by Publix outside of Georgia.

3.      Whether Publix acted in good faith in classifying Plaintiffs as exempt before March 30, 2019.

4.      Whether Plaintiffs can prove the hours they claim they and those whom they claim to be similarly situated worked without proper pay.

5.      Whether any alleged violations of the FLSA by Publix were willful.

**(d) The cases listed below (include both style and action number) are:**

   **(1)  Pending Related Cases:** *Aiuto v. Publix Super Markets, Inc.*, No. 1:19-cv-04803-LMM (N.D. Ga.).

   **(2)  Previously Adjudicated Related Cases:** None.

**2.  This case is complex because it possesses one or more of the features listed below (please check):**

   _____   **(1)  Unusually large number of parties**

   _____   **(2)  Unusually large number of claims or defenses**

   _____   **(3)  Factual issues are exceptionally complex**

   _____   **(4)  Greater than normal volume of evidence**

   _____   **(5)  Extended discovery period is needed**

   _____   **(6)  Problems locating or preserving evidence**

   _____   **(7)  Pending parallel investigations or action by government**

   _____   **(8)  Multiple use of experts**

     \_\_\_\_\_     **(9)  Need for discovery outside United States boundaries**

     \_\_\_\_\_     **(10) Existence of highly technical issues and proof**

     \_\_\_\_\_     **(11) Unusually complex discovery of electronically stored information.**

**3.**     **Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

    **Plaintiffs:**

> Taft L. Foley II
> The Foley Law Firm
> Texas Bar No. 24039890
> 3003 South Loop West, Suite 108
> Houston, Texas 77054
> Telephone: (832) 778-8182
> Taft.Foley@thefoleylawfirm.com
>
> Arnold J. Lizana III
> Law Offices of Arnold J. Lizana III
> GA Bar No. 698758
> 1175 Peachtree Street NE, 10th Floor
> Atlanta, GA 30361
> Telephone: (877) 443-0999
> alizana@attorneylizana.com

**Defendant:**

> Brett C. Bartlett
> Lennon Haas
> SEYFARTH SHAW LLP
> 1075 Peachtree St. NE, Suite 2500
> Atlanta, Georgia 30309-3958
> Telephone: (404) 885-1500
> bbartlett@seyfarth.com
> lhaas@seyfarth.com

**4.      Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

Plaintiffs:

    __Yes           _X_ No

Defendant:

     _X_ Yes           ___ No

*If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.*

*Defendant's' Position Regarding Jurisdictional Question:*

Publix recognizes that that this Court has already ruled that it has personal jurisdiction over all who might opt-in to this case. Publix raises the issue here solely

to preserve its viability on any future appeal in this case.

This Court lacks jurisdiction over Publix as to claims by opt-in plaintiffs who neither worked for nor were paid by Publix in Georgia.  *See Bristol-Myers Squibb Co. v. Superior Ct. of Cali., San Francisco Cty.*, <u>137 S. Ct. 1773, 1781</u> (2017).

FLSA plaintiffs—of both the named and opt-in variety—have party plaintiff status and must prove that personal jurisdiction exists over a defendant as to each plaintiffs' claim.  *See Mickles v. Country Club Inc.*, <u>887 F.3d 1270, 1275-76</u> (11th Cir. 2018).  In a federal question case involving a statute like the FLSA that lacks a nationwide service of process provision, party plaintiffs must show that each claim arises out of or relates to the defendant's in-forum conduct.  *See* <u>Fed. R. Civ. P. 4(k)(1)</u>; *Bristol-Myers*, <u>137 S. Ct. at 1780</u>.  The claims of Plaintiffs who neither worked in nor were paid by Publix in Georgia lack that required connection.  Plaintiffs thus cannot prove personal jurisdiction over Publix as to those claims.

*Plaintiffs' Position Regarding Jurisdictional Question:*

Defendants filed a Motion to Dismiss claiming lack of personal jurisdiction that the court has already denied.  It has long been the law that for purposes of a collective action and class action, personal jurisdiction is determined by the named Plaintiff. That is, jurisdiction over the class members and opt-in plaintiffs is derivative of jurisdiction over the named plaintiff.  Here, there is no dispute that this Court has

personal jurisdiction over the named Plaintiffs. Indeed, Defendant readily concedes that this Court has personal jurisdiction over the named Plaintiffs.

Although Defendant has relied upon the Supreme Court's opinion in *Bristol-Myers*, numerous courts have held that *Bristol-Myers* is not applicable to class actions or collective actions and thus, does not apply to the facts of this case. *See, e.g., Dair v. Air Methods Corp.*, No. Civ. A. 5:17-cv-183, 2017 WL 4781863 (E.D. Ken. Oct. 23, 2017) (stating "the inquiry for personal jurisdiction lies with the named plaintiffs of the suit asserting their various claims against the defendants, not the unnamed proposed class members."); *Fitzhenry-Russell v. Dr. Pepper Snapple Group, Inc.*, No. Civ. A. 17-cv-00564 NC, 2017 WL 4224723 (N.D. Cal. Sept. 22, 2017) (holding the same). *Bristol-Myers* involved a personal injury case in state court; it was not a class action or collective action in federal court. The holding in *Bristol-Myers* does not apply to this case, which explains why the court denied Defendants' Motion to Dismiss.

