IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAKIA WALTON, DANYLLE MCHARDY, GEORGE DE LA PAZ JR., KEVIN JACOBS; FEIONA DUPREE KRISTIE MCNAIR; and MICHAEL ADESIYAN,<br><br>Plaintiffs,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.,<br><br>Defendant. | CIVIL ACTION FILE NO.<br>1:19-CV-4466-LMM |

## ORDER AND STIPULATED JUDGMENT

This case is before the Court for consideration of the Parties' Joint Motion for Entry of Stipulated Judgment Approving FLSA Settlement Approval.

The Court reviews an FLSA settlement to ensure it is fair, adequate, and reasonable. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982) ("Other than a section 216(c) payment supervised by the Department of Labor, there is only one context in which compromises of FLSA back wage or liquidated damage claims may be allowed: a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and

employees, in a suit brought by the employees under the FLSA, is a fair and reasonable [resolution] of a bona fide dispute over FLSA provisions.").

Having reviewed the Joint Motion, Settlement Agreements, and General Releases executed by the parties resolving the named and opt-in Plaintiffs' FLSA claims asserted in this case (collectively the "Agreement"), the Court finds that the terms of the settlement, including the amount of attorney's fees, reflect a fair, adequate, and reasonable compromise of a bona fide dispute, and demonstrate a good-faith intention by the Parties to fully and finally resolve those claims.

With respect to the payment to the putative collective, based on the submissions of the Parties, the Court finds that the amount is fair, adequate, and reasonable. Defendant denied liability, denied Plaintiffs' claimed amount of overtime hours worked, opposed Plaintiffs' proposed damages calculation methodology, denied willfulness as to any FLSA violations under 29 U.S.C. § 255, and contended that it acted in good faith such that liquidated damages should not be assessed. Notwithstanding those denials, the gross settlement amount includes 100% of allegedly unpaid overtime, plus 75% liquidated damages. The agreed-upon settlement amount is the product of a good faith compromise between the Parties on disputed issues of law and fact reached through arm's length negotiations by experienced counsel.

Regarding the terms of settlement, the Court approves the settlement terms as reasonable. The Court further finds that the attorneys' fees and costs provided in the Agreement are reasonable. Plaintiffs' counsel have litigated this case successfully without any payment to date and took the risk of potentially no payment with an adverse result. An award of attorneys' fees is acceptable in these circumstances and is justified here.

The Court further approves the $1,500 payments to each of the named Plaintiffs in exchange for their separate General Release Agreement releasing non-FLSA claims, and finds that such payments are not prohibited by *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244 (11th Cir. 2020). That case involved a Rule 23 opt-out class action settlement which is distinguishable from a collective action settlement for individuals who had affirmatively opted in to join the litigation by filing signed consents. *See, e.g., Martinez v. Woodvalley Landscape*, No. 1:20-cv-04011-LMM, 2021 U.S. Dist. LEXIS 30908, at *5 n.1 (N.D. Ga. Feb. 17, 2021).

Therefore, the Parties' Joint Motion is **GRANTED**, the settlement of the Parties in the Settlement Agreement is **APPROVED**, and the terms of that Agreement are incorporated into this Order. This case is **DISMISSED WITH PREJUDICE**, except that the Court retains jurisdiction over this matter for the purposes of enforcing the terms of the Settlement Agreement. This Order shall

be deemed a final judgment and the Clerk of Court is **DIRECTED** to terminate this case.

**SO ORDERED** this 12th day of July, 2021.

_____
The Honorable Leigh Martin May
United States District Judge