**5.   Parties to This Action:**

**(a)   The following persons are necessary parties who have not been joined:**

There are no necessary parties that have not been joined.

**(b)   The following persons are improperly joined as parties:**

There are no improperly joined parties.

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

6.      Amendments to the Pleadings:

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in Local Rule 15.

(a)   List separately any amendments to the pleadings that the parties anticipate will be necessary:

The parties do not at this time anticipate that any amendments will be necessary, other than as set forth below.

(b)   Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

7.    **Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A (2).

*(a)   Motions to Compel*: before the close of discovery or, if longer, within fourteen (14) days after service of the disclosure or discovery response upon which the objection is based. Local Rule 37.1.

*(b)   Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. The party opposing the motion has twenty-one (21) days after service of the motion or a responsive pleading is due, whichever is later, in which to file a responsive pleading. Local Rule 56.1.

*(c)   Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d)   Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order

is submitted. Refer to Local Rule 7.2F.

**8.      Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

**Subject to the limitation below regarding Rule 26(a)(1)(A)(iii), the parties have no objection to initial disclosures and will exchange initial disclosures on or before:**

> Plaintiffs:          October 15, 2020

> Defendant:          October 15, 2020

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

> Plaintiffs:

Plaintiffs anticipate issues concerning the scope of relevant discovery, sources of ESI, and possible coordination of discovery with *Aiuto*.

Defendant:

This case involves more moving parts than most, particularly given the existence of *Aiuto v. Publix*, No. 1:19-cv-4803, which raises identical FLSA claims on behalf of many of the same Publix employees as this matter.  Publix anticipates issues concerning proportionality, the scope of relevant discovery, sources of ESI, and possible coordination of discovery with *Aiuto.*

**10.**   **Discovery Period: The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint, unless the parties consent to begin earlier. As stated in Local Rule 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four-months discovery period, and (c) eight-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The parties anticipate discovery concerning the allegations contained in Plaintiffs' Complaint, the defenses asserted in Defendant's Answer, and any other

matters relating to issues and witnesses identified through discovery or investigation.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

The parties contend that this case should be assigned to the normal four month discovery track.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

**(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

**(b)  Is any party seeking discovery of electronically stored information?**

  X  Yes                                _____No

**If "yes,"**

**(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the**

**scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have conferred regarding electronically stored information ("ESI"). The parties will continue to work together to identify and determine the sources of potentially relevant ESI, the measures to be taken to preserve that ESI, and, if produced in discovery, the format in which the ESI will be produced and any limitations regarding the scope of production.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12.     Other Orders:**

**What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?**

None at this time

13.     **Settlement Potential:**

**(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 11, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For Plaintiffs:** Lead counsel:

*/s/ Arnold Lizana*

**Other participants:** */s/ Taft Foley*

**For Defendant:** Lead counsel:   */s/ Lennon B. Haas*

**Other participants:** */s/ Rachael Reed*

**All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(x) A possibility of settlement before discovery.**

**(x) A possibility of settlement after discovery.**

**( ) A possibility of settlement, but a conference with the judge is needed.**

**( ) No possibility of settlement.**

**(b)   Counsel   (x)   do   or   ( )   do   not   intend   to   hold** additional settlement conferences among themselves prior to the close of discovery.

-16-

(c)   The following specific problems have created a hindrance to settlement of this case.

14.    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties do not consent to having this case tried before a magistrate judge of this Court.

Date: October 1, 2020                                Respectfully submitted,


*/s/ Arnold J. Lizana III*                            */s/ Brett C. Bartlett*
Arnold J. Lizana III                                  Brett C. Bartlett
Georgia Bar No. 698758                                Georgia Bar No. 040510
LAW OFFICES OF ARNOLD J. LIZANA III                   Lennon B. Haas
1175 Peachtree Street NE, 10th Floor                  Georgia Bar No. 158533
Atlanta, GA 30361                                     SEYFARTH SHAW LLP
Telephone: (877) 443-0999                             1075 Peachtree St. NE, Suite 2500
alizana@attorneylizana.com                            Atlanta, Georgia 30309-3958
                                                      Telephone: (404) 885-1500
Taft L. Foley II                                      bbartlett@seyfarth.com
Texas Bar No. 24039890                                lhaas@seyfarth.com
THE FOLEY LAW FIRM
3003 South Loop West, Suite 108                       Attorneys for Defendant
Houston, Texas 77054
Telephone: (832) 778-8182
Taft.Foley@thefoleylawfirm.com


Attorneys for Plaintiffs

\* \* \* \* \* \* \* \* \* \* \* \* \*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement and referral of case to trial before a magistrate judge are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this 5th day of October , 2020.

UNITED STATES DISTRICT JUDGE